FILED

2012 DEC 11  PM 2: 29

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

VIASAT, INC.,
VIASAT COMMUNICATIONS, INC., f/k/a
WILDBLUE COMMUNICATIONS, INC.,

        Plaintiffs,

        vs.

SPACE SYSTEMS/LORAL, INC.,
LORAL SPACE & COMMUNICATIONS
INC.,

        Defendants.

CASE NO. 3:12-cv-00260-H-WVG

**[PROPOSED] PROTECTIVE ORDER**

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive and regulatory reasons, normally kept confidential. The parties have agreed to be bound by the terms of this Protective Order ("Order") in the above-captioned action ("Action").

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1.     The term "Confidential Information" will mean and include information contained or disclosed in any materials, including without limitation documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2.     The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; computer source code; models and prototypes and other physical objects.

3.     The term "Counsel of Record" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff, employed at the law firms identified below:

-1-

2510789v1/013090

a.     For Plaintiffs: Quinn Emanuel Urquhart & Sullivan, LLP and Chapin Fitzgerald & Bottini LLP;

b.     For Defendants: Susman Godfrey L.L.P. and Vierra Magen Marcus & DeNiro LLP.

## GENERAL RULES

4.     Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" and/or "CONFIDENTIAL—PROSECUTION BAR" and/or "CONFIDENTIAL—COUNSEL ONLY" and/or "RESTRICTED CONFIDENTIAL" as follows:

a.     Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

b.     Designation as "CONFIDENTIAL—COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL—COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

c.     Designation as "CONFIDENTIAL—PROSECUTION BAR": Any party may designate information as "CONFIDENTIAL—PROSECUTION BAR" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, and is or describes engineering, research, development, or other technical material relating to

-2-

satellite communications systems proprietary to the designator or to third parties with whom the designator is under an obligation of confidentiality.

d.   Designation as "RESTRICTED CONFIDENTIAL": The parties recognize that certain sensitive material proprietary to Hughes Network Systems, LLC may be subject to discovery in this litigation. To protect the legitimate interests of Hughes Network Systems, LLC, a Producing Party may designate material the Producing Party in good faith believes contains such proprietary information "RESTRICTED CONFIDENTIAL."

5.   In addition to the confidentiality designations set forth above, a party shall further designate any materials or information that it believes to be subject to U.S. export control laws and regulations, including, without limitation, the U.S. Arms Export Control Act, as amended, the International Traffic in Arms Regulations (ITAR), as amended, the Export Administration Act, as amended, and the U.S. Export Administration Regulations, as amended, as "SENSITIVE—SUBJECT TO EXPORT CONTROL." Such materials and information shall be subject to the additional restrictions and procedures set forth in Paragraph 11.

6.   All   Confidential   Information   designated   as   "CONFIDENTIAL"   or "CONFIDENTIAL—COUNSEL ONLY" or "HIGHLY CONFIDENTIAL—PROSECUTION BAR" or "RESTRICTED CONFIDENTIAL" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

7.   In no event shall any individual receiving material designated "CONFIDENTIAL—PROSECUTION BAR" participate in the preparation and/or prosecution of any new or pending patent application, continuation, divisional, renewal, substitute, or convention application, or any portion thereof, whether in the United States or abroad, if the foregoing activities relate to satellite communication systems, nor shall any individual receiving material designated "CONFIDENTIAL—PROSECUTION BAR" participate in strategizing any of the foregoing activities ("Prosecution Bar").

-3-

This Prosecution Bar shall be in effect until the earlier of one year after this litigation is resolved and the right to any appeal by any party is exhausted or lapsed, or one year after the close of fact discovery. This Prosecution Bar shall not, however, prohibit attorneys of the law firm Quinn Emanuel Urquhart & Sullivan, LLP, from engaging in the foregoing activities in the course of their representation of clients not party to this action, so long as those clients are not business competitors with any party to this action, or with Hughes Network Systems, LLC, or with any Third Party that produces documents in this matter.

8.   For information designated "RESTRICTED CONFIDENTIAL":

   a.   Material so designated will receive the same treatment as material marked "CONFIDENTIAL—COUNSEL ONLY" except that the designated in-house counsel for each party (Mr. Robert Blair for the Plaintiffs and Ms. Michelle Kley for the Defendants) may access that material only for viewing and only in the offices of the Receiving Party's counsel of record identified above.

   b.   Any "RESTRICTED CONFIDENTIAL" designation of any material may be challenged or objected to according to the procedures in paragraph 17 below.

9.   Access to "CONFIDENTIAL" documents: Information and material marked "CONFIDENTIAL" may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraphs 9(a)-(k) and 10 below:

   a.   Counsel of Record;

   b.   Employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action, including supporting personnel employed or retained by the attorneys, such as paralegals, contract attorneys, photocopy, document imaging, and database services, legal translators, legal secretaries, legal clerks and shorthand reporters, and/or independent legal translators retained to translate in connection with this action, or independent

-4-

shorthand reporters retained to record and transcribe testimony in connection with this action;

c.    In-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action and have executed the form attached as Exhibit A;

d.    up to and including three (3) designated representatives of each of the parties to the extent reasonably necessary for the litigation of this Action, provided they have executed the form attached as Exhibit A, except that any party may in good faith request another party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld consent;

e.    outside consultants or experts, including jury consultants and mock jurors, (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) all outside consultants or experts, with the exception of mock jurors, comply with the requirements of paragraphs 7, 8, 9, 10, and 11; (2) such outside consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; and (3) disclosure to mock jurors comports with paragraphs 7, 8, 9, 10, and 11.

f.    independent litigation support services, including persons working for or as graphics or design services retained by counsel and reasonably necessary to assist counsel with the litigation of this action, provided that they have signed the form attached as Exhibit A;

- 5 -

g.     the Court and its personnel;

h.     persons who appear on the face of Confidential Information as the author, addressee, or recipient thereof;

i.     any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff, who have signed the form attached as Exhibit A;

j.     Court reporters and videographers employed in connection with this case; and

k.     Stenographic and clerical employees associated with the persons identified in subparagraphs (a) through (j) above.

10.     Access to information designated "CONFIDENTIAL—COUNSEL ONLY," and for information designated "CONFIDENTIAL—PROSECUTION BAR" or "HIGHLY CONFIDENTIAL—SOURCE CODE": access to, and disclosure of, such material shall be limited to individuals listed in subparagraphs (a) through (b) and (e) through (j), and tenographic and clerical employees associated with the persons identified in subparagraphs (a) through (b) and (e) through (j), in paragraph 9 above. However, the right of any independent expert or consultant to receive any "CONFIDENTIAL—COUNSEL ONLY" and/or "CONFIDENTIAL—PROSECUTION BAR" information will be subject to the advance approval of such expert or consultant by the producing party or by permission of the Court. The party seeking approval of an independent expert or consultant must provide the producing party with: (1) the full name of the Expert, his or her citizenship, and the city and state of his or her primary residence, (2) a copy of the Expert's current resume, (3) a list of the Expert's current employers, (4) a list of each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the Expert has provided professional services at any time during the preceding five years, (5) a list (by name and number of case, filing date, and location of the court or other body) of any dispute resolution proceeding in connection with which the Expert provided any professional service during the preceding five years, (6) curriculum vitae of the proposed

- 6-

2510789v1/013090

independent expert, and (7) an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the producing party to the Expert.

    a.    Any objection by the producing party to an independent Expert receiving Confidential Information must be made in writing within fourteen (14) days following receipt of the identification of the proposed Expert. Confidential Information may be disclosed to an independent Expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent Experts must not be unreasonably withheld. Further, the receiving party may host "CONFIDENTIAL—COUNSEL ONLY" material and/or "CONFIDENTIAL—PROSECUTION BAR" material only on either: (1) any system inside the firewall of a firm representing the receiving party, or (2) a system of a professional ESI Vendor retained by Counsel of Record of the receiving party. "CONFIDENTIAL—COUNSEL ONLY" material and "CONFIDENTIAL—PROSECUTION BAR" material and "HIGHLY CONFIDENTIAL—SOURCE CODE": material also shall not be sent or transmitted to any person, location, or vendor outside of the United States except to Counsel of Record and outside consultants or experts designated in subparagraphs 9(e) and paragraph 10 above. To the extent any "CONFIDENTIAL—COUNSEL ONLY" material or "CONFIDENTIAL—PROSECUTION BAR" material is sent or transmitted from or to authorized recipients outside of the receiving party's Outside Counsel's office, or outside of the ESI Vendor's system, the transmission shall be by hand (and encrypted if in electronic format), by a secure transport carrier (e.g., Federal Express), or by encrypted means.

    b.    Additionally, Mr. Robert Blair for the Plaintiffs, and Ms. Michelle Kley for the Defendants, may access material designated "CONFIDENTIAL—COUNSEL ONLY" or "CONFIDENTIAL—PROSECUTION BAR" provided they

-7-

2510789v1/013090

execute a copy of the form attached as Exhibit A in advance of receiving material designated "CONFIDENTIAL—COUNSEL ONLY" or "CONFIDENTIAL—PROSECUTION BAR". Access to such information shall be limited according to the provisions set forth in paragraph 10.

11.    In addition to any confidentiality designation, information additionally designated "SENSITIVE—SUBJECT TO EXPORT CONTROL" shall not be disclosed to any person other than those persons identified in paragraphs 9 and 10 (as applicable, depending on the relevant confidentiality designation) who are also U.S. Persons as defined by the U.S. export control laws and regulations. Further:

a.    Each party or person who receives materials or information designated as "SENSITIVE—SUBJECT TO EXPORT CONTROL" shall become familiar with U.S. export control laws and regulations, including, but not limited to, the U.S. Arms Export Control Act, as amended, 22 U.S.C. § 2751-2799, the International Traffic in Arms Regulations, as amended, 22 C.F.R. §§ 120-130, the Export Administration Act, as amended, 50 U.S.C. §§ 2401-2420, and the U.S. Export Administration Regulations, as amended, 15 C.F.R. § 730 et seq., and shall adhere to all U.S. export control laws and regulations and requirements specified in those laws, rules, and regulations.

b.    If materials or information designated "SENSITIVE—SUBJECT TO EXPORT CONTROL" are stored on a server, access to the server shall be password protected, access to the server shall be limited to those persons identified in Paragraph 11(a), and the server shall be maintained by only U.S. Persons as defined by the U.S. export control laws and regulations.

12.    With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL—COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

- 8-

2510789v1/013090

13.     Whenever a deposition taken on behalf of any party or a hearing involves a disclosure of Confidential Information of any party:

    a.    the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings. A party will have until thirty (30) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL," "CONFIDENTIAL—COUNSEL ONLY," and/or "CONFIDENTIAL—PROSECUTION BAR", and/or "SENSITIVE—SUBJECT TO EXPORT CONTROL."

    b.    until expiration of the 30-day period described in subparagraph (a) above, the entire deposition or hearing transcript shall be treated as though marked "CONFIDENTIAL—COUNSEL ONLY" and "CONFIDENTIAL—PROSECUTION BAR" and "SENSITIVE—SUBJECT TO EXPORT CONTROL," unless a different confidentiality level is requested at the time of the deposition by the party whose designated material is at issue and such request is agreed to by the producing party;

    c.    the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person except for the deponent, counsel, counsel's staff and associates, the court reporter, and the person(s) agreed upon pursuant to Paragraphs 8, 9, 10 and 11 (as applicable); and

    d.    the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL," or "CONFIDENTIAL—COUNSEL ONLY," and/or "CONFIDENTIAL—PROSECUTION BAR", and/or

-9-

2510789v1/013090

"SENSITIVE—SUBJECT TO EXPORT CONTROL," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

14.     Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as "CONFIDENTIAL," "CONFIDENTIAL—COUNSEL ONLY," and/or "CONFIDENTIAL—PROSECUTION BAR", and/or "SENSITIVE—SUBJECT TO EXPORT CONTROL," and/or "HIGHLY CONFIDENTIAL—SOURCE CODE" are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

15.     Source Code Protection:

a.      To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL—SOURCE CODE" only if it comprises or includes confidential, proprietary or trade secret source code.

b.      Protected Material designated as "HIGHLY CONFIDENTIAL—SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL—COUNSEL ONLY" information and "CONFIDENTIAL—PROSECUTION BAR" material, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL—COUNSEL ONLY" information may be disclosed.

c.      Any source code produced in discovery shall be made available for inspection in native and commented form, organized in native directory structure as kept in the ordinary course, along with build files used to compile the code. Source code produced in discovery shall be made available during normal business hours or at other mutually agreeable times, at an office of the Producing

- 10-

2510789v1/013090

1    Party's counsel of record as designated above, or another mutually agreed

2    upon location. The source code shall be made available for inspection on a

3    secured computer in a secured room without Internet access or network access

4    to other computers, and the Receiving Party shall not copy, remove, or

5    otherwise transfer any portion of the source code onto any recordable media or

6    recordable device. The Producing Party must install on the secured computer a

7    source code text editor and other reasonable search tools of the Receiving

8    Party's choosing, provided the Receiving Party procures a license and provides

9    the text editor and other reasonable search tools in a form by which the

10   Producing Party can install it on the inspection computer at least one business

11   day in advance of the first date for desired inspection. The Producing Party

12   may visually monitor the activities of the Receiving Party's representatives

13   during any source code review, but only to ensure that there is no unauthorized

14   recording, copying, or transmission of the source code. The Producing Party

15   shall provide a separate nearby breakout room with internet access for the

16   Receiving Party's use during source code review, provided that the Receiving

17   Party abides by the conditions set forth in this paragraph above.

18   d.   The Receiving Party may request paper copies of limited portions of source

19   code that are reasonably necessary for the preparation of court filings,

20   pleadings, expert reports, or other papers, or for deposition or trial, but shall

21   not request paper copies for the purpose of reviewing the source code other

22   than electronically as set forth in subparagraph (c) above in the first instance.

23   The Producing Party shall provide all such source code in paper form,

24   including bates numbers and the label "HIGHLY CONFIDENTIAL—

25   SOURCE CODE" within three business days of the Receiving Party's request.

26   The Producing Party may challenge the amount of source code requested in

27

28                                           - 11 -

hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 17 below.

e.   The Receiving Party shall maintain a record of any individual who has inspected any portion of material designated "HIGHLY CONFIDENTIAL— SOURCE CODE" in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

16.   No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

17.   At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a

- 12-

2510789v1/013090

notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

18.     All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

19.     No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

20.     If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party.

21.     Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or any other privilege, doctrine or immunity.

- 13 -

2510789v1/013090

22.     Nothing in this Order shall be deemed to prevent the Parties from introducing any Confidential Information into evidence at the trial of this Action, or from using any information contained in Confidential Information at the trial of this Action, subject to any pretrial Order issued by the Court.

23.     Federal Rule of Civil Procedure 26(b)(5) shall govern the procedures for assertion of privilege on inadvertently produced privileged documents.

24.     Consistent with Federal Rules of Civil Procedure 26(b)(3)(A) and (B), testifying experts or consultants shall not be subject to discovery of any draft report or draft declaration in this case, and such draft reports or declarations, and notes or outlines for such draft reports or declarations, are also exempt from discovery. In addition to the foregoing, all such documents are considered attorney work-product. No discovery shall be taken concerning any expert or consultant who is not designated under Federal Rule of Civil Procedure 26(a)(2) or who does not provide a declaration or testimony in the Action except (1) to the extent that such expert or consultant has provided information, opinions or other materials to an expert who is designated under Rule 26(a)(2) or who provides a declaration or testimony in the action, who then relies upon such information, opinions or other materials in forming his or her opinions offered or to be offered in this case; or (2) to the extent that expert or consultant provides information or opinions to the Court prior to that expert's formal disclosure pursuant to Rule 26(a)(2). No conversations or communications between counsel, or anyone acting at counsel's request, and any expert or consultant, will be subject to discovery unless the conversations or communications are the sole source for facts that are relied upon by such expert or consultant in formulating opinions that are presented in reports or trial or deposition testimony in this case.

25.     Notwithstanding paragraph 24 above, the parties may seek discovery of a testifying expert's engagement agreement, invoices submitted by the expert, fees charged by the expert, and compensation received by the expert. All materials and information that an expert relied upon in forming his or her expert opinions are discoverable. Neither party shall be obligated to log privileged expert communications or draft reports or declarations. In producing an expert's invoices, the parties

- 14-

may redact for privilege or attorney work product where producing an unredacted invoice might otherwise breach the applicable privilege or discovery immunity.

26.   Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

27.   This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

28.   Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court. If a party who receives Confidential Information is served with a subpoena or an order issued in other litigation that would compel disclosure of such information, the party must so notify the producing party in writing immediately and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the producing party in this case an opportunity to try to protect its confidentiality interests in the Court from which the subpoena or order issued. The producing party shall bear the burdens and the expenses of seeking protection in that Court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another Court.

29.   Nothing contained herein shall be construed to prejudice any party's right to use any Confidential Information in taking testimony at any deposition or hearing provided that the Confidential Information is only disclosed to a person(s) who is: (i) eligible to have access to the

- 15 -

1    Confidential Information by virtue of his or her employment with the designating party, (ii) identified

2    in the Confidential Information as an author, addressee, or copy recipient of such information, (iii)

3    although not identified as an author, addressee, or copy recipient of such Confidential Information,

4    has, in the ordinary course of business seen such Confidential Information, (iv) a current or former

5    officer, director of employee of the producing party or a current or former officer, director or

6    employee of a company affiliated with the producing party, (v) outside counsel for a party, (vi) an

7    independent contractor, consultant and/or expert retained for the purpose of this litigation, (vii) court

8    reporters and videographers, (viii) the Court, or (ix) other persons entitled herein to access

9    Confidential Information. Confidential Information shall not be disclosed to any other persons unless

10   prior authorization is obtained from counsel representing the producing party or from the Court.

11       30.     To the extent that any discovery is taken of persons who are not parties to this Action

12   ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade

13   secrets, confidential business information, or other proprietary information, then such Third Parties

14   may agree to be bound by this Order, thereby compelling any receiving party of the Third Party's

15   materials to abide by the terms of this Order in their treatment and consideration of those materials.

16       31.     Within thirty (30) days of final termination of this Action, including any and all

17   appeals, counsel for each party must, upon request of the producing party, return all Confidential

18   Information to the party that produced the information, including any copies, excerpts, and summaries

19   of that information, or must destroy same at the option of the receiving party, and must purge all such

20   information from all machine-readable media on which it resides. Notwithstanding the foregoing,

21   counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents

22   filed with the Court that refer to or incorporate Confidential Information, and will continue to be

23   bound by this Order with respect to all such retained information. Further, attorney work product

24   materials that contain Confidential Information need not be destroyed, but, if they are not destroyed,

25   the person in possession of the attorney work product will continue to be bound by this Order with

26   respect to all such retained information. The receiving party shall verify the return or destruction

27   described herein by affidavit furnished to the producing party, upon the producing party's request.

28

- 16-

2510789v1/013090

32.     The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

33.     The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

34.     Transmission by facsimile is acceptable for all notification purposes within this Order.

35.     This Order may be modified by agreement of the parties, subject to approval by the Court.

36.     The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.


IT IS SO ORDERED this ___11th___ day of December, 2012.



_____
Judge, United States District Court


- 17 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC.,<br>VIASAT COMMUNICATIONS, INC., f/k/a<br>WILDBLUE COMMUNICATIONS, INC.,<br><br>        Plaintiffs,<br><br>vs.<br><br>SPACE SYSTEMS/LORAL, INC.,<br>LORAL SPACE & COMMUNICATIONS,<br>INC.,<br><br>        Defendants. | CASE NO. 3:12-cv-00260-H-WVG<br><br>**AGREEMENT TO BE BOUND<br>BY PROTECTIVE ORDER** |

I, _____, declare and say that:

1.    I am employed as _____ by

_____.

2.    I have read the Protective Order entered in VIASAT ET AL. vs. SPACE SYSTEMS/LORAL, INC. ET AL., Case No. 3:12-cv-00260-H-WVG, and have received a copy of the Protective Order.

3.    I promise that I will use any and all "CONFIDENTIAL," "CONFIDENTIAL—COUNSEL ONLY," and/or "SENSITIVE—SUBJECT TO EXPORT CONTROL" and/or "CONFIDENTIAL—PROSECUTION BAR" and/or "RESTRICTED CONFIDENTIAL" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4.    I promise that I will not disclose or discuss such "CONFIDENTIAL," "CONFIDENTIAL—COUNSEL ONLY," and/or "SENSITIVE—SUBJECT TO EXPORT CONTROL" and/or "CONFIDENTIAL—PROSECUTION BAR" and/or "RESTRICTED CONFIDENTIAL" information with anyone other than the persons described in paragraphs 3, 7, 8, 9 and 10 of the Protective Order.

-i-

2510789v1/013090

5.     I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of California with respect to enforcement of the Protective Order.

6.     I understand that any disclosure or use of as "CONFIDENTIAL," "CONFIDENTIAL—COUNSEL ONLY," and/or "CONFIDENTIAL—SUBJECT TO EXPORT CONTROL" and/or "CONFIDENTIAL—PROSECUTION BAR" and/or "RESTRICTED CONFIDENTIAL" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date:_____

_____

- ii-