Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Sean S. Pak (Bar No. 219032)
seanpak@quinnemanuel.com
Eric E. Wall (Bar No. 248692)
ericwall@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California  94111
Telephone:      (415) 875-6600
Facsimile:       (415) 875-6700

Vincent M. Pollmeier (Bar No. 210684)
vincentpollmeier@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
adamwolfson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 S Figueroa Street 10th Floor
Los Angeles, California 90017
Telephone:      (213) 443-3000
Facsimile:       (213) 443-3100

Attorneys for Plaintiffs ViaSat, Inc. and ViaSat
Communications, Inc. f/k/a WildBlue
Communications, Inc.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC.,<br>VIASAT COMMUNICATIONS, INC., f/k/a<br>WILDBLUE COMMUNICATIONS, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>SPACE SYSTEMS/LORAL, INC.,<br>LORAL SPACE & COMMUNICATIONS<br>INC.,<br><br>Defendants. | CASE NO.  3:12-cv-00260-H-WVG<br><br>Hon. Marilyn L. Huff<br><br>**LETTER ROGATORY TO MACDONALD, DETTWILER & ASSOCIATES LTD.**<br><br>Judge:          Hon. William V. Gallo<br>Courtroom:    F |

1  TO THE APPROPRIATE JUDICIAL AUTHORITY OF THE STATE OF CANADA:

2      The United States District Court for the Southern District of California presents its

3  compliments to the Appropriate Judicial Authority of the State of Canada and requests

4  international judicial assistance to obtain documents for use at trial from MacDonald, Dettwiler &

5  Associates Ltd. ("MDA") located in Canada.

6      This request is made pursuant to Rule 4(f)(2)(B) of the Federal Rules of Civil Procedure;

7  the All Writs Act, 28 U.S.C. §1651 and 28 U.S.C. §1781 (permitting the transmittal of letters

8  rogatory through the district courts and the Department of State); Article 5(j), Vienna Convention

9  on Consular Relations, April 24, 1963; 21 U.S.T. 77; 596 U.N.T.S. 261; T.I.A.S. 6820.  The

10  United States District Court for the Southern District of California is a competent court of law and

11  equity that properly has jurisdiction over this proceeding and the power to compel the production

12  of documents both within and outside its jurisdiction.  MDA has in its possession, custody, and

13  control the documents specified in the requests in Schedule A.

14      The production of these documents is intended for use in a civil trial, and the documents

15  are highly relevant to the claims and defenses in the case.  Plaintiffs ViaSat, Inc. and ViaSat

16  Communications, Inc. (collectively, "ViaSat") have sued Defendants Space Systems/Loral, Inc.

17  ("SS/L") and Loral Space & Communications, Inc. ("LS&C," collectively with SS/L,

18  "Defendants") for infringement of United States patents related to high bandwidth satellite

19  systems, and for breach of contract relating to the nondisclosure of ViaSat's proprietary

20  information.  MDA recently agreed to purchase SS/L from LS&C and noted in its purchase

21  agreement the existence and effect of this lawsuit on the purchase.  ViaSat seeks documents

22  relating to MDA's agreement to acquire SS/L as well as the nature of MDA's control over SS/L

23  vis-à-vis this lawsuit.

24      Schedule A sets out requests for specific documents directly related to MDA's agreement

25  to acquire SS/L from LS&C, as well as documents within MDA's possession, custody, or control

26  regarding valuations of SS/L's business and the technology ViaSat alleges Defendants infringe

27  and/or wrongfully disclosed in violation of certain nondisclosure agreements.

28

-1-

Schedule B sets out the address of MDA, which is in possession of the requested information identified in Schedule A.

This letter rogatory request is made with the understanding that it will in no way require any person to violate any laws of Canada.  In the proper exercise of its authority, this court has determined that the documents described in Schedule A cannot be secured except by intervention of the Appropriate Judicial Authority of the State of Canada.

### Letter Rogatory

TO THE APPROPRIATE JUDICIAL AUTHORITY OF THE STATE OF CANADA:

1.    Sender:

*Sean S. Pak*
*Quinn Emanuel Urquhart & Sullivan LLP*
*50 California Street, 22nd Floor*
*San Francisco, California  94111*
*Telephone: +1 415 875 6600*

*As authorized by:*
*The Honorable William V. Gallo*
*United States Magistrate Judge*
*United States District Court for*
*the Southern District of California*
*940 Front Street*
*San Diego, CA  92101 U.S.A.*
*Telephone: +1 619 557 5600*

2.    Person to whom the executed Letter Rogatory is to be returned:

*Sean S. Pak*
*Quinn Emanuel Urquhart & Sullivan LLP*
*50 California Street, 22nd Floor*
*San Francisco, California  94111*
*Telephone: +1 415 875 6600*

3.    Date by which the requesting authority requires receipt of response to the Letter Rogatory:

*February 15, 2013, or as soon thereafter as possible.*

Reason for urgency:

*To allow the parties enough time to analyze the requested documents for their use at trial, a response to the Letter Rogatory is requested by February 15, 2013.*

4.    Requesting U.S. judicial authority:

*United States District Court for*
*the Southern District of California*
*940 Front Street*
*San Diego, CA  92101 U.S.A.*

5.    To appropriate judicial authority of:

*State of Canada*

6.    Parties to case and case number:

*ViaSat, Inc., et al. v. Space Systems/Loral, Inc., et al., 12-CV-00260-H-WVG (S.D. Cal.)*

Plaintiff:

*ViaSat, Inc. and ViaSat Communications, Inc.*

-2-

Plaintiff's representative:                *Sean S. Pak*
*Quinn Emanuel Urquhart & Sullivan LLP*
*50 California Street, 22nd Floor*
*San Francisco, California 94111*
*Telephone: +1 415 875 6600*

Defendants related to this request:    *Space Systems/Loral, Inc. and Loral Space &*
*Communications, Inc.*

Defendants' representative:         *Jacob Buchdahl*
*Susman Godfrey, LLP*
*560 Lexington Avenue, 15th Floor*
*New York, NY 10022-6828 U.S.A.*

Other Defendants in case:          *N/A*

8.     Facts of the case, summary of complaint, defenses, and counterclaims:

*The requested documents will be used in a civil trial involving patent infringement.*
*Plaintiffs ViaSat, Inc. and ViaSat Communications, Inc. filed a complaint alleging that Defendants*
*infringe a number of ViaSat's patents directed at systems and methods of creating high bandwidth*
*satellite networks, including United States Patent Nos. 7,773,942; 8,010,043; 8,068,827; and*
*8,107,875; as well as breach of contract claims stemming from nondisclosure agreements entered*
*by and between ViaSat and Defendants. Specifically, ViaSat has alleged that Defendants*
*infringed and are infringing its patents by manufacturing and offering to sell satellites that utilize*
*ViaSat's patented technology. ViaSat further alleges that Defendants breached their contractual*
*nondisclosure obligations by disclosing ViaSat's confidential and proprietary information to other*
*customers in connections with efforts to sell satellites incorporating such ViaSat proprietary*
*information.*

*In response to ViaSat's allegations, Defendants have presented certain defenses and*
*counterclaims, including non-infringement and invalidity of ViaSat's patents, as well as claims*
*that ViaSat is not owed any damages, regardless of infringement and/or Defendants' breach of*
*contract.*

*In late June 2012—i.e., several months after ViaSat first filed its lawsuit against*
*Defendants—MDA and Defendants announced that MDA had agreed to purchase Defendant SS/L*
*from Defendant LS&C. The purchase contract, a portion of which was filed with the U.S.*
*Securities and Exchange Commission, specifically referenced ViaSat's lawsuit against Defendants*

1   *and contained numerous clauses relating to the same, several of which have not yet been made*

2   *public.  ViaSat thus understands from this filing that, despite the sale to MDA, LS&C will still*

3   *control SS/L's actions in the lawsuit.  ViaSat further understands, based on the nature of MDA's*

4   *purchase, that MDA, SS/L, LS&C, or all three likely conducted or provided analyses of the value*

5   *of ViaSat's patents and the value of SS/L's business stemming from the technology at issue in*

6   *ViaSat's lawsuit.  Accordingly, the documents identified in Schedule A are necessary to determine*

7   *the true nature and relationship of the parties to the lawsuit (including whether MDA should be*

8   *joined as such a party) and for the purposes of obtaining evidence of the value of ViaSat's*

9   *technology, which will go to, among other things, the issue of ViaSat's damages.*

| | | |
|---|---|---|
| 9. | Judicial assistance to be performed: | *It is respectfully requested that the Appropriate Judicial Authority of the State of Canada compel MacDonald, Dettwiler & Associates Ltd. to produce to ViaSat the documents requested in Schedule A.* |
| 10. | Purpose of judicial assistance: | *ViaSat has requested evidence that consists of documents relating to (a) MDA and Defendants' evaluations of SS/L's business operations and services, and (b) the negotiations of the SS/L purchase agreement. ViaSat will use this evidence to determine the true nature and relationship of the parties to the lawsuit (including whether MDA should be joined as such a party), and establish the value of ViaSat's technology for purposes of determining ViaSat's damages.* |
| 11. | Documents to be inspected: | *As an alternative to compelling MacDonald, Dettwiler & Associates Ltd. to produce documents, it is requested that the Appropriate Judicial Authority of the State of Canada at least send MacDonald, Dettwiler & Associates Ltd. the request for the inspection and copying of the documents requested in Schedule A.* |
| | | *The documents should then be made available at a location either in the United States or in Canada for inspection and copying by legal and technical representatives of the concerned parties.* |
| 12. | Requirement that the evidence be given under oath or affirmation and special form to be used: | *United States law requires that documents used as evidence at trial be authenticated. Accordingly, it is requested when MacDonald, Dettwiler & Associates Ltd. produces or makes available for inspection the requested* |

-4-

*documents, it provides a written declaration by a custodian of documents or other qualified person certifying that the documents:*

*(A) were made at or near the time that MacDonald, Dettwiler & Associates Ltd. negotiated and/or entered into the purchase agreement to acquire SS/L from LS&C;*

*(B) were kept in the course of the regularly conducted business activity of MacDonald, Dettwiler & Associates Ltd.; and*

*(C) were made in the course of the regularly conducted business activity of MacDonald, Dettwiler & Associates Ltd. as a regular practice.*

*The declaration must be signed in a manner that, if falsely made, would subject the maker to criminal penalty under the laws of the country where the declaration is signed.*

*A sample declaration is included with this Letter Rogatory in Schedule C.*

| 13. | Request for notification of the time and place for the execution of the Letter Rogatory and address of persons to be notified: | *The court requests that notification of the time and place for execution of the Letter Rogatory be sent to the following representatives of the court and concerned parties:* |
|---|---|---|

*United States District Court for the Southern District of California Attention: Magistrate Judge Gallo 940 Front Street San Diego, CA 92101 U.S.A.*

*ViaSat, Inc. and ViaSat Communications, Inc. c/o Sean S. Pak Quinn Emanuel Urquhart & Sullivan LLP 50 California Street, 22nd Floor San Francisco, California  94111*

*and*

*Space Systems/Loral, Inc. and Loral Space & Communications, Inc. c/o Jacob Buchdahl Susman Godfrey, LLP 560 Lexington Avenue, 15th Floor New York, NY 10022-6828 U.S.A.*

| 14. | Specification of privilege or duty to refuse to give evidence under the laws of Canada: | *MacDonald, Dettwiler & Associates Ltd. may refuse to produce any documents requested if such production would disclose a confidential communication between MacDonald, Dettwiler* |
|---|---|---|

-5-

<table>
<tr><td></td><td></td><td>*& Associates Ltd. and its attorneys.*</td></tr>
</table>

      15.    Reimbursement of fees and costs incurred:

*ViaSat will reimburse the Appropriate Judicial Authority of the State of Canada for all expenses incurred in executing the Letter Rogatory.*

*Please direct requests for reimbursement to:*

*ViaSat, Inc. and ViaSat Communications, Inc.*
*c/o Sean S. Pak*
*Quinn Emanuel Urquhart & Sullivan LLP*
*50 California Street, 22nd Floor*
*San Francisco, California 94111*
*Telephone: +1 415 875 6600*

      16.    Reciprocity regarding Letter Rogatory:

*The United States District Court for the Southern District of California will honor similar requests from the Appropriate Judicial Authority of the State of Canada.*

      16.    Date of Request:

*January _____, 2013*

      17.    Signature and seal of the requesting authority:

_____
The Honorable William V. Gallo
United States Magistrate Judge

-6-

LETTER ROGATORY TO MDA
CASE NO. 12-cv-00260-H-WVG

**SCHEDULE A**

**REQUEST FOR DOCUMENTS FOR USE AT TRIAL**

It is requested that the Appropriate Judicial Authority of the State of Canada compel the production of the following documents, or in the alternative, compel the following documents to be made available for inspection by the parties and their representatives, either in the United States or in Canada.  The documents should be produced or made available in the manner in which they are kept in the normal course of business, including in electronic format if applicable.

Documents requested:

1.      Documents concerning MDA's evaluation(s) of SS/L's current and future business operations.

2.      Documents concerning the negotiation of the Purchase Agreement By and Among Loral Space & Communications, Inc., Space Systems/Loral, Inc., MacDonald, Dettwiler and Associates Ltd., and MDA Communications Holdings, Inc. dated as of June 26, 2012 ("SS/L Purchase Contract").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SCHEDULE B

## MACDONALD, DETTWILER & ASSOCIATES LTD.

MACDONALD, DETTWILER & ASSOCIATES LTD.

Headquarters address:    13800 Commerce Parkway
                         Richmond, British Columbia
                         Canada V6V 2J3
                         Telephone: +1 604 278 3411
                         Facsimile: +1 604 231 2768

1
## SCHEDULE C

2
UNITED STATES DISTRICT COURT

3
SOUTHERN DISTRICT OF CALIFORNIA

4

5  VIASAT, INC.,
   VIASAT COMMUNICATIONS, INC., f/k/a
6  WILDBLUE COMMUNICATIONS, INC.,

7  Plaintiffs,

8  vs.

9  SPACE SYSTEMS/LORAL, INC.,
   LORAL SPACE & COMMUNICATIONS
10 INC.,

11 Defendants.

CASE NO.  3:12-cv-00260-H-WVG

**DECLARATION OF DOCUMENT CUSTODIAN OR OTHER QUALIFIED PERSON**

Judge:  Hon. William V. Gallo

12

13
## DECLARATION

14      I, _____ (full name of declarant) declare, under penalty of perjury

15  under the Criminal Code of Canada, as follows:

16      1.      I am an employee of MacDonald, Dettwiler & Associates Ltd. ("MDA"), located at

17  13800 Commerce Parkway, Richmond, British Columbia, Canada V6V 2J3.  My title is

18  _____ (title of declarant at MDA).  I have personal knowledge of the

19  facts set forth in this declaration and am competent to testify about them.  I understand that this

20  Declaration is intended to be produced in court.

21      2.      MDA agreed to purchase Space Systems/Loral, Inc. ("SS/L") from Loral Space &

22  Communications, Inc. ("LS&C") in June 2012.

23      3.      In the course of its regularly conducted business activities related to the negotiation

24  and execution of the SS/L purchase contract, MDA made and maintained documents relating to

25  the purchase and acquisition process, including but not limited to both internal and external

26  communications and documents.

27      4.      In my capacity as _____ (title of declarant at MDA), I

28  have custody of and am responsible for these records.

-9-

5.      Attached to this Declaration, I have prepared a list that identifies the documents produced or made available for inspection and copying in response to the Letter Rogatory issued by the United States District Court for the Southern District of California.  The listed documents are true and accurate copies of the records referenced above, which are contained in the files and business records of MDA.

6.      The listed documents were made were made at or near the time that MacDonald, Dettwiler & Associates Ltd. negotiated and/or entered into the purchase agreement to acquire SS/L from LS&C.

7.      The listed documents were made in the course of MDA's regularly conducted activity as a regular practice.

8.      The listed documents were maintained in the course of MDA's regularly conducted activity as a regular practice.


Date: _____              Signature: _____