UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC., *et al.*,<br><br>                  Plaintiffs,<br>v.<br>SPACE SYSTEMS/LORAL, INC.,<br><br>                  Defendant. | Civil No. 12-CV-0260-H (WVG)<br><br>ORDER ON DISCOVERY DISPUTES |

    Pending before this Court are four discovery disputes between the parties. The disputes involve: (1) Defendants' request for an order requiring Plaintiffs to supplement their response to Interrogatory Number ("ROG No.") 24; (2) Defendants' request for an order requiring Plaintiffs to comply with a Federal Rule of Civil Procedure 30(b)(6) deposition notice [1]; (3) Defendants' request for an order to compel Plaintiffs to produce documents related to Plaintiffs' ViaSat-2 satellite; and (4) Plaintiffs' request for an order to compel

---

[1] Federal Rule of Civil Procedure 30(b)(6) states, "Notice or Subpoena Directed to an Organization. In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules."

Defendants to produce Defense expert witness, Dr. Christopher Jones, for deposition at this time. The Court, having reviewed the parties' Joint Statement, the attached exhibits, the supplemental documents provided upon request, and this Court's previous Orders, issues the rulings below.

## I. DEFENDANTS' REQUEST FOR SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 24

### A. BACKGROUND

On September 5, 2012, Plaintiffs responded to Defendants' ROG No. 22 (Set One), which reads,

> For each communication by Defendants that you contend constituted a breach of a non-disclosure agreement alleged in the operative Complaint, IDENTIFY (a) the date of such communication; (b) the mode of the communication, i.e., whether by e-mail, letter, in-person meeting, etc.; (c) the person(s) involved in such communication, including but not limited to the speaker, sender, recipient, etc.; (d) the information conveyed in such communication; (e) all facts supporting or relating to your contention that such information had previously been designated confidential by you pursuant to any non-disclosure agreement; (f) all non-disclosure agreements you claim were breached by such communication; and (g) IDENTIFY all DOCUMENTS upon which ViaSat relies to support its answer to this Interrogatory

Defendants also propounded ROG No. 23 (Set Two), which reads,

> Identify each occasion on which you designated any information you communicated to Defendants pursuant to a Non-Disclosure Agreement as confidential and/or proprietary, including in your identification a description of the form in which the designation was made, the information that was subject to the designation, the marking on any document indicating the designation, the bates numbers of any such document, the time that you made the designation, and the person(s) to whom you conveyed the designation.

On February 14, 2013, the parties informed the Court of several discovery disputes, and on February 19, 2013, lodged a Joint Statement which addressed the disputes. One dispute concerned Defendants' assertion that Plaintiffs provided insufficient responses to Defendants' ROG Nos. 22 and 23. Specifically, Defendants claimed that Plaintiffs did not fully identify the proprietary information that Defendants allegedly disclosed in violation of Non-Disclosure Agreements ("NDAs"). Instead, Defendants argued, Plaintiffs' responses

to ROG Nos. 22 and 23 identified only vague categories of information that Defendants allegedly disclosed.

Plaintiffs claimed that they sufficiently identified the proprietary information that they allege Defendants disclosed. They argued that more than five months after Plaintiffs had responded to ROG No. 22, Defendants sent a letter stating that Plaintiffs needed to supplement their responses to ROG Nos. 22 and 23 in order to comply with California Code of Civil Procedure ("CCCP") 2019.210, which applies to trade secret disputes. Plaintiffs argued that, not only was Defendants' request for supplemental information untimely, but CCCP 2019.210 was not applicable because Plaintiffs do not allege misappropriation of trade secrets under the Uniform Trade Secrets Act. Further, Plaintiffs argued that they had already effectively complied with the CCCP by identifying nine categories of proprietary information with reasonable particularity in response to the ROGs.

On March 15, 2013, this Court denied Defendants' request for an order requiring Plaintiffs to supplement their ROG responses on the grounds that the dispute was brought to the Court's attention in an untimely manner. (Doc. No. 125 at 10.)

On March 19, 2013, Defendants propounded ROG No. 24 (Set Three) on Plaintiffs, which reads,

> For each communication by Defendants that you contend is a basis for the NDA breach(es) that you allege in the operative complaint: (a) describe the specific information that you contend was proprietary to you, was not known publicly, and was disclosed by Defendants, and (b) identify each date upon which you contend you disclosed such specific information to Defendants. "Describe the specific information" means to provide a description of the actual information, idea, or concept that you contend you disclosed to Defendants and Defendants in turn disclosed to others, with particularly (sic) sufficient to understand how the information, idea, or concept is or could be implemented in practice and what portions of the information, idea, or concept are not publicly known.

On April 17, 2013, the Court held a telephonic Discovery Conference with counsel for all parties. During the Conference, Defendants resurrected their argument about supplementing ROG Nos. 22 and 23, demanding additional answers regarding proprietary information, and framing it in terms of trade secret claims asserted against them. On April 19, 2013, the Court issued another Order on Discovery Disputes, again addressing

Defendants' request that the Court order Plaintiffs to articulate the contours of their claims related to the NDAs, and supplement their ROG responses. (Doc. No. 146 at 2.) The Court stated in its April 19, 2013, Order,

> The Court declined to rule on Defendants' prior trade secret dispute because the dispute was brought to the Court's attention in an untimely manner, contrary to this Court's Chambers Rules. (citations omitted). However, had the Court ruled on the dispute, it would have denied Defendants' request on the basis that Plaintiffs are not alleging theft, or misappropriation, of a trade secret because they actually gave the proprietary information to Defendants pursuant to NDAs. The Court assumes that the NDAs, in conjunction with the Build Contracts, define the universe of the proprietary information that Plaintiffs shared with Defendants. The technology at issue in the NDAs and Build Contracts involve complex and potentially lucrative satellite technology. The necessity for Plaintiffs to identify the information subject to the NDAs and Build Contracts is unnecessary.

(Doc. No. 146 at 5.)

After being served with ROG No. 24, Plaintiffs objected that the ROG is (1) duplicative of ROG Nos. 22 and 23, as to which the Court had previously denied Defendants' motion to compel on timeliness grounds; (2) overly broad and unduly burdensome and calls for information not within Plaintiffs' control or within Defendants' control; and (3) a premature contention interrogatory. In response to ROG No. 24, Plaintiffs essentially copied and pasted their response to ROG No. 22.

On April 30, 2013, the parties notified the Court of a discovery dispute involving Defendants' request for a supplemental response to new ROG No. 24, and request to take a Rule 30(b)(6) deposition. On May 3, 2013, counsel for all parties appeared before this Court for a Discovery Conference. Earlier that day, Defendants had filed a Motion to Set Aside Ruling of the Magistrate Judge, which challenged this Court's April 19, 2013, Discovery Order. (Doc. No. 168). The Court elected to withhold argument and ruling on the new discovery issues until the Honorable Marilyn L. Huff, United States District Judge, issued a ruling on Defendants' Motion.

On May 23, 2013, Judge Huff denied Defendants' Motion to Set Aside Ruling. (Doc. No. 199.) On May 29, 2013, this Court Ordered the parties to lodge a Joint Statement ("hereinafter Joint Statement") regarding the pending discovery disputes. (Doc. No. 210.) The parties were to address specifically whether Defendants' request for a supplemental

response to ROG No. 24 and request to take a Rule 30(b)(6) deposition were moot because of this Court's April 19, 2013, Order on Discovery Disputes. (Doc. Nos. 146, 210.)

## B. DISCUSSION

Defendants claim that, in response to ROG No. 24, Plaintiffs merely copied and pasted their response to ROG No. 22, which did not describe the specific information as requested. (Joint Statement at 3.) However, Plaintiffs contend that Defendants' argument is a barely-veiled motion for reconsideration. Id. at 8.

Rule 26(b)(1) offers guidance as to the scope of discovery permitted in an action:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1).

Defendants are correct that the Court has never ruled that they are categorically precluded from conducting discovery concerning Plaintiffs' breach of NDA claims. (Joint Statement at 2.) It is also true that the Court has not ruled that Plaintiffs' objections to ROG No. 24 are justified. Id. The Court has, however, ruled that Defendants are not entitled to supplemental responses from Plaintiffs for ROG Nos. 22 and 23 because the request was untimely, and also because Plaintiffs are not alleging theft or misappropriation of a trade secret. (Doc. No. 146 at 3, 5.) In its April 19, 2013, Order on Discovery Disputes, noting that Plaintiffs are not obligated to comply with the specifications of CCCP 2019.210, the Court stated that it, "will not order Plaintiffs to provide Defendants with additional details about the proprietary information at issue in the breach of contract claims." Id. at 6.

Defendants assert that the NDAs at issue do not set forth a list of agreed-upon confidential information, and therefore the ROG responses must be supplemented. (Joint Statement at 1.) The NDAs require that "proprietary information" (1) must be designated via a written legend within certain time limits; (2) must not be publically known; and (3) must not be known or independently developed by the recipient. Id. By definition in the NDAs, proprietary information included non-public information, and information not already

known to Defendants. However, Defendants did not include a definition of "proprietary" in Sets One, Two, or Three of their ROGs. Therefore, using the definition contained in the NDA, which is the subject of the dispute in ROG Nos. 22, 23, and 24, "proprietary" as set forth in the ROGS necessarily includes non-public information or information not already known to Defendants.

In their standard objections to Defendants' ROG Sets One, Two, and Three, Plaintiffs stated, "ViaSat objects to these interrogatories as vague and ambiguous to the extent they include terms that are undefined. To the extent a term is vague and ambiguous, ViaSat will assume a reasonable meaning for each such term." While this objection is one of many boilerplate objections, it does reflect a common understanding of terms not defined specifically in the ROGs, but defined elsewhere, e.g., in the NDA.

Therefore, Defendants' request to compel Plaintiffs to supplement their response to ROG No. 24 is DENIED.

## II. DEFENDANTS' REQUEST FOR RULE 30(b)(6) DEPOSITION
### A. BACKGROUND

As discussed above, Defendants propounded ROG Nos. 22 and 23, Plaintiffs responded, and Defendants made an untimely objection to the scope of Plaintiffs' responses. After the Court denied Defendants' request on timeliness grounds, and again on the merits, Defendants noticed a Rule 30(b)(6) deposition to obtain the same information.

Defendants argue that they are entitled to supplemental responses for ROG Nos. 22 and 23, and they are entitled to obtain such information through a Rule 30(b)(6) deposition. They also claim that Plaintiffs have not properly objected to the deposition because they have not filed a motion for a protective order.

Plaintiffs argue that Defendants' Rule 30(b)(6) deposition notice should be quashed because, for disputes involving complex technological concepts and the wrongful use thereof, a Rule 30(b)(6) deposition on a party's contentions is typically overbroad, inefficient, and wasteful. (Joint Statement at 11-12.) They argue that a contention

interrogatory is the proper way to conduct such discovery. Id. They also contend that their argument in the Joint Statement is their request for a protective order. Id. at 9, n. 2.

Four days after the Court's first denial of Defendants' motion to compel a supplemental response to ROG No. 22, Defendants noticed a Rule 30(b)(6) deposition, seeking the same information as their previous interrogatories. They requested a corporate representative to discuss Plaintiffs' responses to Interrogatory No. 22 and the same information as previously requested.

Defendants are correct that the Court has not yet ruled that Plaintiffs' objection to Defendants' Rule 30(b)(6) deposition notice is justified. (Joint Statement at 2.) The Court has, however, ruled that Defendants are not entitled to supplemental responses from Plaintiffs for Defendants' ROG Nos. 22 and 23. (Doc. No. 146 at 3.) This Court stated in its April 19, 2013, Discovery Order, "The Court will not order Plaintiffs to provide Defendants with additional details about the proprietary information at issue in the breach of contract claims." Id. at 6.

## B. DISCUSSION

Rule 30(b)(6) permits "a party [to] name as the deponent a public or private corporation," but requires the notice to describe "with reasonable particularity the matters for examination." Fed.R.Civ.P. 30(b)(6). In TV Interactive Data Corp. v. Sony Corp., the court expressed its concern about whether the plaintiff, under the circumstances presented, should be permitted to use a Rule 30(b)(6) deposition to explore facts underlying legal claims and theories asserted by the defendant in a patent case. TV Interactive Data Corp. v. Sony Corp., 2012 WL 1413368, 1 (N.D. Cal. Apr. 23, 2012.) The court recognized that courts have split on this issue, and noted that one of the factors to consider when analyzing this question is whether, based on the facts of each case, contention interrogatories are a more appropriate discovery tool than a Rule 30(b)(6) deposition. Id. at 2.

In McCormick-Morgan, Inc. v. Teledyne Industries, Inc., the court found no justification for using two discovery tools to pursue the same kind of information. McCormick-Morgan, Inc. v. Teledyne Industries, Inc., 134 F.R.D. 275, 286 (N.D. Cal. 1991)

(overruled on other grounds). The court expressed concern that in a complex patent case, "no one human being can be expected to set forth, especially orally in deposition, a fully reliable and sufficiently complete account of all the bases for the contentions made and positions taken by a party..." McCormick-Morgan, 134 F.R.D. at 286. The court also expressed concern about asking a non-lawyer to undertake this kind of task, noting, "A non-lawyer deponent might have great knowledge about the products in issue here, but be quite ill-equipped to reason reliably about the legal implications of the relationship between those products, or their components, and the various claims of the patent in suit or of other patents or prior art." Id. at 287. Ultimately, the McCormick-Morgan court concluded that appropriately framed and timed contention interrogatories, rather than depositions of a corporation's designated employees, was the appropriate method for establishing the alleged infringer's contentions and defense positions. Id.

Not only does the instant case involve complex patent claims as in TV Interactive and McCormick-Morgan, but the Court has already denied Defendants' request for supplemental ROG responses on these exact topics. A review of the Rule 30(b)(6) deposition notice reveals that nearly all of the twenty-four topics are verbatim recitations of Plaintiffs' responses to ROG No. 22. Defendants seek elaboration of the information that Plaintiffs' previously provided, further revealing their true intent to do an end run around the Court's denial of an order to compel supplemental responses to ROG Nos. 22 and 23.

In Bird v. PSC Holdings I, LLC, a court in this district was also confronted with parties trying to do an end run around the deadline to bring a discovery dispute to the court's attention. Bird v. PSC Holdings I, LLC, 2013 WL 1120659 (S.D. Cal. Mar. 18, 2013). In Bird, the court was notified of a dispute over the plaintiff's responses to the defendants' written discovery demands. Bird, 2013 WL 1120659, 1. The parties filed a joint motion for determination of discovery disputes, but failed to comply with the forty-five day deadline for filing such motion, as set forth in the Magistrate Judge's Chambers Rules. Id. Arguing that their motion was timely, the defendants noted that the discovery at issue was served by only one of the five defendants. Id. Therefore, the defendants argued, even if the joint

motion was found to be untimely, any of the other defendants may serve the discovery and re-start the clock for the joint motion deadline. Id. Subsequently, another defendant did serve discovery demands similar to those at issue in the joint motion in an attempt to re-set the deadline for the court's consideration. Id.

The court stated,

> Under Federal Rule of Civil Procedure 26(b)(2)(C), this Court has an obligation to limit discovery that is unreasonably cumulative or duplicative. Although there are five named Defendants in this action, they are related closely enough to warrant singular treatment in the complaint, and all employ the same counsel. Repeated demands for the same information made piecemeal by each Defendant through the same counsel is clearly duplicative, especially when it appears motivated by a desire to do an end-run around the deadlines set by this Court. All parties are advised that any discovery demands which are substantially similar to previous demands will not re-start the clock for filing a discovery motion, and may be grounds for a protective order.

Bird, 2013 WL 1120659, 1.

The court determined that the pending joint motion was untimely, but chose to exercise its discretion and address the merits of the disputes. Id.

In Bird, the joint motion was filed less than one month after the deadline. Bird, 2013 WL 1120659, 1. Here, more than five months after Plaintiffs' served their ROG No. 22 response, Defendants objected and the Court found the objections to be untimely.[2] (Doc. No. 125 at 10.) The Court then addressed the merits of the dispute in its April 19, 2013, Discovery Order. (Doc. No. 146 at 5.) The Court is not inclined to indicate to these parties, or any parties, that they will be allowed to do an end run around discovery deadlines that were missed through a party's own lack of due diligence. The consequences for failing to meet Court deadlines are undermined if the neglectful party is allowed to seek the same information through a different discovery vehicle.

Further, case law suggests that a Rule 30(b)(6) deposition is inefficient as opposed to ROGs, which in this case have already been asked and determined to be sufficiently

---

[2] This Court's Chambers Rules require a party to notify the Court within thirty days of the date upon which the event giving rise to a dispute occurred. (Judge Gallo's Chambers Rule IV.) Plaintiffs answered ROG No. 22 on September 5, 2012, and Defendants waited for five months, until February 7, 2013, to ask Plaintiffs to supplement their responses. (Doc. No. 125 at 10.)

answered. As the McCormick–Morgan court noted, determining the bases for contentions in a patent case may involve complex judgments about evidence, claims, and principles of intellectual property law. McCormick–Morgan, 134 F.R.D. at 287. Considering the technical nature of the patent claims at issue here, Defendants have not persuaded the Court that a Rule 30(b)(6) deposition is warranted on the topics set forth in ROG Nos. 22 and 23. Defendants are able to learn the same information they seek through the requested deposition from appropriately framed interrogatories, which Defendants have already propounded and Plaintiffs have already answered.

As for Defendants' argument that Plaintiffs failed to file a motion for protective order upon receiving the deposition notice, the Court and the parties agreed at the May 3, 2013, Conference to delay argument and ruling on this dispute until Judge Huff ruled on Defendants' Motion to Set Aside Ruling. In the Joint Statement, Plaintiffs argue that they now seek a protective order as required by Rule 26. (Joint Statement, page 9, n. 2.)

Accordingly, the Court DENIES Defendants' request to compel Plaintiffs to produce a Rule 30(b)(6) witness on the same information requested in ROG Nos. 22 - 24.

### III. DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS RELATED TO PLAINTIFFS' VIASAT-2 SATELLITE

#### A. BACKGROUND

On June 5, 2013, the parties notified the Court of a discovery dispute involving Defendants' Requests for Production of Documents ("RFPs"). Plaintiffs had recently announced a new satellite, ViaSat-2, which is not an accused satellite in this litigation. Through RFPs, Defendants requested documents related to the ViaSat-2 satellite. Defendants claim that they need the requested ViaSat-2 satellite documents to assess damages, and because Plaintiffs may use the ViaSat-2 satellite at trial to argue that they are an innovative company. Plaintiffs claim that, in a meet and confer session with Defendants, they offered to produce certain ViaSat-2 satellite documents that are relevant to this litigation. However, Plaintiffs argue, not all of the requested documents are relevant.

On June 21, 2013, after reviewing the Joint Statement and attached exhibits, the Court issued a Minute Order requesting information as to whether Plaintiffs had in fact already produced responsive documents related to the ViaSat-2 satellite, or only offered to produce the documents. (Doc. No. 220.) On June 27, 2013, in compliance with the Minute Order, Plaintiffs informed the Court that they had not yet produced the offered documents because they were in the process of addressing third party confidentiality issues. Plaintiffs noted that they expect to produce documents shortly after the confidentiality issues have been resolved.

## B. DISCUSSION

The Court finds that this dispute is not yet ripe. The dispute will not be ripe until Plaintiffs produce the ViaSat-2 satellite documents that they agree are relevant to this litigation, which they have already offered to produce. Although Defendants anticipate that Plaintiffs' production will not be sufficient, the Court declines to issue a decision on the sufficiency of production before the documents are produced.

On or before **July 24, 2013**, Plaintiffs shall produce all relevant ViaSat-2 satellite documents in response to Defendants' RFPs. Defendants shall review the documents and immediately inform the Court if a dispute remains as to the RFPs.

## IV. PLAINTIFFS' REQUEST TO DEPOSE DEFENSE EXPERT DR. JONES

## A. BACKGROUND

On November 13, 2012, Plaintiffs filed a Motion for Summary Judgment ("MSJ") claiming invalidity of the '696 and '132 Patents. (Doc. No. 68.) On January 8, 2013, the Court denied Plaintiffs' MSJ without prejudice. (Doc. No. 111.) On March 26, 2013, Plaintiffs filed a renewed MSJ claiming invalidity of the same patents. (Doc. No. 128.) On April 23, 2013, Defendants filed an Opposition to Plaintiffs' renewed MSJ, along with a Declaration of expert witness Dr. Christopher Jones. (Doc. Nos. 150, 160.) On May 29, 2013, Judge Huff denied Plaintiffs' renewed MSJ without prejudice. (Doc. No. 211.)

Plaintiffs now request to take Dr. Jones' deposition, but Defendants refuse to provide Dr. Jones for deposition until he submits an expert report.[3/]  Defendants argue that the Federal Rules of Civil Procedure do not include a provision for taking an expert's deposition prior to submitting an expert report.  They further argue that Dr. Jones' Declaration was submitted in support of a previously denied MSJ, and that Plaintiffs will undoubtedly seek to depose Dr. Jones for a second time after he submits an expert report.

Plaintiffs argue that there are two reasons that Dr. Jones should be compelled to sit for deposition now.  First, they claim that his expert Declaration is an expert report pursuant to Rule 26(a) and he is therefore subject to deposition discovery on that report.  (Joint Statement at 18.)  Second, Plaintiffs argue that there is the issue of parity.  Id. at 19.  Plaintiffs filed a Declaration of their expert, Mr. Mark Sturza, along with their Response in Opposition to Defendants' MSJ (Doc. No. 181), and Defendants deposed Mr. Sturza at that time.  Plaintiffs assume that Defendants will want to depose Mr. Sturza again after he submits an expert report.  They contend that there is no reason that the same right should be refused to Plaintiffs.  (Joint Statement at 19.)

Defendants claim that Plaintiffs voluntarily produced Mr. Sturza for deposition in support of a then-pending MSJ because it was in Plaintiffs' interest to do so.  (Joint Statement at 23.)  Plaintiffs chose not to request Dr. Jones' deposition while their own MSJ was pending, and Defendants have no interest in producing Dr. Jones now that the motion has been denied.  Id.

//
//
//
//
//
//

---

[3/] Expert reports are due on September 13, 2013.  (Doc. No. 215 at 2.)

## B. DISCUSSION

Rule 26(b)(4)(A) prohibits expert discovery before reports are filed.

> (A) Deposition of an Expert Who May Testify. A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.

Fed.R.Civ.P. 26(b)(4)(A).[4]

Dr. Jones has not submitted a report under Rule 26(a)(2)(B), and will not do so until months from now as provided by the scheduling order. Therefore, as Defendants argue, the Federal Rules expressly preclude Plaintiffs from taking his deposition at this time.

Further, despite Plaintiffs' assertion, parity does not require that Dr. Jones' deposition be permitted at this time. Plaintiffs had the opportunity to depose Dr. Jones and voluntarily chose not to do so. On May 29, 2013, Judge Huff denied Plaintiffs' renewed MSJ. (Doc. No. 211.) Plaintiffs will have the opportunity to depose Dr. Jones during expert discovery. Plaintiffs will not suffer any prejudice, nor have they demonstrated any prejudice that would be caused by waiting to depose Dr. Jones until after expert discovery has opened. Therefore, Plaintiffs request to depose Dr. Jones is DENIED.

IT IS SO ORDERED.

DATED: July 10, 2013

_____
Hon. William V. Gallo
U.S. Magistrate Judge

---

[4] (B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. Fed.R.Civ.P. 26(a)(2)(B).