# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC., VIASAT COMMUNICATIONS, INC., f/k/a WILDBLUE COMMUNICATIONS, INC.,<br><br>　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>SPACE SYSTEMS/LORAL, INC., LORAL SPACE & COMMUNICATIONS, INC.,<br><br>　　　　　　　　　Defendants. | CASE NO. 3:12-CV-00260-H (WVG)<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE ASSERTED CLAIMS OF THE '043 PATENT** |

On August 5, 2013, Defendants and Counterclaimants Space Systems/Loral, LLC and Loral Space & Communications Inc. (Collectively, "SS/L") filed a motion seeking summary judgment that the asserted claims 1, 3, 5, 6, 7, and 8 of U.S. Patent No. 8,010,043 ("the '043 Patent") are invalid as indefinite pursuant to 35 U.S.C. § 112, ¶ 2. (Doc. No. 251.)   Charles K. Verhoeven and Matthew D. Cannon appeared for ViaSat. Jacob W. Buchdahl appeared for SS/L. The Court held a hearing on this motion on September 20, 2013. For the following reasons, the Court denies Defendants' motion.

//

**Background**

This patent litigation involves competing producers of satellites and satellite networking systems. Plaintiffs ViaSat, Inc. and ViaSat Communications, Inc., f/k/a Wildblue Communications, Inc. (collectively, "ViaSat") are corporations that develop commercial and military satellite and digital communication technologies. (Doc. No. 25 ¶¶ 9-11.) SS/L is a wholly owned subsidiary of Loral, and both SS/L and Loral are also involved in the satellite business. (Doc. No. 25 ¶ 14; Doc. No. 29 ¶ 14.) In 2006, ViaSat and SS/L began negotiating over the possibility of collaborating on a major satellite construction project ("ViaSat-1"). (Doc. No. 25 ¶ 32; Doc. No. 29 ¶ 32.) In this lawsuit, ViaSat claims that over the course of this business relationship, SS/L gained access to confidential information about ViaSat's technologies. (Doc. No. 25 ¶¶ 33-46.) ViaSat and SS/L have each asserted patent infringement claims against the other. (See generally Docs. No. 88, 95.) ViaSat's complaint alleges that SS/L has infringed the '043 Patent. (See Doc. No. 25 ¶¶ 85-99.)

**Discussion**

In Defendant SS/L's motion for summary judgment, SS/L contends that the '043 Patent is invalid as indefinite. SS/L argues that claims 1, 3, 5, 6, 7, and 8 on the '043 Patent recite both an apparatus and a method. (Doc. No. 251-1 at 1.) As such, SS/L argues that these claims are indefinite as a matter of law under IPXL Holdings, LLC v. Amazon.com, Inc., 430 F.3d 1377 (Fed. Cir. 2005). (Id.) ViaSat's primary counterargument is that functional language describing the apparatus does not transform the claim into an indefinite apparatus-method claim. (Doc. No. 316 at 14-15, 16-18.) It cites Microprocessor Enhancement Corp. v. Texas Instruments Inc., 520 F.3d 1367 (Fed. Cir. 2008) ("MEC") among other precedents.

**I. Summary Judgment Standard**

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Celotex Corp. V. Catrett, 477

U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. Id. at 322-23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed fact remains. Celotex, 477 U.S. at 322. The nonmoving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of his pleadings." Anderson, 477 U.S. at 256. "The 'opponent must do more than simply show that there is some metaphysical doubt as to the material fact.'" Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 265–66 (9th Cir. 1991) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

When ruling on a summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. Matsushita, 475 U.S. at 587. The Court does not make credibility determinations with respect to evidence offered. See T.W. Elec., 809 F.2d at 630-31 (citing Matsushita, 475 U.S. at 587). Summary judgment is therefore not appropriate "where contradictory inferences may reasonably be drawn from undisputed evidentiary facts."

Hollingsworth Solderless Terminal Co. v. Turley, 622 F.2d 1324, 1335 (9th Cir. 1980).

**II. Legal Standard for Mixed Apparatus-Method Claims**

Under 35 U.S.C. § 112, ¶ 2, the specification of a patent must "conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." "Because claims delineate the patentee's right to exclude, the patent statute requires that the scope of the claims be sufficiently definite to inform the public of the bounds of the protected invention, i.e., what subject matter is covered by the exclusive rights of the patent." Halliburton Energy Servs., Inc., v. M-I LLC, 514 F.3d 1244, 1249 (Fed. Cir. 2008). A claim that is indefinite is invalid under § 112. Id. at 1256. Claims are considered indefinite when they are not amenable to construction or are insolubly ambiguous. That is, "one of skill in the relevant art could not discern the boundaries of the claim based on the claim language, the specification, the prosecution history, and the knowledge in the relevant art." Wellman, Inc. v. Eastman Chem. Co., 642 F.3d 1355, 1366 (Fed. Cir. 2011) (internal quotation marks and citations omitted).

A party seeking to prove that a patent claim is invalid for indefiniteness "must demonstrate by clear and convincing evidence that one skilled in the relevant art could not discern the boundaries of the claim based on the claim language, the specification, the prosecution history, and the knowledge in the relevant art." Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc., 723 F.3d 1363, 1368 (Fed. Cir. 2013) (quoting Wellman, Inc. v. Eastman Chem. Co., 642 F.3d 1355, 1366 (Fed. Cir. 2011)). In IPXL, the Federal Circuit ruled that a single claim covering both an apparatus and a method of use of that apparatus is invalid. 430 F.3d 1377, 1384. The patent claim considered in that case read:

> The *system of claim 2* [including an input means] wherein the predicted transaction information comprises both a transaction type and transaction parameters associated with that transaction type, and *the user uses the input means* to either change the predicted transaction information or accept the displayed transaction type and transaction parameters.

1  Id. (emphasis added by Federal Circuit).  The court reasoned that:

2      it is unclear whether infringement of [the claim] occurs when one
3      creates a system that allows the user to change the predicted transaction information or accept the displayed transaction, or whether infringement occurs when the user actually uses the input means to change transaction
4      information or uses the input means to accept a displayed transaction.

5  Id.  The claim was thus invalid as indefinite because it "does not apprise a person of
6  ordinary skill in the art of its scope."  Id.

7        The Federal Circuit has since clarified that an apparatus claim is not necessarily
8  invalid for including functional language.  See, e.g., MEC, 520 F.3d at 1374.  The
9  analysis turns on whether the functional language is likely to confuse the reader as to
10  whether the claim recites an apparatus or a method.  Id. at 1375.  In MEC, for example,
11  the Federal Circuit determined that the language in question described the functional
12  capacity of the apparatus and therefore did not convert an apparatus claim into an
13  indefinite apparatus-method claim.  Id.; In re Katz Interactive Call Processing Patent
14  Litigation, 639 F.3d 1303, 1318 (Fed. Cir. 2011) ("The court in [MEC] distinguished
15  IPXL because the method claim in [MEC] did not create any confusion as to when the
16  claim was directly infringed . . . .").

17  **III. Analysis**

18        Defendants argue that claims 1, 3, 5, 6, 7, and 8 of the '043 Patent are invalid as
19  indefinite, because these claims recite both methods and apparatuses such that
20  competitors cannot accurately discern the scope of the patent.  (Doc. No. 251-1 at 1.)
21  Defendants point to two specific instances of limiting language that they argue renders
22  the claims indefinite.  The limiting language either appears in or is incorporated into
23  the challenged claims.

24        The first instance of limiting language (the "'reception of signals' limitation")
25  appears in claims 1 and 7 and is incorporated into dependent claims 3, 5, 6, and 8.
26  Claims 3, 5, and 6 are dependent on claim 1, and claim 8 is dependent on claim 7.
27  (Doc. No. 251-1at 8-9.)  The limiting language reads as follows:

28      the first spot beam as sent to the at least one of the first plurality of

> subscriber terminals is further affected by noise at a signal-to-noise ratio C/N, whereby reception of signals from the first spot beam by the at least one of the first plurality of subscriber terminals is interference-dominated such that C/I is less than C/N . . .

'043 Patent, claim 1. Defendants SS/L argue that claim 1 is an apparatus claim, and "whereby reception of signals from the first spot beam by the at least one of the first plurality of subscriber terminals is interference dominated such that C/I is less than C/N" recites a use of that apparatus. Defendants contend that this language recites limitations about how the first spot beam is received (reception) by a user (subscriber terminal). (Doc. No. 251-1 at 11.) According to SS/L, claim 1 mixes apparatus and method limitations and is therefore invalid as indefinite. (Id.)

The second instance of limiting language (the "'operated to maximize' limitation") appears in claim 1 and is incorporated into dependent claims 3, 5, and 6. The limiting language reads as follows:

> the satellite is operated to maximize data-carrying capacity of the plurality of spot beams as measured in bits/Hz, by utilizing a beam pattern having a specific number of color(s) of frequency and polarization and specific beam spacing that results in higher data-carrying capacity of the plurality of spot beams than achieved with other alternative numbers of color(s) of frequency and polarization and beam spacings.

'043 Patent, claim 1. SS/L argues that the "operated to maximize" language recites the way in which the apparatus is to be used rather than describing the apparatus. (Doc. No. 251-1 at 11.) Because claim 1 also recites an apparatus, SS/L argues that it mixes apparatus and method limitations and is therefore invalid as indefinite. (Id.) ViaSat disagrees. It argues that both the "reception of signals" limitation and the "operated to maximize" limitation are the type of functional language that the Federal Circuit permits under MEC, 520 F.3d at 1374.

### A. The "Reception of Signals" Limitation

In order to meet the Federal Circuit's standard for indefiniteness, the "reception of signals" limitation must render the relevant claims insolubly ambiguous as a matter of law. See, e.g., MEC, 520 F.3d at 1374. The standard for a showing of indefiniteness

is clear and convincing evidence.   Teva, 723 F.3d at 1368.

In context, the claim uses the "reception of signals" language to describe the character of the signals that the satellite produces rather than a method or methods for using the satellite system. As ViaSat argues, the ability of the satellite system to allow for satellite communications in "interference-dominated environments" is an important element of the '043 patent. (Doc. No. 316 at 6.) Thus, rather than rendering the claim unclear, the "reception of signals" language helps a competitor to determine whether an apparatus practices the claimed invention. The competitor can do so by examining the character of the signal that the subscriber terminals receive. (Id.)

SS/L's argument to the contrary relies unduly on the claim's references to the subscriber terminals rather than on the confusion that the claim might create for a competitor. Because the satellite does not receive its own signals, SS/L argues, "the 'reception of signals' limitation cannot be describing the functionality of the satellite, but rather must be claiming methods performed by the unclaimed subscriber terminals." (Doc. No. 251-1 at 10-11.) But the Federal Circuit has not relied on the identity of the actor that the claim mentions in describing functionality, but rather on whether the functional language confuses those skilled in the art as to the scope of the claim. MEC, 520 F.3d at 1374. Moreover, SS/L's brief cites evidence that the "reception of signals" limitation would not cause any confusion for a person of skill in the art. (Doc. No. 316 at 22.) SS/L has failed to establish as a matter of law that the "reception of signals" limitation renders claims 1, 3, 5, 6, 7, and 8 of the '043 Patent invalid as indefinite.[1]

//

---

[1] ViaSat argues in the alternative that the Court should deny SS/L's motion with respect to the "reception of signals" limitation because SS/L failed to raise the argument in its invalidity contentions, as Patent Local Rule 3.3(d) requires. (Doc. No. 316 at 17.) Because the Court concludes that the "reception of signals" limitation does not meet the indefiniteness standard set forth in IPXL, it need not reach this argument. The Court notes that the purpose of the Patent Local Rule procedures is to put parties on notice of opposing parties' contentions. The Court expects the parties to comply with the Patent Local Rules and the Court's case management orders. To obtain an exception, a party must demonstrate good cause and diligence. See O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc., 467 F.3d 1355, 1366 (Fed. Cir. 2006).

**B. The "Operated to Maximize" Limitation**

With respect to the "operated to maximize" limitation, SS/L compares the contested language to that held invalid in IPXL and in Rembrandt Data Techs., LP v. AOL, LLC, 641 F.3d 1331 (Fed. Cir. 2011). (Doc. No. 251-1 at 11-12.)

ViaSat argues that the "operated to maximize" language is permissible functional language that does not insert a method-based limitation into an apparatus claim. It contends that the "operated to maximize" limitation describes the structure or design of the satellite rather than to a method of using it. (Doc. No. 316 at 15.) ViaSat submits expert evidence indicating that a person of skill in the art would understand this language as referring to the structure or design of the satellite. (Id. at 16.)

Defendants SS/L argue in rebuttal that "operated" does not mean "configured." (Doc. No. 327 at 5.) Defendants contend that the declaration of ViaSat's expert stating that a person of skill in the art would understand the "operated to maximize" limitation as describing a functionality of the invention is in conflict with the plain text of the '043 patent. (Id. at 5-6, 8.)

The standard for a showing of indefiniteness is clear and convincing evidence. Teva, 723 F.3d at 1368. Moreover, the burden is on the moving party to establish that there are no genuine issues of material fact. Celotex Corp. V. Catrett, 477 U.S. 317, 322 (1986). In light of these standards, the Court concludes that Defendants SS/L have not met their burden of proving that the "operated to maximize" limitation renders the relevant claims of the '043 patent indefinite as a matter of law. The interpretation that a person skilled in the art would give to the "operated to maximize" limitation is a matter of factual dispute. Defendants have not met their burden of establishing as a matter of law that the "operated to maximize" limitation renders the claim a mixed apparatus-method claim rather than employing permissible functional language. "[A]pparatus claims are not necessarily indefinite for using functional language." MEC, 520 F.3d at 1375. Thus, the Court concludes that the question of whether the "operated to maximize" limitation renders claims 1, 3, 5, and 6 of the '043 patent

invalid as indefinite is inappropriate for resolution on summary judgment.

## Conclusion

SS/L has not met its burden of establishing that any of claims 1, 3, 5, 6, 7, or 8 is indefinite as a matter of law.  As such, this issue is not suitable for decision on summary judgment.  The Court therefore **DENIES** Defendants' motion for partial summary judgment.

**IT IS SO ORDERED.**

DATED: September 18, 2013

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT