UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC., VIASAT COMMUNICATIONS, INC., f/k/a WILDBLUE COMMUNICATIONS, INC.,<br><br>                        Plaintiffs,<br><br>vs.<br><br>SPACE SYSTEMS/LORAL, INC., LORAL SPACE & COMMUNICATIONS, INC.,<br><br>                        Defendants. | CASE NO. 3:12-CV-00260-H (WVG)<br><br>**ORDER DENYING VIASAT'S MOTION TO STRIKE DEFENDANTS' AMENDED FINAL INVALIDITY CONTENTIONS** |

    On September 3, 2013, Plaintiffs ViaSat, Inc. and ViaSat Communications, Inc. (collectively, "ViaSat") filed a motion to strike the amended final invalidity contentions of defendants Space Systems Loral, LLC f/k/a Space Systems Local, Inc. and Loral Space & Communications Inc. (collectively, "SS/L"). (Doc. No. 310.) The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines that this matter is appropriate for resolution without oral argument, submits the motion on the parties' papers, and vacates the hearing. For the reasons below, the Court denies Plaintiff's motion.

**Background**

This patent litigation involves competing producers of satellites and satellite networking systems. Each party owns patents concerning systems and methods designed to maximize the efficiency of satellite networking communications, and each party alleges that the opposing party's products infringe its patents. (See generally Docs. No. 88, 95.)

On November 26, 2012, the parties each exchanged their preliminary invalidity contentions pursuant to Patent L. R. 3.3. (Doc. No. 310 at 4.) The parties exchanged amended preliminary invalidity contentions on April 1, 2013. (Id. at 5.) The Court held a claim construction hearing on May 24, 2013 and issued a Claim Construction Order on May 29, 2013. (Doc. No. 206.) On July 18, 2013, the parties exchanged final infringement contentions. (Doc. No. 310 at 5.) ViaSat revised its final infringement contentions on August 19, 2013. (Doc. No. 368 at 14.) SS/L revised its invalidity contentions on August 23, 2013. (Id. at 19.) In this Motion to Strike, ViaSat contends that SS/L's August 23 amendment violates local rules.

**Discussion**

**1. Legal Standards Under the Patent Local Rules**

Patent Local Rule 3.3 requires parties opposing infringement allegations to serve invalidity contentions on opposing parties within 60 days of service of infringement claims. Patent Local Rule 3.6(b) allows a party to amend its invalidity contentions after completion of claim construction discovery "absent undue prejudice to the opposing party," but only under the following circumstances:

1. if a party claiming patent infringement has served "Amended Infringement Contentions," and the party opposing a claim of patent infringement believes in good faith that the Amended Infringement Contentions so require;
2. if, not later than fifty (50) days after service of the court's Claim Construction Ruling, the party opposing infringement believes in good faith that amendment is necessitated by a claim construction that differs from that proposed by such party; or
3. upon a timely motion showing good cause.

The purpose of this rule is to "balance the right to develop new information in

discovery with the need for certainty as to the parties' legal theories." <u>O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.</u>, 467 F.3d 1355, 1366 (Fed. Cir. 2006).

**2. Analysis**

Plaintiff ViaSat argues that SS/L's August 23, 2013 amendment to its invalidity contentions violates Patent Local Rule 3.3 because SS/L submitted it after claim construction and without first seeking the Court's permission. (Doc. No. 310 at 8.) It argues that none of the exceptions under Patent Local Rule 3.6(b) applies. (<u>Id.</u> at 9-11.)

SS/L argues that the first exception under Patent Local Rule 3.6(b) applies because it amended its invalidity contentions in response to ViaSat's amended infringement contentions and believed in good faith that the amended infringement contentions so required. (Doc. No. 368 at 20.)

The Court need not consider whether the first exception applies, because Defendant SS/L has established that it had good cause to amend its invalidity contentions and that it acted diligently following ViaSat's August 19, 2013 amendment to its infringement contentions.. <u>See</u> Patent Local Rule 3.6(b)(3); <u>O2 Micro</u>, 467 F.3d at 1366.

Moreover, allowing SS/L to amend its invalidity contentions will not unduly prejudice ViaSat. Fact discovery in this case has not yet closed, opening expert reports are not due for over another month, and the trial will not take place until March, 2014.[1]

//
//
//
//
//

---

[1] The Court allows SS/L to amend its invalidity contentions under these circumstances due to the legitimate dispute between the parties over whether ViaSat's amendment to its infringement contentions changed SS/L's understanding of ViaSat's substantive claims. In general, the Court expects the parties to comply with the Patent Local Rules and the applicable case management schedule.

**Conclusion**

Defendant SS/L has established good cause to amend its invalidity contentions, and Plaintiff ViaSat has not established that the amendment causes it unfair prejudice. The Court therefore denies ViaSat's motion to strike SS/L's invalidity contentions.

**IT IS SO ORDERED.**

DATED: October 1, 2013

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT