# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC., VIASAT COMMUNICATIONS, INC., f/k/a WILDBLUE COMMUNICATIONS, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>SPACE SYSTEMS/LORAL, INC., LORAL SPACE & COMMUNICATIONS, INC.,<br><br>Defendants. | CASE NO. 3:12-CV-00260-H (WVG)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,107,875**<br><br>[Doc. No. 513.] |

On December 16, 2013, Defendants Space Systems/Loral, LLC and Loral Space & Communications, Inc. (collectively, "SS/L") filed a motion for summary judgment of non-infringement of U.S. Patent No. 8,107,875 ("the '875 patent"). (Doc. No. 513.) On January 3, 2014, Plaintiffs ViaSat, Inc. and ViaSat Communications, Inc., f/k/a Wildblue Communications, Inc. (collectively, "ViaSat") filed their opposition to the

motion for summary judgment. (Doc. No. 575.) On January 17, 2014, the Court held oral argument. Sean S. Pak, Charles K. Verhoeven, Matthew D. Cannon, and Patrick T. Schmidt appeared for ViaSat. Jacob W. Buchdahl, Amanda Bonn, and Patrick C. Bageant appeared for SS/L. For the following reasons, the Court denies Defendants' motion for summary judgment of non-infringement of the '875 patent.

## I. Background

The '875 patent describes a spot-beam satellite system designed to make more efficient use of the limited spectrum available to satellite systems. The patented system is comprised of gateways connected to a network (e.g., the internet), numerous subscriber terminals that customers use to access the system, and a satellite that links the two types of components. (Smith Dec. Ex. 1 at Fig. 1A.) The beam that connects the satellite to the gateway is a "feeder beam," and the beam that connects the satellite to the subscriber terminal is a "service beam." (Id.)

The '875 patent facilitates color re-use between feeder beams and service beams, which thereby increases the system's overall data-carrying capacity. (Id. at ¶¶ 56 & 65-71.) In particular, it describes a more efficient geographic placement of gateway terminals to avoid interference and enhance color re-use. (Smith Dec. Ex. 1 at 15:62-16:62.) The patent describes geographically separating gateways and subscriber terminals, which allows the gateways and subscriber terminals to re-use the same colors without undue interference. (Id. at 15:62-16:62; Bonn Dec. Ex. 2 at ¶ 65.)

The '875 patent also introduced the concept of a "feeder beam coverage area." Re-using service beam colors for feeder beams introduces additional interference between feeder beams and service beams. (Bonn Dec. Ex. 2 at ¶ 68.) The claims of the '875 patent are addressed to this situation in which a feeder beam coverage area is "proximate" to a service beam coverage area and complete re-use of color is therefore not possible.

SS/L's motion for summary judgment argues that the Jupiter-1 does not infringe the '875 Patent because it does not allocate different colors to proximate service and

feeder beams when it is operating in non-NGSO Mode. (Doc. No. 513 at 5.) Further, SS/L contends that the Jupiter-1 does not infringe the '875 Patent under either the doctrine of equivalents or under a theory of indirect infringement. (Doc. No. 513 at 12-13.)

**II.    Legal Standards**

   *A.    Summary Judgment Standard*

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Nat'l Ass'n of Optometrists & Opticians v. Harris, 682 F.3d 1144, 1147 (9th Cir. 2012) cert. denied, 133 S. Ct. 1241 (2013). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. Id. at 322-23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed fact remains. Celotex, 477 U.S. at 322. The nonmoving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of his pleadings." Anderson, 477 U.S. at 256. "The 'opponent must do more than simply show that there is some metaphysical doubt

as to the material fact.'" Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 265–66 (9th Cir. 1991) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). Furthermore, the nonmoving party generally "cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." Van Asdale v. Int'l Game Tech., 577 F.3d 989, 998 (9th Cir. 2009) (citing Kennedy, 952 F.2d at 266).

When ruling on a summary judgment motion, the district court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. Matsushita, 475 U.S. at 587. The district court does not make credibility determinations with respect to evidence offered. See T.W. Elec., 809 F.2d at 630-31 (citing Matsushita, 475 U.S. at 587). Summary judgment is therefore not appropriate "where contradictory inferences may reasonably be drawn from undisputed evidentiary facts." Hollingsworth Solderless Terminal Co. v. Turley, 622 F.2d 1324, 1335 (9th Cir. 1980).

   B.   *Legal Standard for Patent Infringement*

Patent infringement is a question of fact. Absolute Software, Inc. v. Stealth Signal, Inc., 659 F.3d 1121, 1130-31 (Fed. Cir. 2011). To determine whether there is direct infringement, the fact-finder compares the construed claims to the allegedly infringing device and determines whether every limitation is present. Gart v. Logitech, Inc., 254 F.3d 1334, 1339 (Fed. Cir. 2001). Indirect infringement occurs when a defendant induces a third party to infringe the patent. 35 U.S.C. § 271(b). A different form of indirect infringement occurs when a defendant aids in committing an act of direct infringement by supplying a component used in the infringement. 35 U.S.C. § 271(c)

Defendants bear the burden to establish the absence of any genuine issue of material fact and legal entitlement to judgment. Fed. R. Civ. P. 56(c). Summary judgment is proper only if no reasonable jury could find infringement. Gart, 254 F.3d at 1339. All of Plaintiffs' infringement evidence must be credited and all justifiable inferences from that evidence must be drawn in Plaintiffs' favor. Id. A conflict between

the parties' experts on a material issue, assuming proper methodology, defeats summary judgment. Crown Packaging Tech., Inc. v. Ball Metal Beverage Container Corp., 635 F.3d 1373, 1384 (Fed. Cir. 2011).

   C.   Legal Standard for Indefiniteness

A claim that is indefinite is invalid under 35 U.S.C. § 112. Halliburton Energy Servs., Inc., v. M-I LLC, 514 F.3d 1244, 1256 (Fed. Cir. 2008). Claims are considered indefinite when they are not amenable to construction or are insolubly ambiguous. That is, "one of skill in the relevant art could not discern the boundaries of the claim based on the claim language, the specification, the prosecution history, and the knowledge in the relevant art." Wellman, Inc. v. Eastman Chem. Co., 642 F.3d 1355, 1366 (Fed. Cir. 2011) (internal quotation marks and citations omitted). A party seeking to prove that a patent claim is invalid for indefiniteness "must demonstrate by clear and convincing evidence that one skilled in the relevant art could not discern the boundaries of the claim based on the claim language, the specification, the prosecution history, and the knowledge in the relevant art." Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc., 723 F.3d 1363, 1368 (Fed. Cir. 2013) (quoting Wellman, Inc. v. Eastman Chem. Co., 642 F.3d 1355, 1366 (Fed. Cir. 2011)).

**III.   Discussion**

   A.   Direct Infringement

SS/L argues that the Jupiter-1 does not infringe the '875 Patent because it does not allocate different colors to proximate service and feeder beams when it is operating in non-NGSO Mode. (Doc. No. 513 at 5.)

At issue is claim 1 of the '875 Patent, which recites:

[a] A spot beam satellite comprising:

[b] an antenna system configured to create a beam pattern having a plurality of different colors, wherein a color has a unique combination of frequency band and polarization,

[c] the spot beam satellite being configured to receive data from a plurality of service beams and from at least one feeder beam,

[d] each service beam having an associated service beam coverage area

[e] and the at least one feeder beam having an associated feeder beam coverage area,

[f] wherein the feeder beam coverage area is proximate to one or more of the service beam coverage areas,

[g] wherein the at least one feeder beam and a service beam associated with each of the one or more service beam coverage areas proximate to the feeder beam coverage area are allocated different colors from the beam pattern, such that signals associated with different colors differ by a frequency band, a polarization, or both a frequency band and a polarization,

[h] wherein the feeder beam coverage area is not proximate to one or more of the service beam coverage areas, and

[i] wherein a set of colors allocated to a service beam associated with each of the one or more service beam coverage areas not proximate to the feeder beam coverage area includes at least one same color allocated to the at least one feeder beam, such that signals associated with the same color have the same frequency band and polarization.

(Smith Dec. Ex. 1 at 23:55-24:16.)

ViaSat provided a three-hundred page expert report detailing how the Jupiter-1 satellite practices the asserted claims of the '875 patent. (Bonn Dec. Ex. 2.) That report provides a detailed, element-by-element explanation of infringement under the plain claim language and the Court's claim construction. Defendants contend that when the Jupiter-1 satellite operates in non-NGSO mode (which is an optional mode resulting in substantially less capacity), the Jupiter-1 feeder beams share at least one color with each proximate service beam. (Doc. No. 513 at 6.) Defendants therefore identify a mode of potential use in which they argue non-

1  infringement of the '875 Patent of the Jupiter-1 satellite.

2  Plaintiffs respond that "infringement is not avoided merely because a
3  noninfringing mode of operation is possible." <u>Z4 Techs., Inc. v. Microsoft Corp.</u>,
4  507 F.3d 1340, 1350 (Fed. Cir. 2007); <u>see also</u> <u>Hilgraeve Corp. v. Symantec Corp.</u>,
5  265 F.3d 1336, 1343 (Fed. Cir. 2001) ("[I]n determining whether a product claim is
6  infringed, we have held that an accused device may be found to infringe if it is
7  reasonably capable of satisfying the claim limitations, even though it may also be
8  capable of non-infringing modes of operation."). Similarly, "[i]t is well settled that
9  an accused device that 'sometimes, but not always, embodies a claim nonetheless
10 infringes.'" <u>Broadcom Corp. v. Emulex Corp.</u>, 732 F.3d 1325, 1333 (Fed. Cir. 2013)
11 (quoting <u>Bell Commc'ns Research, Inc. v. Vitalink Commc'ns Corp.</u>, 55 F.3d 615,
12 622-23 (Fed. Cir. 1995)).

13 SS/L also argues that the Jupiter-1 satellite does not infringe because it is
14 always capable of receiving all colors from the beam spectrum and does not have a
15 physical structure that can turn off colors. (Doc. No. 513 at 7-11.) According to
16 Defendants, the ground equipment, not the satellite itself, determines which colors
17 from the beam spectrum are allocated to each feeder and service beam. (<u>Id.</u>)
18 Defendants further argue that Plaintiffs have not shown infringement of each
19 limitation of the claim including certain "wherein" clauses in claim 1.  ViaSat
20 opposes, citing <u>McDavid v. Nike USA, Inc.</u>, 892 F. Supp. 2d 970 (N.D. Ill. 2012),
21 specification language from the '875 Patent (col. 4, l. 65-col. 5, l.3), and deposition
22 testimony of an expert witness (<u>See</u> Smith Decl. Ex. 15, Helgert Depo. at 126:21-
23 127:6).  Defendants argue that the satellite purchaser imposes "an operational
24 constraint on its gateway terminals, whereby gateway terminals will not transmit in
25 certain colors when the satellite is being used in NGSO active mode." (<u>Id.</u>)
26 Plaintiffs respond by pointing out that claim 1does not require the satellite itself to
27 turn off or allocate colors. Therefore, the parties have a genuine issue of material
28 fact regarding whether the Jupiter-1 satellite directly infringes upon the '875 Patent.

In light of the record currently before the Court, genuine issues of material fact exist as to whether the Jupiter-1 satellite could satisfy the limitations of claim 1 of the '875 patent, regardless of whether it is capable of non-infringing modes of operation. As a result, the Court denies SS/L's motion for summary judgment of non-infringement of the '875 Patent.

### B.   Indirect Infringement

Indirect infringement occurs when a defendant induces a third party to infringe the patent. 35 U.S.C. § 271(b). A different form of indirect infringement occurs when a defendant aids in committing an act of direct infringement by supplying a component used in the infringement. 35 U.S.C. § 271(c). Defendants do not dispute that, if the Jupiter-1 satellite infringes, they are liable for induced and contributory infringement. (Doc. No. 513 at 13.) Defendants contend that there can be no indirect infringement because the offer to sell, sale, manufacture, and use of the Jupiter-1 satellite does not directly infringe. (Id.) Because there is a genuine issue of material fact regarding direct infringement, there is also a genuine issue of material fact regarding indirect infringement.

### IV.   Conclusion

Disputed issues of material fact regarding whether SS/L infringed the '875 Patent and whether the '875 Patent is invalid as indefinite prevent the Court from ruling on these questions as a matter of law. Accordingly, the Court denies SS/L's motion for summary judgment.

**IT IS SO ORDERED.**

DATED: January 17, 2014

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT