# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC., VIASAT COMMUNICATIONS, INC., f/k/a WILDBLUE COMMUNICATIONS, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>SPACE SYSTEMS/LORAL, INC., LORAL SPACE & COMMUNICATIONS, INC.,<br><br>Defendants. | CASE NO. 3:12-CV-00260-H (WVG)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OR INVALIDITY OF U.S. PATENT NO. 8,068,827**<br><br>[Doc. No. 504.] |

On December 17, 2013, Defendants Space Systems/Loral, LLC and Loral Space & Communications Inc. (collectively, "SS/L") filed a motion for summary judgment of non-infringement or, in the alternative, invalidity of U.S. Patent No. 8,068,827 ("the '827 patent"). (Doc. No. 504.) On January 3, 2014, Plaintiffs ViaSat, Inc. and ViaSat Communications, Inc., f/k/a Wildblue Communications, Inc. (collectively, "ViaSat")

filed their opposition to the motion for summary judgment. (Doc. No. 571.) On January 17, 2014, the Court held a hearing. Sean S. Pak, Charles K. Verhoeven, Matthew D. Cannon and Patrick T. Schmidt appeared for ViaSat. Jacob W. Buchdahl, Amanda Bonn, and Patrick C. Bageant appeared for SS/L. For the following reasons, the Court denies SS/L's motion for summary judgment of non-infringement or invalidity of the '827 patent.

**I.     Background**

ViaSat's U.S. Patent No. 8,068,827 ("'827 patent") claims technology that permits Geostationary Orbit ("GSO") satellites to utilize bandwidth primarily allocated to Non-Geostationary ("NGSO") satellites on a non-interfering, "time-shared" basis. More specifically, the asserted claims of the '827 patent cover circuitry on the satellite that can turn off transmissions in the NGSO band during periods when those transmissions could interfere with NGSO satellites, and turn the NGSO transmissions back on when there is no interference.

The Jupiter-1 satellite includes circuitry that is capable of dynamically enabling and disabling transmissions in the NGSO spectrum. (Ex. 7 at ¶ 4; see also Ex. 8 at 169:13-170:9; Ex. 9 at 158.) This circuitry is capable of switching on the basis of information indicating the presence or absence of an interference situation. (Ex. 10 at SSL0400228; Ex. 11 at 115:7-116:5).

Defendants move for summary judgment on the grounds that the Jupiter-1 satellite does not infringe upon the '827 patent. Plaintiffs assert that genuine issues of material fact exist as to whether the Jupiter-1 satellite infringes upon the '827 patent. Alternatively, Defendants move for summary judgment on the grounds that the '827 patent is invalid. Plaintiffs contend that Defendants have not proven by clear and convincing evidence that the Flexible Frequency Plan, a technology that SS/L developed, anticipates the '827 patent, and therefore that summary judgment is improper. (Doc. No. 504 at 15-31.)

//

## II. Legal Standards

### A. Summary Judgment Standard

Summary judgment is only proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Defendants bear the burden of establishing this absence of a genuine issue of material fact. Id.; Cable Elec. Prods., Inc. v. Genmark, Inc., 770 F.2d 1015, 1022 (Fed. Cir. 1985). The Court must make all justifiable inferences in the non-movant's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Giles v. General Motors Acceptance Corp., 494 F.3d 865, 872 (9th Cir. 2007). The non-movant, however, is not required to submit such evidence, unless the moving party carries its initial burden of negating an essential element of the nonmoving party's claim. Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1105 (9th Cir. 2000). A conflict between the experts' opinions on a material issue defeats summary judgment. See Crown Packaging Tech., Inc. v. Ball Metal Beverage Container Corp., 635 F.3d 1373, 1383 (Fed. Cir. 2011) ("Where there is a material dispute as to the credibility and weight that should be afforded to conflicting expert reports, summary judgment is usually inappropriate.").

Infringement is a question of fact. Move, Inc. v. Real Estate Alliance Ltd., 709 F.3d 1117, 1121 (Fed. Cir. 2013) (citing Absolute Software, Inc. v. Stealth Signal, Inc., 659 F.2d 1121, 1129-30 (Fed. Cir. 2011)). To obtain summary judgment of noninfringement, Defendants must establish "beyond controversy" that their accused products do not infringe ViaSat's asserted patents. See Southern Calif. Gas Co. v. City of Santa Ana, 336 F.3d 885, 888 (9th Cir. 2003).

"[A] moving party seeking to invalidate a patent at summary judgment must submit such clear and convincing evidence of facts underlying invalidity that no reasonable jury could find otherwise." SRAM Corp. v. AD-II Eng'g, Inc., 465 F.3d 1351, 1357 (Fed. Cir. 2006). Proving anticipation of a claim requires clear and

convincing evidence that each and every limitation of the claim is present in a single prior art reference. <u>Sanofi-Synthelabo v. Apotex, Inc.</u>, 470 F.3d 1368, 1375 (Fed. Cir. 2006). "Clear and convincing evidence" is evidence which produces in the mind of the trier of fact an abiding conviction that the trust of a factual contention is "highly probable." <u>Price v. Symsek</u>, 988 F.2d 1187, 1191 (Fed. Cir. 1993).

When a motion for summary judgment depends on credibility determinations and/or differing views on the inferences to be drawn from the evidence, summary judgment is improper. See <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630-31 (9th Cir. 1980). Here, because SS/L moves for summary judgment, the Court must draw inferences from the record in ViaSat's favor. See <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).

    B.    *Legal Standard for Infringement*

Infringement is a question of fact. <u>Move, Inc. v. Real Estate Alliance Ltd.</u>, 709 F.3d 1117, 1121 (Fed. Cir. 2013) (citing <u>Absolute Software, Inc. v. Stealth Signal, Inc.</u>, 659 F.3d 1121, 1129–30 (Fed. Cir. 2011)). The scope of the claims is judged from the perspective of a person of ordinary skill in the art. <u>Phillips v. AWH Corp.</u>, 415 F.3d 1303, 1313 (Fed. Cir. 2005).

To obtain summary judgment of noninfringement, Defendants must establish "beyond controversy" that their accused products do not infringe ViaSat's asserted patents. See <u>Southern Calif. Gas Co. v. City of Santa Ana</u>, 336 F.3d 885, 888 (9th Cir. 2003). An accused device infringes an apparatus claim when the apparatus is capable of performing the functional limitation. See <u>Microprocessor Enhancement Corp. v. Tex. Instruments Inc.</u>, 520 F.3d 1367, 1375 (Fed. Cir. 2008). "[I]t is well settled that an accused device that 'sometimes, but not always, embodies a claim nonetheless infringes.'" <u>Broadcom Corp. v. Emulex Corp.</u>, 732 F.3d 1325, 1333 (Fed. Cir. 2013). The Federal Circuit held "that an accused device may be found to infringe if it is reasonably capable of satisfying the claim limitations, even though it may also be capable of non-infringing modes of operation." <u>Hilgraeve Corp. v. Symantec Corp.</u>,

265 F.3d 1336, 1343 (Fed. Cir. 2001). "Comprising" claims are presumptively open-ended, and the capability of an otherwise infringing device to perform extraneous functions does not negate infringement. Gillette Co. v. Energizer Holdings Inc., 405 F.3d 1367, 1371-72 (Fed. Cir. 2005). (See also Doc. No. 358.)

### C. Legal Standard for Invalidity

Because patents are presumed valid, "a moving party seeking to invalidate a patent at summary judgment must submit such clear and convincing evidence of facts underlying invalidity that no reasonable jury could find otherwise." SRAM Corp. v. AD–II Eng'g, Inc., 465 F.3d 1351, 1357 (Fed. Cir. 2006). "Clear and convincing evidence" is evidence which produces in the mind of the trier of fact an abiding conviction that the truth of a factual contention is "highly probable." Price v. Symsek, 988 F.2d 1187, 1191 (Fed. Cir. 1993).

Defendants do not dispute that under either Section 102(f) or 102(g)(2) of the Patent Act, the alleged prior inventor must have conceived of the claimed invention before the patentee. (See Doc. No. 504 at 12-13, 21-22; see also Creative Compounds v. Starmark Labs., 651 F.3d 1303, 1312-13 (Fed. Cir. 2011) (finding failure to prove prior conception was fatal to claims under 102(g)(2) and 102(f)).) Proof of prior conception requires clear and convincing evidence that the alleged prior artist understood "the complete and operative invention." Creative Compounds, 651 F.3d at 1312 (citing Singh v. Brake, 317 F.3d 1334, 1340 (Fed. Cir. 2003) (emphasis added)).

## III. Discussion

### A. Non-Infringement

SS/L argues that the Jupiter-1 does not infringe the '827 Patent because it is not configured to switch dynamically in and out of the NGSO frequency spectrum. (Doc. No. 504 at 11-12). ViaSat contends that the Jupiter-1 is configured for dynamic switching, basing its position on the expert report of Mark Sturza. (Doc. No. 574 at 11; Ex. 6 at 35-425.)

Asserted Claim 7 of the '827 Patent, which is an independent claim, is:

> 7. A geostationary orbit (GSO), satellite comprising:
>
> a receiver configured to receive from one or more ground stations signals in a GSO frequency band and in an extended frequency spectrum, the extended frequency spectrum including the GSO frequency band and a non-geostationary orbit (NGSO) frequency band;
>
> circuitry configured to establish an activated frequency mode to activate one of a GSO frequency band mode and an extended frequency spectrum mode based on information indicating a presence or an absence of an interference situation with an NGSO satellite system; and
>
> a transmitter configured to transmit in one of the GSO frequency band and in the NGSO frequency spectrum based on the activated frequency spectrum mode.

ViaSat's expert has repeatedly testified that a command to switch NGSO transmissions on or off based on information indicating the presence or absence of an interference situation would itself contain such information. (See, e.g., Ex. 13 at 64:1-6; Ex. 6 at ¶ 93.) And it is not disputed that the Jupiter-1 satellite has circuitry capable of responding to switching commands based on such information. (Ex. 10 at SSL0400228; Ex. 11 at 115:7-116:5.) Under the standards for summary judgment of noninfringement, Defendants must establish "beyond controversy" that their accused products do not infringe ViaSat's asserted patents. See Southern Calif. Gas Co. v. City of Santa Ana, 336 F.3d 885, 888 (9th Cir. 2003). An accused device infringes an apparatus claim when the apparatus is capable of performing the functional limitation. See Microprocessor Enhancement Corp. v. Tex. Instruments Inc., 520 F.3d 1367, 1375 (Fed. Cir. 2008). At a minimum, there is a genuine dispute as to whether the Jupiter-1 satellite infringes claim 7.

The Court's claim construction construed the circuitry element as "circuitry configured to select one or more appropriate frequency bands based on information indicating the presence or absence of an interference situation with an NGSO satellite system." (Doc. No. 206 at 19-22) Defendants seek to read new limitations into claim 7 by adding a requirement that the "information about the presence or

absence of an interference situation" come from circuitry on-board the satellite. The court declines to do so.

The parties dispute whether the Jupiter-1 satellite includes circuitry configured to select one or more appropriate frequency bands based on information indicating the presence or absence of an interference situation with an NGSO satellite system. (Compare Doc. No. 574 at 11-12 with Doc. No. 504 at 11.) Defendants argue that the Jupiter-1 satellite lacks dynamic switching circuitry. (Doc. No. 504 at 11.) Defendants assert that because the Jupiter-1 satellite lacks dynamic switching circuitry and does not receive any commands to switch based on interference information, there cannot be interference information present in the accused satellite.[1] (Doc. No. 504 at 11-12.) In opposition, ViaSat cites expert testimony from Mark Sturza that the Jupiter satellite includes dynamic switching circuitry. (Ex. 6 at 35-45.) ViaSat also points to testimony from David Gonzales, the System Engineering Manager on the Jupiter program, that the Jupiter-1 includes circuitry to "dynamically disable NGSO transmissions in order to avoid interference events." (Ex. 11 at 115:7-116:5.) Based on the present record, there is a genuine question regarding a material fact, and therefore summary judgment would be improper.

B.   *Invalidity*

SS/L argues in the alternative that the '827 Patent is invalid due to anticipation from the Flexible Frequency Plan prior art under 35 U.S.C. §§ 102(f) and 102(g)(2). (Doc. No. 504 at 15.) ViaSat contends that ViaSat, not SS/L, first conceived of the technology that the '827 Patent claims. (Doc. No. 574 at 24-25.) ViaSat argues in the alternative that the Flexible Frequency Plain does not actually practice the claims of the '827 Patent. (Id. at 25-29.)

---

[1] Defendants previously argued that the information regarding the presence or absence of an interference situation must come from the satellite, not the subjective judgment of the satellite operator. (Doc. No.. 138 at 16-17.) The Court disagreed. (Doc. No. 209 at 9-10.)

Under the standards for invalidity by anticipation, SS/L must "submit such clear and convincing evidence," of the facts demonstrating the anticipation "that no reasonable jury could find otherwise." SRAM Corp., 465 F.3d at 1357.  The parties dispute whether the Flexible Frequency Plan features the dynamic switching that the '827 Patent claims. (Compare Doc. No. 574 at 25-29 with Doc. No. 504 at 19-21.) They also dispute whether ViaSat or SS/L first conceived of the '827 Patent's innovations.  (Compare Doc. No. 504 at 15-18 with Doc. No. 574 at 24-25.) Consequently, the Court determines that summary judgment on the issue of invalidity is not appropriate.

## IV. Conclusion

Disputed issues of material fact regarding whether SS/L infringed the '827 Patent and whether the '827 Patent is invalid as anticipated prevent the Court from ruling on these questions as a matter of law.  Accordingly, the Court denies SS/L's motion for summary judgment of noninfringement or invalidity of the '827 Patent.

**IT IS SO ORDERED.**

DATED: January 17, 2014

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT