# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC., VIASAT COMMUNICATIONS, INC., f/k/a WILDBLUE COMMUNICATIONS, INC.,<br><br>       Plaintiffs,<br><br>vs.<br><br>SPACE SYSTEMS/LORAL, INC., LORAL SPACE & COMMUNICATIONS, INC.,<br><br>       Defendants. | CASE NO. 3:12-CV-00260-H (WVG)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT AND, ALTERNATIVELY PARTIAL INVALIDITY OF U.S. PATENT NO. 8,010,043**<br><br>[Doc. No. 501.] |

  On December 17, 2013, Defendants Space Systems/Loral, LLC and Loral Space & Communications Inc. (collectively, "SS/L") filed a motion for summary judgment of non-infringement and, alternatively, partial invalidity of U.S. Patent No. 8,010,043 ("the '043 patent"). (Doc. No. 501.) The Court held a hearing on January 17, 2014. Sean S. Pak, Charles K. Verhoeven, Matthew D. Cannon, and Patrick T. Schmidt appeared for the Plaintiffs. Jacob W. Buchdahl, Amanda Bonn, and Patrick C. Bageant

appeared for the Defendants. For the following reasons, the Court denies Defendants' motion.

## I. Background

This patent litigation involves competing producers of satellites and satellite networking systems. Each party owns patents concerning systems and methods designed to maximize the efficiency of satellite networking communications, and each party alleges that the opposing party's products infringe its patents. (See generally Doc. Nos. 475, 486.)

ViaSat's '043 Patent is entitled "Capacity Maximization for a Unicast Spot Beam Satellite System" and was issued on August 30, 2011. (Doc. No. 475 at ¶ 90.) The independent claims of the '043 Patent disclose techniques that allow for more efficient communications in an "interference-dominated" environment. (Doc. No. 541-1 at 125.) ViaSat alleges that the Defendants' Jupiter-1 and NBN satellites infringe the '043 Patent. (Doc. No. 475 at 30.)

SS/L asks for summary judgment of non-infringement on the grounds that the Jupiter-1 and NBN satellites do not attain maximum capacity under any construction of the claims of the '043 Patent. (Doc. No. 501 at 3-15.) Alternatively, SS/L asks for summary judgment of invalidity of the '043 Patent based on a prior patent's anticipation of its technologies. (Id. at 15-22.)

## II. Legal Standards

*A. Summary Judgment Standard*

Summary judgment is only proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Defendants bear the burden of establishing this absence of a genuine issue of material fact. Id.; Cable Elec. Prods., Inc. v. Genmark, Inc., 770 F.2d 1015, 1022 (Fed. Cir. 1985). The Court must make all justifiable inferences in the non-movant's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255

(1986); Giles v. General Motors Acceptance Corp., 494 F.3d 865, 872 (9th Cir. 2007). The non-movant, however, is not required to submit such evidence, unless the moving party carries its initial burden of negating an essential element of the nonmoving party's claim. Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1105 (9th Cir. 2000). A conflict between the experts' opinions on a material issue defeats summary judgment. See Crown Packaging Tech., Inc. v. Ball Metal Beverage Container Corp., 635 F.3d 1373, 1383 (Fed. Cir. 2011) ("Where there is a material dispute as to the credibility and weight that should be afforded to conflicting expert reports, summary judgment is usually inappropriate.").

When a motion for summary judgment depends on credibility determinations and/or differing views on the inferences to be drawn from the evidence, summary judgment is improper. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1980). Here, because SS/L moves for summary judgment, the Court must draw inferences from the record in ViaSat's favor. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

*B.     Legal Standard for Infringement*

Infringement is a question of fact. Move, Inc. v. Real Estate Alliance Ltd., 709 F.3d 1117, 1121 (Fed. Cir. 2013) (citing Absolute Software, Inc. v. Stealth Signal, Inc., 659 F.3d 1121, 1129–30 (Fed. Cir. 2011)). The scope of the claims is judged from the perspective of a person of ordinary skill in the art. Phillips v. AWH Corp., 415 F.3d 1303, 1313 (Fed. Cir. 2005).

To obtain summary judgment of non-infringement, Defendants must establish "beyond controversy" that their accused products do not infringe ViaSat's asserted patents. See Southern Calif. Gas Co. v. City of Santa Ana, 336 F.3d 885, 888 (9th Cir. 2003). An apparatus claim that includes a functional limitation is infringed when the apparatus is configured such that it is capable of performing the functional limitation. See Microprocessor Enhancement Corp. v. Tex. Instruments Inc., 520 F.3d 1367, 1375 (Fed. Cir. 2008). "Comprising" claims are presumptively open-ended, and the

capability of an otherwise infringing device to perform extraneous functions does not negate infringement. Gillette Co. v. Energizer Holdings Inc., 405 F.3d 1367, 1371-72 (Fed. Cir. 2005). (See also Doc. No. 358.)

Whether or not an accused product infringes under the doctrine of equivalents ("DOE") is a question of fact. See Ferguson Beauregard/Logic Controls v. Mega Systems, 350 F.3d 1327, 1338 (Fed. Cir. 2003) (citing Insitugorm Techs., Inc. v. Cat Contracting, Inc., 161 F.3d 688, 692 (Fed. Cir. 1998)). The Federal Circuit has explained that proving infringement under the DOE requires a showing that the substitute element (1) has substantially the same function as the recited element; (2) achieves that function in substantially the same way; and (3) achieves substantially the same result. Charles Mach. Works, Inc. v. Vermeer Mfg. Co., 723 F.3d 1376, 1380 (Fed. Cir. 2013).

    C.    *Legal Standard for Invalidity by Anticipation*

A patent is presumed valid. 35 U.S.C. § 282; Laryngeal Mask Co. v. Ambu, 618 F.3d 1367, 1373 (Fed. Cir. 2010). "[A] moving party seeking to invalidate a patent at summary judgment must submit such clear and convincing evidence of facts underlying invalidity that no reasonable jury could find otherwise." SRAM Corp. v. AD-II Eng'g, Inc., 465 F.3d 1351, 1357 (Fed. Cir. 2006).

"[I]nvalidity by anticipation requires that the four corners of a single, prior art document describe every element of the claimed invention, either expressly or inherently, such that a person of ordinary skill in the art could practice the invention without undue experimentation." Advanced Display Sys., Inc. v. Kent State Univ., 212 F.3d 1272, 1282 (Fed. Cir. 2000). If a prior art reference does not expressly set forth a particular claim element, the reference may still anticipate if the element is inherent in the prior art. In re Robertson, 169 F.3d 743, 745 (Fed. Cir. 1999). The claim element must necessarily be present in the prior art. Id. "Inherency, however, may not be established by probabilities or possibilities. The mere fact that a certain thing may result from a given set of circumstances is not sufficient." Bettcher Indus., Inc. v.

Buznl USA, Inc., 661 F.3d 629, 639 (Fed. Cir. 2011) (quoting In re Oelrich, 666 F.2d 578, 581 (C.C.P.A. 1981)); see also Trintec Indus., Inc. v. Top-U.S.A. Corp., 295 F.3d 1292, 1297 (Fed. Cir. 2002) ("Inherency does not embrace probabilities or possibilities.")  Thus, if prior art potentially has all claim elements, but does not necessarily have all claim elements, the prior art does not anticipate the patent claim.

Proving anticipation of a claim requires clear and convincing evidence that each and every limitation of the claim is present in a single prior art reference. Sanofi-Synthelabo v. Apotex, Inc., 470 F.3d 1368, 1375 (Fed. Cir. 2006).  "Clear and convincing evidence" is evidence which produces in the mind of the trier of fact an abiding conviction that the trust of a factual contention is "highly probable." Price v. Symsek, 988 F.2d 1187, 1191 (Fed. Cir. 1993).

**III.   Discussion**

*A.   Non-infringement*

SS/L moves for summary judgment, arguing that the Jupiter and NBN satellites do not infringe the '043 Patent because they do not attain maximum capacity under any construction of the claims of the '043 Patent. (Doc. No. 501 at 7-8, 10-11.)  Claim 1 recites, in relevant part, "the satellite is operated to maximize data-carrying capacity of the plurality of spot beams as measured in bits/Hz." ('043 Patent, 20:60-61.) Claims 4 and 5 depend from Claim 1, and state as follows:

> The satellite for illuminating a geographic area with signals of claim 1, wherein the beam pattern has a single color of frequency and polarization.

(Id. at 20: 21:13-15.)

> The satellite for illuminating a geographic area with signals of claim 1, wherein the beam pattern has a beam spacing characterized by a cross-over point of less than -6 dB.

(Id. at 20: 21:16-19.)

ViaSat points out that Claim 1 requires a "plurality of spot beams . . . to service a plurality of service links." (Ex. 1, at col.20 ll.38-39.)  A "service link" is the link that transfers data from the gateways to the service beams, and Claim 1 discloses that the spot beams illuminate regions "in order to send information" to pluralities of subscriber

terminals. (Id. at col.20 ll.42-44, 45-48.) The specification further discloses that a "maximized" satellite necessarily includes gateways that provide data to the service links. (See, e.g., id. at col.17 ll.23-26 (describing embodiment and noting "the single-color system . . . requires 40 gateways . . . ."), Figs. 1, 2A, 9A-9C, 22, 24.) The patent also discloses that the fewer colors one uses, the more gateways one needs. (See, e.g., id. at Figs. 9A-9C, 24.)

Summary judgment is only proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Here, the parties dispute whether the Jupiter and NBN capacity tools maximized capacity as required by the '043 Patent, either directly or under the doctrine of equivalents. (Compare Ex. 18 (84.26 Gbps on 10/19/10), with Ex. 19 (82.05 Gbps on 9/30/2010), Ex. 20 (84.123 Gbps on 10/8/2010), and Ex. 21 (81.70 Gbps on 10/19/2010).) ViaSat contends that SS/L practices the '043 patent maximization process. (See, e.g., Ex. 1 at col.16, ll.38-42 (referencing four-color capacity estimates in Fig. 18B as relative constant, even though estimates fluctuate slightly above and below 0.50 bps/Hz).) As a result, the Court declines to grant summary judgment on contested facts based on the present record. See T.W. Elec., 809 F.2d at 630-31; Holloingsworth, 622 F.2d at 1335; MeadWestVaco Cop. v. Rexam Beauty and Closures, Inc., 731 F.3d 1258, 1268-69 (Fed. Cir. 2013) (concluding that dispute over methodologies was a "battle of the experts").

The parties also dispute whether the Jupiter satellite includes several first spot beams that are affected by interference from other signal sources including the second spot beam. SS/L alleges that ViaSat cannot show the Jupiter satellite infringes Claims 1 or 7 of the '043 Patent because it does not establish that any first spot beam is affected by interference from other signal sources including the second spot beam. ViaSat opposes summary judgment on this ground. For example, ViaSat's expert,

Sturza, in his analysis of the Jupiter Capacity Tool, further identified the source code that utilized this equation and then included that information in the beam-by-beam analysis set forth in Exhibit 22 of his report. (Ex. 18 (column entitled VSAT DL C/I dB").) In that exhibit, the "x-pol" column notes that cross-polarization interference is included as a component of co-polarization interference. (Id.) SS/L claims that Sturza inadequately modeled for cross-polarization interference. (Doc. No. 501 at 28.) But ViaSat points to Sturza's analysis in his expert opinion to counter this argument. (Ex. 5 ¶ 137 n.1; see also id. ¶ 137 (describing the import of the cross-polarization interference and co-polarization interference on Jupiter's infringement).) Furthermore, ViaSat's analysis indicated that Beam 38 did, in fact, generate cross-polarization interference against Beam 39. (See id. at ¶¶ 100. 189 (noting the Beam 38-39 pairs "FB1" and "FD1," "FB2" and "FD2," and "FNB" and "FND" each have cross-polarizations).)

Finally, ViaSat argued that SS/L's interpretation of "maximum" would vitiate dependent Claims 4 and 5. ViaSat argued that this was improper, and the Court agrees. Ortho-McNeil Pharm., Inc. v. Mylan Labs., Inc., 520 F.3d 1358, 1362 (Fed. Cir. 2008).

These disputes over material issues of fact preclude summary judgment. Accordingly, the Court denies SS/L's motion for summary judgment of non-infringement of the '043 patent.

### B.   Invalidity

In the alternative, SS/L moves for summary judgment of invalidity based on R. Rinaldo and R. De Gaudenzi, Capacity Analysis and System Optimization for the Forward Link of Multi-Beam Satellite Broadband Systems Exploiting Adaptive Coding and Modulation," International Journal of Satellite Communications and Networking, 2004 ("Rinaldo & De Gaudenzi"). (Doc. No. 501 at 20.) SS/L claims that the Rinaldo and DeGaudenzi reference is anticipatory prior art. (Id.)

Proving anticipation of a claim requires clear and convincing evidence that each and every limitation of the claim is present in a single prior art reference. Sanofi-

Synthelabo v. Apotex, Inc., 470 F.3d 1368, 1375 (Fed. Cir. 2006).  "Clear and convincing evidence" is evidence which produces in the mind of the trier of fact an abiding conviction that the trust of a factual contention is "highly probable." Price v. Symsek, 988 F.2d 1187, 1191 (Fed. Cir. 1993).

The parties dispute whether the Rinaldo and DeGaudenzi reference has every claim element.  Specifically, ViaSat disputes whether Rinaldo and DeGaudenzi discloses a maximized satellite.  (See Ex. 7 at 47:5-48:2; Ex. 6 ¶¶ 250-51; Ex. 7 at 91:16-95-12.)  ViaSat also disputes whether Rinaldo and DeGaudenzi discloses a satellite with C/I less than C/N and describes the various expert opinions on this point. (See Doc. No. 570 at 29-30.)  Accordingly, the Court denies SS/L's motion for summary judgment of anticipation.

## V.     Conclusion

Disputed issues of material fact regarding whether SS/L infringed the '043 Patent and whether the '043 Patent is invalid as anticipated prevent the Court from ruling on these questions as a matter of law.  Accordingly, the Court denies SS/L's motion for summary judgment of non-infringement and SS/L's motion for summary judgment of invalidity.

**IT IS SO ORDERED.**

DATED: January 17, 2014

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT