William Christopher Carmody
(Admitted *pro hac vice*)
Jacob W. Buchdahl
(Admitted *pro hac vice*)
SUSMAN GODFREY L.L.P.
560 Lexington Avenue, 15th Floor
New York, New York 10022
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
Email: bcarmody@susmangodfrey.com
Email: jbuchdahl@susmangodfrey.com

Marc M. Seltzer (54534)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
Email: mseltzer@susmangodfrey.com

[Additional counsel listed below signature line]

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC.,<br>Plaintiff,<br>vs.<br>SPACE SYSTEMS/LORAL, INC., LORAL SPACE & COMMUNICATIONS INC.,<br>Defendants/Counterclaim Plaintiffs. | Case No. 3:12-cv-00260-H-WVG<br>Hon. Marilyn L. Huff<br>**[PUBLIC - REDACTED]**<br>**DEFENDANTS' MOTION IN LIMINE #3 TO EXCLUDE THE "OPTION 3" EMAIL AND RELATED EVIDENCE**<br>Date: February 19, 2014<br>Time: 10:30 a.m.<br>Place: Courtroom 15A |

**CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT ........................................................................................................3

    A. The "Option 3" Email's Concepts Are Not Proprietary to ViaSat and are Therefore Irrelevant. ..............................................................................3

    B. Evidence Regarding Any ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ is Irrelevnat and Unfairly Prejudicial Because "Option 3" Is Not Proprietary to ViaSat. ..................................................4

III. CONCLUSION ....................................................................................................6

## I. INTRODUCTION

This Court has ruled that as a matter of law, the concepts included in the "Option 3" email that Tom Moore sent to certain SS/L employees on August 2, 2006 are "not proprietary under the NDAs." Dkt. 720 at 9. That is because the "Option 3" email was not marked proprietary and ViaSat "has failed to submit evidence that raises a triable issue of fact as to whether materials not marked as proprietary were nonetheless protected under the parties' NDAs." *Id.* at 7, 9.

ViaSat's expert Dr. Bartone alleges ███████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ Ex. 22 (Bartone '875 Opening Report) at ¶ 611-12. But Dr. Bartone admits ███ ███████████████████████████████████████████████████████████████ ███████████████████ *Id.* Dr. Bartone and ViaSat's other expert Dr. Kaplan both express opinions that ████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ██████████████████████████████████████.[1] Ex. 22 (Bartone '875 Opening Report) at ¶¶ 612-18, 627-38; Ex. 25 (Kaplan Opening Report) at ¶¶ 141-45, 150-75. Even after the Court issued its Order ruling that the "Option 3" concepts are <u>not</u> "proprietary" to ViaSat as a matter of law, ████████████████████████████ ███████████████████████████████████████████████████████████████

---

[1] Drs. Bartone and Sturza further opine that SS/L misappropriated the "Option 3" concepts—which are not proprietary as a matter of law—via Mr. Burr's patent application. That issue is subject to another motion *in limine* and, as such, is not addressed here.

███████████████████████████████████████
███████████████████████████████. Ex. 24 (Bartone Sur-Rebuttal Report) at ¶¶ 24-27, 79-82, 119-22.

SS/L brings this motion *in limine* to enforce the Court's Order granting SS/L's motion for partial summary judgment on ViaSat's breach of contract claim and to preclude ViaSat from introducing evidence to the jury suggesting that SS/L "misappropriated" the "Option 3" concepts by disclosing them to Hughes, as the Court has already ruled <u>as a matter of law</u> that those concepts were not proprietary to ViaSat. The Court should, for example, preclude ViaSat's experts from opining that SS/L misappropriated the "Option 3" concepts and preclude ViaSat from introducing evidence concenring the ███████████████████████████████ ███████████████████████████████████████████████. Indeed, because the partial CONUS concepts embodied in "Option 3" were not proprietary to ViaSat, SS/L would have been free to simply share the "Option 3" email directly with Hughes without breaching any conractual obligation to ViaSat.

It would be irrelevant under Rule 402 and unfairly prejudicial under Rule 403 to permit ViaSat to introduce evidence to the jury concerning the "Option 3" email, discussions between SS/L and Hughes about the "Option 3" concepts, and the ███████████████████████████████████████ ██████████████████████ Such evidence would mislead and confuse the jury into believing that it would have been a breach of contract for SS/L to have disclosed the "Option 3" concepts, when in fact this Court has ruled the "Option 3" email is not proprietary to ViaSat as a matter of law.

## II. ARGUMENT

### A. The "Option 3" Email's Concepts Are Not Proprietary to ViaSat and are Therefore Irrelevant.

This Court has ruled that, as a matter of law, the "Option 3" email is not proprietary to ViaSat due to ViaSat's failure to designate it under the asserted non-disclosure agreements. Dkt. 720 at 9. As a result, the "Option 3" email is not relevant to ViaSat's breach of contract claim under Rule 402 and it would be unfairly prejudicial to admit it under Rule 403 because it could confuse the jury into believing that it is proprietary. Fed. R. Evid. 402, 403.

ViaSat may attempt to argue that the "Option 3" email should nonetheless be admitted because it reflects the conception of the asserted '875 patent. But Tom Moore, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *Compare* Ex. 26 (Moore Dep.) at 57:2-4; *with* '875 Patent, Claim 1 (requiring that "the feeder beam coverage area is <u>proximate</u> to one or more of the service beam coverage areas") (emphasis added). Indeed, ViaSat's expert Dr. Bartone admits ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Ex. 22 (Bartone Opening '875 Report) at ¶ 98.

Even if the "Option 3" email were marginally relevant as some evidence of conception of the '875 patent, any probative value is substantially outweighed by the danger of unfair prejudice and the risk of misleading the jury under Rule 403 for two key reasons. <u>First</u>, SS/L is not asserting any prior art dated between the August

2006 "Option 3" email and the September and October 2006 provisional patent applications to which ViaSat attempts to claim priority. As such, there is no issue in this case that turns on whether ViaSat conceived of the '875 patent as of the date of its provisional patent filings in September and October 2006 or slightly earlier in August 2006.[2] Second, the "Option 3" email is likely to confuse and mislead the jury into believing that it reflects the disclosure of "proprietary" information from ViaSat to SS/L, notwithstanding the Court's partial summary judgment ruling that the "Option 3" email is not proprietary to ViaSat.

### B. Evidence Regarding Any ▮▮▮▮▮▮▮▮▮▮ is Irrelevant and Unfairly Prejudicial Because "Option 3" Is Not Proprietary to ViaSat.

Because the "Option 3" email itself is not proprietary to ViaSat as a matter of law, ViaSat should not be permitted to introduce evidence suggesting to the jury that SS/L "misappropriated" concepts from the "Option 3" email by disclosing them to Hughes.

Throughout the course of discovery, ViaSat has asserted that 

---

[2] SS/L is asserting that ViaSat may only claim priority in the '875 patent as of the date of its 2009 amendments and not to the dates of its 2006 provisional and 2007 PCT patent applications. The "Option 3" email is irrelevant to that question. The other prior art that SS/L asserts—assuming ViaSat prevails on the priority date issue—does not fall in the time period between the "Option 3" email from August 2006 and ViaSat's provisional patent filings in September and October of 2006.

██████████████████████ The expert reports from Dr. Bartone and Dr. Kaplan ████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████ Ex. 22 (Bartone Opening '875 Report) at ¶¶ 612-18, 627-38; Ex. 25 (Kaplan Opening Report) at ¶¶ 141-45, 150-75.

Yet the Court recently ruled that the "Option 3" concepts that Dr. Bartone and Dr. Kaplan discuss in their reports are <u>not</u> proprietary to ViaSat under the non-disclosure agreements as a matter of law. Dkt. 720 at 9. As a result, it would have been perfectly appropriate for SS/L to simply forward the "Option 3" email directly to Hughes without breaching any conractual duty to ViaSat whatsoever. Moreover,

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████ Ex. 22 (Bartone '875 Opening Report) at ¶¶ 116-472 (citing Jupiter Critical Design Review "CDR" documents dated from the year 2010 for infringement contentions).

As a result, SS/L respectfully requests that the Court preclude ViaSat from introducing the expert opinions suggesting that the "Option 3" concepts are proprietary to ViaSat or that SS/L misappropriated such concepts via its discussions with Hughes. In addition, SS/L requests that the Court preclude ViaSat from introducing any evidence about ███████████████████

████████████████████████████████. Such evidence is irrelevant under Rule 402, since the Court has ruled the "Option 3" concets are not proprietary to ViaSat as a matter of law. Moreover, even if there was some marginal relevance to such evidence, it is substantially outweighed by the danger unfair prejudice and of misleading the jury into believing "Option 3" was proprietary (and that SS/L did anything wrong by allegedly sharing such concepts with Hughes). Fed. R. Civ. P. 403. A motion in *limine* to exclude "evidence regarding disclosure of alleged proprietary information that was not" properly designated under the applicable non-dislclosure agreements is appropriate under California law and should be granted here. *Gen. Nanotechnology LLC v. Lawrence Livermore Nat'l Security LLC*, No. A129016, 2012 WL 2402847, at *20-21 (Cal. Ct. App. July 27, 2012) (unpublished).

### III. CONCLUSION

Based on the Court's recent Order, the "Option 3" email is not proprietary to ViaSat, period. As a result, SS/L's alleged dislcosure of the "Option 3" concepts to Hughes cannot constitute a breach of the applicable non-dislcosure agreements as a matter of law. The Court should enforce its Order by precluding ViaSat from introducing evidence concerning (a) the irrelevant "Option 3" email and (b) the irrelevant ████████████████████████████████████████ Any other result would risk rendering the Court's Order granting partial summary judgment on the "Option 3" email a "dead letter," unfairly prejudicing SS/L, and misleading the jury into believing that concepts that are not "proprietary" as a

matter of law are nonetheless a basis for ViaSat's breach of contract claim. SS/L respectfully requests that the Court grant this motion *in limine*.

Dated: February 7, 2014    By:    */s/ Amanda K. Bonn*

                            Marc M. Seltzer
                            Amanda K. Bonn
                            SUSMAN GODFREY L.L.P.
                            1901 Avenue of the Stars, Suite 950
                            Los Angeles, CA 90067-6029
                            Telephone: (310) 789-3100
                            Fax: (310) 789-3150
                            Email: abonn@susmangodfrey.com

                            William Christopher Carmody
                            (Admitted *Pro Hac Vice*)
                            Jacob W. Buchdahl
                            (Admitted *Pro Hac Vice*)
                            SUSMAN GODFREY L.L.P.
                            560 Lexington Avenue, 15th Floor
                            New York, NY 10022
                            Telephone: (212) 336-8330
                            Fax: (212) 336-8340

                            Joseph S. Grinstein
                            (Admitted *Pro Hac Vice*)
                            William R. H. Merrill
                            (Admitted *Pro Hac Vice*)
                            SUSMAN GODFREY L.L.P
                            1000 Louisiana Street, Suite 5100
                            Houston, Texas 77002-5096
                            Telephone:  713-653-7856
                            Facsimile:   713-654-6666
                            Email: jgrinstein@susmangodfrey.com
                            Email: bmerrill@susmangodfrey.com

Ian B. Crosby
(Admitted *Pro Hac Vice*)
Rachel S. Black
(Admitted *Pro Hac Vice*)
Patrick C. Bageant (275135)
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Telephone: (206) 516-3861
Fax: (206) 516-3883
Email: icrosby@susmangodfrey.com
Email: rblack@susmangodfrey.com
Email: pbageant@susmangodfrey.com

*Attorneys for Defendants/Counterclaim Plaintiffs Space Systems/Loral, LLC (f/k/a Space Systems/Loral, Inc.) and Loral Space & Communications Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 7, 2014, I caused the foregoing **[PUBLIC-REDACTED] DEFENDANTS' MOTION IN LIMINE #3 TO EXCLUDE THE "OPTION 3" EMAIL AND RELATED EVIDENCE** to be served on opposing counsel via the electronic service.

Dated: February 7 2014   By:   */s/ Amanda K. Bonn*