William Christopher Carmody
(Admitted *pro hac vice*)
Jacob W. Buchdahl
(Admitted *pro hac vice*)
SUSMAN GODFREY L.L.P.
560 Lexington Avenue, 15th Floor
New York, New York 10022
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
Email: bcarmody@susmangodfrey.com
Email: jbuchdahl@susmangodfrey.com

Marc M. Seltzer (54534)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
Email: mseltzer@susmangodfrey.com

[Additional counsel listed below signature line]

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC.,<br>　　　Plaintiff,<br>　　vs.<br>SPACE SYSTEMS/LORAL, INC., LORAL SPACE & COMMUNICATIONS INC.,<br>　　　Defendants/Counterclaim Plaintiffs. | Case No. 3:12-cv-00260-H-WVG<br><br>Hon. Marilyn L. Huff<br><br>**[PUBLIC-REDACTED]**<br><br>**DEFENDANTS' MOTION IN LIMINE #4 TO EXCLUDE EVIDENCE REGARDING WHAT CONSTITUTES "PROPRIETARY INFORMATION"**<br><br>Date: February 19, 2014<br>Time: 10:30 a.m.<br>Place: Courtroom 15A |

**CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT .......................................................................................................2

    A. ViaSat Should Be Precluded from Offering Expert Testimony that Concepts are "Proprietary" to ViaSat Under the Asserted Contracts. ........................................................................................................2

    B. ViaSat Should Be Precluded From Soliciting Legal Conclusions from Fact Witnesses on What They Subjectively Believe is "Proprietary Information" Under the Relevant Contract(s). ..................5

III. CONCLUSION ..................................................................................................6

# I. INTRODUCTION

As the Court's Order granting SS/L's motion for partial summary judgment makes clear, the various non-disclosure agreements ("NDAs") asserted in this case have specific requirements that must be satisfied in order for information to be protected as "Proprietary Information." <u>First</u>, the material must be ███████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████ Dkt. No. 720 at 2-4 (quoting NDAs). <u>Second</u>, "Proprietary Information" ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████ *See, e.g.*, Ex. 29 at ¶ 1 (March 8, 2006 NDA). <u>Third</u>, "Proprietary Information" ████████████████████████████████████ ██████████████████████████████████████████████████████ *Id.*

Throughout the course of fact and expert discovery, ViaSat has attempted to skirt the requirements of the relevant contracts by (1) asking its experts to offer legal opinions that certain concepts are "proprietary" under the contracts because they would "typically" be viewed as "proprietary" in the industry and (2) asking fact witnesses to offer improper opinions about their personal, subjective beliefs on what constitutes "Proprietary Information." Both of these types of evidence are entirely inappropriate, as whether certain information constitutes "Proprietary Information" under the asserted contracts is an ultimate legal question for the jury to decide based on the Court's instructions on the law. ViaSat should be precluded

from attempting to introduce improper expert opinions on the legal question of what constitutes "Proprietary Information" and from asking fact witnesses about their irrelevant, subjective beliefs on the same subject.

## II. ARGUMENT

### A. ViaSat Should Be Precluded from Offering Expert Testimony that Concepts are "Proprietary" to ViaSat Under the Asserted Contracts.

ViaSat's experts purport to offer legal opinions as to whether certain concepts are "proprietary" under the relevant contracts, which is not a proper area for expert testimony. More critically, ViaSat's experts purport to opine that concepts are "proprietary" not because such concepts satisfy the marking and other requirements of the contracts, but rather because such concepts are "typically" treated as proprietary within the satellite industry.

For example, ViaSat's expert Dr. Kaplan ▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬ Ex. 25 (Kaplan Report ¶ 2). Dr. Kaplan, however, never purports to analyze whether any purported "proprietary" concept satisfied ▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

*Id.* at ¶ 18. Dr. Kaplan additonally opines ███████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████ " *Id.* at 91. Dr. Kaplan finally opines that ████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████[1]

*Id.* at ¶ 20.

    Whether any concept is "proprietary" under the relevant non-disclosure agreement(s) is a legal question and as such is not an appropriate issue for expert testimony.Under Federal Rule of Evidence 702, an expert may opine on issues of "scientific, technical, or other specialized knowledge" if doing so will "assist the trier of fact to understand the evidence or . . . determine a fact in issue." Fed. R. Evid. 702. However, expert testimony "cannot be used to provide legal meaning or interpret the [contracts] as written." *McHugh v. United Service Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999). As such, in *McHugh*, the Ninth Circuit held it was improper to admit expert testimony regarding "legal conclusions as to what

---

[1] ViaSat's other experts do likewise. For example, in a "Sur-Rebuttal" report served on February 6, 2014, Mr. Sturza opined that a ████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ██████████████████████████ Ex. 23 at ¶ 202.

conditions were covered or excluded under the terms of the [insurance] policy." *Id.* Other Ninth Circuit cases are in accord. *See, e.g.*, *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) ("The interpretation of a contract is an issue of law . . . . Expert testimony is not proper for issues of law. Experts interpret and analyaze factual evidence. They do not testify about the law.") (internal citations and quotation marks omitted); *Maffei v. N. Ins. Co. of New York*, 12 F.3d 892, 898-99 (9th Cir. 1993) (upholding exclusion of expert testimony of whether "vapor cloud" constituted a "hostile fire as defined in" the relevant insurance policy as an improper legal conclusion).

ViaSat may offer expert testimony as to whether a particular technical concept was disclosed or whether that concept was known to the public based on prior art. However, ViaSat's experts may not purport to offer <u>legal opinions</u> as to whether concepts are indeed "Proprietary Information" or "Intellectual Property" under the relevant contracts. More critically, ViaSat's experts may not opine that certrain concepts are "proprietary" because of industry norms or what "typically" is viewed as proprietary, as the contracts at issue provide unambiguous legal requirements as to what it takes to constitute "proprietary" information. Permitting ViaSat's experts to testify that concepts would be "typically" viewed as proprietary is irrelevant under Rule 402 and unfairly prejudicial and confusing to the jury under Rule 403, as the contracts require that to be "proprietary" material must be (1) properly designated in writing, (2) not known to the recipient, and (3) not in the public realm. The Court should preclude ViaSat's experts from opining that

concepts are "proprietary" either under the contracts or worse, notwithstanding the terms of the contracts.

### B. ViaSat Should Be Precluded From Soliciting Legal Conclusions from Fact Witnesses on What They Subjectively Believe is "Proprietary Information" Under the Relevant Contract(s).

Likewise, ViaSat should not be permitted to ask fact witnesses whether they personally understood or believed certain concepts to be "proprietary" to ViaSat. Throughout various depositions in this case, ViaSat has asked SS/L fact witnesses whether they subjectively believed certain concepts to be "proprietary" to ViaSat. *See, e.g.*, Ex. 28 (Hoeber Dep.) at 33:9-34:6. SS/L expects ViaSat will attempt to use similar tactics at trial.

But as this Court has already ruled as a matter of law, the "subjective intent of one of the parties is not indicative of the mutual intent of both parties" with respect to whether the marking requirement under any non-disclosure agreement has been satisfied or waived. Dkt. 720 at 6 (quoting *Convolve, Inc. v. Compaq Computer Corp.*, 527 Fed. Appx. 910, 924 (Fed. Cir. 2013)). That is because "[i]t is the objective intent, as evidenced by the words of the contract, rather than the subjective intent of one of the parties, that controls interpretation." *Titan Grp. v. Sonoma Valley Sanitation Dist.*, 211 Cal. Rptr. 62, 65 (Cal. Ct. App. 1985). In addition, it is wholly improper to ask fact witnesses to render opinions on legal issues such as what constitutes "Proprietary Information" under the relevant contracts. Fed. R. Evid. 701 ("If a witness is not testifying as an expert, testimony in the form of an opinion is one that is . . . rationally based on the witnesses perception . . . .").

ViaSat should be precluded from introducing evidence at trial concerning what SS/L's fact witnesses subjectively believed to constitute "Proprietary Information" under the asserted contracts. This evidence is improper opinion testimony under Rule 701, irrelevant as a matter of law under Rule 402 and the Court's partial summary judgment Order, and unfairly prejudicial and misleading to the jury under Rule 403.

### III. CONCLUSION

Whether any particular technical concept constitutes "Proprietary Information" or "Intellectual Property" under the asserted contracts is an ultimate legal question on which neither expert nor fact witnesses should be asked to opine. And ViaSat should certainly not be permitted to introduce evidence suggesting that concepts may constitute "Proprietary Information" not because the requirements of the asserted contracts have been satisfied but rather because of what is "typically" done in the industry (or other irrelevant factors). As a result, SS/L respectfully requests that the Court grant its motion *in limine*.

Dated: February 7, 2014          By:   */s/ Amanda K. Bonn*

Marc M. Seltzer
Amanda K. Bonn
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Fax: (310) 789-3150
Email: abonn@susmangodfrey.com

| | |
|---|---|
| 1 | William Christopher Carmody |
| | (Admitted *Pro Hac Vice*) |
| 2 | Jacob W. Buchdahl |
| | (Admitted *Pro Hac Vice*) |
| 3 | SUSMAN GODFREY L.L.P. |
| 4 | 560 Lexington Avenue, 15th Floor |
| | New York, NY 10022 |
| 5 | Telephone: (212) 336-8330 |
| | Fax: (212) 336-8340 |
| 6 | |
| 7 | Joseph S. Grinstein |
| | (Admitted *Pro Hac Vice*) |
| 8 | William R. H. Merrill |
| | (Admitted *Pro Hac Vice*) |
| 9 | SUSMAN GODFREY L.L.P |
| | 1000 Louisiana Street, Suite 5100 |
| 10 | Houston, Texas 77002-5096 |
| 11 | Telephone: 713-653-7856 |
| | Facsimile: 713-654-6666 |
| 12 | Email: jgrinstein@susmangodfrey.com |
| | Email: bmerrill@susmangodfrey.com |
| 13 | |
| 14 | Ian B. Crosby |
| | (Admitted *Pro Hac Vice*) |
| 15 | Rachel S. Black |
| | (Admitted *Pro Hac Vice*) |
| 16 | Patrick C. Bageant (275135) |
| | SUSMAN GODFREY L.L.P. |
| 17 | 1201 Third Avenue, Suite 3800 |
| 18 | Seattle, WA 98101 |
| | Telephone: (206) 516-3861 |
| 19 | Fax: (206) 516-3883 |
| | Email: icrosby@susmangodfrey.com |
| 20 | Email: rblack@susmangodfrey.com |
| | Email: pbageant@susmangodfrey.com |
| 21 | |
| 22 | *Attorneys for Defendants/Counterclaim Plaintiffs Space Systems/Loral, LLC (f/k/a Space Systems/Loral, Inc.) and Loral Space & Communications Inc.* |
| 23 | |
| 24 | |

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 7, 2014, I caused the foregoing **[PUBLIC-REDACTED] DEFENDANTS' MOTION IN LIMINE #4 TO EXCLUDE EVIDENCE REGARDING WHAT CONSTITUTES "PROPRIETARY INFORMATION"** to be served on opposing counsel via the Court's CM/ECF system.

Dated: February 7, 2014   By:   */s Amanda K. Bonn*