# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC., VIASAT COMMUNICATIONS, INC., f/k/a WILDBLUE COMMUNICATIONS, INC.,<br><br>　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>SPACE SYSTEMS/LORAL, INC., LORAL SPACE & COMMUNICATIONS, INC.,<br><br>　　　　　　　　Defendants. | CASE NO. 3:12-CV-00260-H (WVG)<br><br>**ORDER REGARDING MOTIONS IN LIMINE**<br><br>[DOC. NOS. 735, 736, 737, 762, 763, 764, 765, 766] |

On February 7, 2014, Plaintiffs ViaSat, Inc., and ViaSat Communications, Inc. (collectively, "ViaSat"), filed three motions in limine (Doc. Nos. 735, 736, 737) and Defendants Space Systems/Loral, Inc., and Loral Space & Communications, Inc. (collectively, "SS/L"), filed five motions in limine (Doc. Nos. 762, 763, 764, 765, 766). The Court held a hearing on February 19, 2014. Sean S. Pak, Charles K. Verhoeven, Yury Kapgan, Amy H. Candido, and Adam B. Wolfson appeared for ViaSat. William C. Carmody, Jacob W. Buchdahl, Amanda K. Bonn, and Patrick C. Bageant appeared for SS/L. For the following reasons, the Court: (1) grants in part SS/L's motion to

exclude evidence of ViaSat's unrelated intellectual property (Doc. No. 762); (2) denies without prejudice ViaSat's motion to exclude hypothetical testimony of Thomas Gaske and testimony based thereon (Doc. No. 735); (3) denies without prejudice ViaSat's motion to preclude defendants from presenting certain arguments about functional claim language in U.S. Patent No. 8,107,875 (Doc. No. 736); (4) denies without prejudice ViaSat's motion to exclude certain evidence and argument regarding U.S. Patent No. 8,010,043 (Doc. No. 737); (5) denies without prejudice SS/L's motion to exclude evidence and argument about U.S. Patent No. 7,792,070 (Doc. No. 763); (6) denies without prejudice SS/L's motion to exclude the "Option 3" email and related evidence (Doc. No. 764); (7) denies without prejudice SS/L's motion to exclude evidence regarding what constitutes "proprietary information" (Doc. No. 765); and (8) denies without prejudice SS/L's motion to exclude evidence that ViaSat should have disclosed at the 30(b)(6) deposition (Doc. No. 766).

    *A.    SS/L's Motion in Limine to Exclude Evidence of ViaSat's Unrelated Intellectual Property (Doc. No. 762)*

SS/L seeks to prohibit ViaSat from introducing evidence of ViaSat's patents other than those at issue in this lawsuit. (Doc. No. 762.) SS/L anticipates that ViaSat will seek to introduce evidence of its other patents in order to rebut SS/L's evidence of non-infringing alternatives to the patents-in-suit. (Id. at 3.) Specifically, SS/L seeks to exclude evidence of U.S. Patents No. 8,213,929 ("the '929 Patent"); 8,254,832 ("the '832 Patent"); 8,285,202 (the '202 Patent"); 8,548,377 ("the '377 Patent"); and 7,684,368 ("the '368 Patent"). (Id. at 2.) Those patents were issued after the hypothetical negotiation[1] and are the subject of a second lawsuit between the parties. See ViaSat, Inc. v. Space Systems/Loral, Inc., Case No. 3:13-cv-02074-H-WVG, Doc. No. 12. SS/L argues, first, that previously unasserted patents offered to rebut non-infringing alternatives are irrelevant under Rule 402 of the Federal Rules of Evidence.

---

[1] See Georgia-Pacific Corp. v. U.S. Plywood Corp., 318 F. Supp. 1116, 1121 (S.D.N.Y. 1970).

(Id.) In the alternative, SS/L argues that the Court should exclude evidence of ViaSat's other patents because it presents a risk of unfair prejudice that outweighs its probative value under Rule 403. (Id. at 5-10.) ViaSat argues that evidence bearing on whether SS/L's proposed alternatives infringe ViaSat's other patents is relevant to damages and not unfairly prejudicial. (Doc. No. 817 at 6-13.)

This evidence relates to ViaSat's claims for damages under lost profits and reasonable royalty theories. (Id. at 6.) Evaluating damages under either theory involves consideration of whether non-infringing alternatives to ViaSat's patented technology were available to SS/L. See Zygo Corp. v. Wyko Corp., 79 F.3d 1563, 1571-72 (Fed. Cir. 1996); Panduit Corp. v. Stahlin Bros. Fibre Works, Inc., 575 F.2d 1152, 1156 (6th Cir. 1978). These patents were issued after SS/L completed its designs for the Jupiter-1 satellite and after the hypothetical royalty negotiation. (Doc. Nos. 762 at 4, 817 at 11-12.) SS/L launched the Jupiter-1 satellite in July of 2012. (Doc. No. 762 at 4.) And in ViaSat's expert report on damages, ViaSat's expert states that a hypothetical negotiation for a royalty to ViaSat's patents-in-suit would have had to take place before August of 2010. (Doc. No. 558-2 at 45.) In comparison, the '929 Patent was issued on July 3, 2012 (Doc. No. 775-6); the '832 Patent was issued on August 28, 2012 (Doc. No. 776); the '202 Patent was issued on October 9, 2012 (Doc. No. 776-1); the '377 Patent was issued on October 1, 2013 (Doc. No. 776-2); and the '368 Patent was issued on March 23, 2010 (Doc. No. 776-4). Therefore, at the time of the hypothetical royalty negotiation, ViaSat did not hold the patents that it intends to introduce into evidence for its damages calculations. The parties would not have taken these patents into account when negotiating a royalty for SS/L's use of the patents-in-suit, nor would SS/L have taken the newer patents into account when developing the Jupiter-1 satellite prior to its July 2012 launch.[2]

---

[2] ViaSat argues that the book of wisdom supports the admission of the evidence. (Doc. No. 817 at 12 (citing ResQNet.com, Inc. v. Lansa, Inc., 594 F.3d 860, 872-73 (Fed. Cir. 2010)).

ViaSat argues that although it obtained these newer patents after the likely date of the hypothetical negotiation, it had already filed applications for the patents at the time of the negotiation. (Doc. No. 817 at 11-12.) Thus, the parties would have been aware of ViaSat's pending patent applications and of the possibility that ViaSat might file continuation applications claiming those disclosed inventions. (Id.) This argument is speculative at best. See ResQNet.com, Inc. v. Lansa, Inc., 594 F.3d 860, 869 (Fed. Cir. 2010) ("[A] reasonable royalty analysis requires a court to hypothesize, not to speculate."). Moreover, SS/L points out that the newer patents are the subject of a second lawsuit between the parties. ViaSat, Inc. v. Space Systems/Loral, Inc., Case No. 3:13-cv-02074-H-WVG. To the extent that SS/L's proposed non-infringing alternatives infringe the newer patents, ViaSat will be able to recover the bulk of those damages in the second lawsuit, if appropriate. Thus, the probative value of the evidence of ViaSat's other patents is limited.

In contrast, this evidence presents substantial risks of unfair prejudice, confusing the issues, and waste of time. The newer patents have not been subject to claim construction, and SS/L has not had an opportunity to challenge their validity. (Doc. No. 762 at 3.) Furthermore, asking the jury to distinguish the patents-in-suits from those ViaSat introduces only to undermine Defendants' evidence of non-infringing alternatives is likely to result in confusion and delay. (Id. at 9-10.) As a result, the Court grants SS/L's motion as to evidence of ViaSat's unasserted patents. Under Federal Rule of Evidence 403, ViaSat may not introduce evidence that SS/L's non-infringing alternatives infringe ViaSat's unasserted patents. Nonetheless, if events during the trial cause this evidence to become more probative or less prejudicial, ViaSat may seek to reintroduce this evidence outside the presence of the jury.

In the same motion, SS/L also argues that the Court should exclude evidence that SS/L's other products (products not accused in this lawsuit) infringe ViaSat's patents. (Doc. No. 762 at 10-11.) ViaSat states that it does not intend to offer evidence of infringement by SS/L's other products. (Doc. No. 817 at 19.) Accordingly, the Court

grants SS/L's motion as to evidence of ViaSat's other intellectual property but denies the motion without prejudice as to SS/L's other products.

### B. *ViaSat's Motion in Limine to Exclude Hypothetical Testimony of Thomas Gaske and Testimony Based Thereon (Doc. No. 735)*

ViaSat seeks to exclude the testimony of Thomas Gaske and any reference to Thomas Gaske, which ViaSat contends is impermissibly speculative under Rule 701 of the Federal Rules of Evidence. (Doc. No. 735.) SS/L contends that Mr. Gaske's testimony and other references at trial will comport with Rule 701. (Doc. No. 805 at 10-16.) Based on the present record, the Court denies the motion to exclude the testimony without prejudice. ViaSat may make a contemporaneous objection at the time of trial to the evidence.

### C. *ViaSat's Motion in Limine to Preclude Defendants from Presenting Certain Arguments About Functional Claim Language in U.S. Patent No. 8,107,875 (Doc. No. 736)*

ViaSat seeks to preclude SS/L from presenting arguments at trial that certain functional claim language must be reflected in the structure of an accused device. (Doc. No. 736.) SS/L argues that ViaSat's motion represents an untimely request for claim construction. (Doc. No. 807 at 2-5.) The Court denies ViaSat's motion without prejudice, but ViaSat may make a contemporaneous objection at the time of trial.

### D. *ViaSat's Motion in Limine to Exclude Certain Evidence and Argument Regarding U.S. Patent No. 8,010,043 (Doc. No. 737)*

ViaSat seeks to preclude SS/L from presenting evidence and argument suggesting that the word "maximum" in Claim 1 of U.S. Patent No. 8,010,043 means an absolute maximum rather than a relative maximum. (Doc. No. 737.) SS/L opposes, and disagrees with ViaSat's characterization of its position. (Doc. No. 807.) Accordingly, the Court denies SS/L's motion without prejudice, but ViaSat may make a contemporaneous objection at the time of trial.

//

1    *E.    SS/L's Motion in Limine to Exclude Evidence and Argument About U.S.*
2    *Patent No. 7,792,070 and Related Applications (Doc. No. 763)*

SS/L seeks to preclude all parties from introducing evidence and argument at trial of SS/L's U.S. Patent No. 7,792,070 or the applications that led to it. (Doc. No. 763.) SS/L argues that evidence of this patent is irrelevant to the subject matter of this lawsuit under Federal Rule of Evidence 402 and highly prejudicial under Federal Rule of Evidence 403. (Id. at 5-7, 7-9.) ViaSat argues that U.S. Patent No. 7,792,070 is relevant as an independent breach of the Build Contract. (Doc. No. 818 at 15-16.) The Court denies SS/L's motion without prejudice, but SS/L may make a contemporaneous objection at the time of trial.

*F.    SS/L's Motion in Limine to Exclude the Option 3 Email and Related*
*Evidence (Doc. No. 764)*

SS/L seeks to exclude evidence related to an email that Tom Moore sent to certain SS/L employees on August 2, 2006 (the "Option 3 Email"). (Doc. No. 764.) SS/L argues that because the Court has ruled that information contained in the Option 3 email is not proprietary as a matter of law, it is irrelevant to ViaSat's claims for breach of contract. (Id. at 5.) ViaSat argues that evidence related to the Option 3 email is relevant to issues in this case other than the disclosure of proprietary information. (Doc. No. 818 at 11-15.) The Court agrees with ViaSat based on the present record. At the time of trial, SS/L may seek an appropriate limiting instruction or make a contemporaneous objection. Accordingly, the Court denies SS/L's motion without prejudice.

*G.    SS/L's Motion in Limine to Exclude Evidence Regarding What Constitutes*
*Proprietary Information (Doc. No. 765)*

SS/L seeks to preclude ViaSat from offering witness testimony regarding whether concepts are proprietary to ViaSat under the contracts at issue in this case. (Doc. No. 765.) The Court denies SS/L's motion without prejudice, but SS/L may make a contemporaneous objection at the time of trial.

  H. *SS/L's Motion in Limine to Exclude Evidence that ViaSat Should Have Disclosed at the 30(b)(6) Deposition (Doc. No. 766)*

  SS/L seeks to preclude ViaSat from introducing certain evidence regarding the conception, diligence, and reduction to practice of each of each of the asserted claims of U.S. Patent Nos. 8,010,043 and 8,068,827. (Doc. No. 766.) SS/L argues that ViaSat's corporate representative should have disclosed this information during a deposition on October 15, 2013 pursuant to Federal Rule of Civil Procedure 30(b)(6). (Id. at 6-9.) The Court denies SS/L's motion without prejudice to a contemporaneous objection at the time of trial.

## CONCLUSION

  Having fully considered the parties' positions, the Court grants in part SS/L's motion to exclude extraneous infringement allegations (Doc. No. 762) and denies without prejudice the remaining motions in limine. During the presentation of evidence at trial, the Court will be in a more informed position to rule on evidentiary issues. Therefore, the Court reserves the right to exclude any evidence at trial upon proper objection.

  **IT IS SO ORDERED.**

DATED: February 20, 2014

                  _____
                  MARILYN L. HUFF, District Judge
                  UNITED STATES DISTRICT COURT