# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC.,<br><br>    Plaintiff-Counterclaim Defendant,<br><br>vs.<br><br>SPACE SYSTEMS/LORAL, LLC (f/k/a SPACE SYSTEMS/LORAL, INC.), LORAL SPACE & COMMUNICATIONS, INC.,<br><br>    Defendants-Counterclaim Plaintiffs. | CASE NO. 3:12-cv-00260-H-WVG<br><br>**[PROPOSED] JURY INSTRUCTION ON INDEFINITENESS**<br><br>Trial Date:   March 25, 2014<br>Time:         9:00 a.m.<br>Courtroom: 15A<br>Judge:        Hon. Marilyn L. Huff |

**COURT'S INSTRUCTION NO. \_\_\_\_**[1]

[**ViaSat proposes**:   A patent is invalid as indefinite if a person of ordinary skill in the art would not understand what is, and what is not, covered by the claims. The accused infringer bears the burden of demonstrating indefiniteness by clear and convincing evidence.

The patent laws include certain requirements for the way patent claims must be written.   Claims must be sufficiently clear that a person of ordinary skill in the field of the invention reading the claim is able to determine what products or activities would infringe the claim, and what products or activities would not infringe the claim.   If a patent claim does not meet this requirement, then the claim is indefinite and invalid.   You must determine whether one of ordinary skill in the field reading the patent as of the date of the invention would understand what is claimed when the claim is read in light of the patent specification as a whole, the claim language, the prosecution history, and the knowledge in the relevant art.

All the claims at issue in this action are apparatus claims.   An apparatus claim is invalid as indefinite if it covers an apparatus and also a method for using the claimed apparatus.   In that case, for example, a manufacturer or seller of the

---

[1]  ViaSat contends that indefiniteness is not an issue that should be presented to the jury. *Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371 (Fed. Cir. 2001) ("'We adhere to the principle that 'determination of claim indefiniteness is a legal conclusion that is drawn from the court's performance of its duty as the construer of patent claims.'") (quoting *Personalized Media Commc'n*, 161 F.3d 696, 705 (Fed. Cir. 1998)) (collecting cases).   Moreover, this Court has already found that the '827 Patent is not indefinite as a matter of law.   Finally, to the extent any instruction on indefiniteness is given, the Court should adopt ViaSat's instruction. Defendants proposed instruction fails to identify the burden of proof or convey the standard for indefiniteness as articulated by the Federal Circuit.   Moreover, Defendants' proposed instruction cherry picks statements, without context, from multiple cases.   Finally, ViaSat's instruction eliminates the language relating to claim terms relying on subjective intent because Defendants have indicated that they no longer intend to pursue this defensive theory.

apparatus cannot determine from the claim whether use is required for infringement, or merely possession of the apparatus with the capabilities for the claimed use would result in liability.]

DATED: April 1, 2014

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Michelle Ann Clark*
Michelle Ann Clark

*Attorneys for Plaintiff ViaSat, Inc.*