William Christopher Carmody
(Admitted *pro hac vice*)
Jacob W. Buchdahl
(Admitted *pro hac vice*)
SUSMAN GODFREY L.L.P.
560 Lexington Avenue, 15th Floor
New York, New York 10022
Telephone:  (212) 336-8330
Facsimile:   (212) 336-8340
Email: bcarmody@susmangodfrey.com
Email: jbuchdahl@susmangodfrey.com

Marc M. Seltzer (54534)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone:  (310) 789-3100
Facsimile:   (310) 789-3150
Email: mseltzer@susmangodfrey.com

[Additional counsel listed below signature line]

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC.,<br><br>           Plaintiff,<br>vs.<br><br>SPACE SYSTEMS/LORAL, INC., LORAL SPACE & COMMUNICATIONS INC.,<br><br>           Defendants/Counterclaim Plaintiffs. | Case No. 3:12-cv-00260-H-WVG<br><br>Hon. Marilyn L. Huff<br><br>**DEFENDANTS' MOTION FOR A MISTRIAL**<br><br>Date: April 2, 2014<br>Time: 9:00 a.m.<br>Place: Courtroom 15A |

Defendants Space Systems/Loral, LLC, and Loral Space & Communications, Inc., (collectively, "SS/L") hereby move for a mistrial. Contrary ViaSat's hollow assurances, this trial has increasingly revolved around the "Option 3 email"—an issue that as a matter of law has no relevance to any matter before the jury and an issue that the jury will not be able to put out of its mind when asked to deliberate about the important matters that *are* before it.

## I. INTRODUCTION

So-called "Option 3" is not relevant to any issue in this case under any legal theory. It cannot support ViaSat's breach of Non-Disclosure Agreement ("NDA") claim because Option 3 is not proprietary to ViaSat. It cannot support ViaSat's patent claims because it is not evidence of any patented invention—on the very first day of trial, ViaSat's Chief Executive Officer and inventor of the '875 patent admitted freely that Option 3 neither describes the invention in the '875 patent nor is evidence of that patent's conception. Finally, Option 3 is not relevant evidence of secondary indicia of non-obviousness (whether according to an allegation of copying or otherwise) because—again—ViaSat's Chief Executive Officer and inventor of the '875 patent agrees that Option 3 contains an idea quite different from the one he patented.

Instead, Option 3's *only* role at this trial has been to create the prejudicial implications that SS/L either stole Option 3 from ViaSat (even though it was not proprietary to ViaSat) or that SS/L copied the '875 patent by copying Option 3 (even though they set forth different and incompatible ideas). The misleading and prejudicial nature of Option 3 is why SS/L filed a motion in limine to preclude it before this trial began, and presentation to the jury of those issues has created a

sideshow that is wholly immaterial to this case. That sideshow will undoubtedly taint the jury's interpretation of the facts on the issues that *do* matter in this case— i.e., SS/L's alleged infringement of patents (which have nothing to do with Option 3) and SS/L's alleged breach of contracts (which cannot apply to Option 3). On that ground SS/L respectfully moves for a mistrial.

## II.   ARGUMENT

The Option 3 email is not proprietary to ViaSat. (Doc. No. 720.) The Court has issued a summary judgment ruling to that effect, and that ruling is the law of the case. *See id*.

After the Court's summary judgment ruling, when SS/L filed its Motion in Limine to Exclude the Option 3 Email and Related Evidence (Doc. No. 764), ViaSat defended its attempt to introduce Option 3 on the ground that:

> " . . . both the Burr patent and the Option 3 email are relevant to a number of live issues in this case, including (a) the conception date and nonobviousness of ViaSat's '875 patent; (b) the ownership of "Purchaser Intellectual Property" under Article 39 of the ViaSat-1 Build Contract (i.e., the "IP Provision" referenced and discussed in the NDA Order), which establishes the breaches of Build Contract ViaSat alleges occurred when Defendants used its Purchaser Intellectual Property on the Jupiter-1 and NBN Co. satellite projects; and (c) additional breaches of the IP Provision when Defendants filed a continuation of the Burr Patent in 2010."

(Doc. No. 818 at 1-2.) ViasSat also argued that Option 3 is secondary indicia of non-obviousness of the '875 patent because it demonstrates "commercial success, long-felt need, copying, unexpected and superior results, widespread acceptance in the field, and initial skepticism" of the '875 patent's invention. *Id*. at 4. The

evidence at trial has rendered each of those arguments unsupported and invalid, and has proven Option 3 to be what SS/L described in its motion in limine: a prejudicial sideshow.

### A.     Option 3 is Not Conception Evidence.

ViaSat first justified introduction of Option 3 at trial on the ground that it was evidence of conception of the '875 patent. But Mr. Mark Dankberg, ViaSat's CEO and named inventor of the '875 patent, belied that assertion on the first day of trial when he testified flatly that Option 3 is not evidence of conception at all:

> Q:     Okay. Do you contend that this E-mail is evidence of your conception of the '875 patent?
>
> A:     I don't think so. I don't think so. I wouldn't say that.

(March 25 Trial Tr. at 223.) If the Option 3 email is not evidence of conception, it cannot serve as evidence that ViaSat invented the '875 patent. *Burroughs Wellcome Co. v. Barr Labs., Inc.*, 40 F.3d 1223, 1227 (Fed. Cir. 1994) ("Conception is the touchstone of inventorship."). Mr. Dankberg further admitted that practicing the invention claimed in the '875 patent requires proximate gateway and user beams, which Option 3 lacks:

> Q:     Okay. And Claim 12 is a dependent claim on Claim 1, correct?
>
> A:     That's my understanding is that Claim 12 -- is that we would need -- if we wanted to practice the invention, we would need an invention that included Claim 1 and Claim 12. And ViaSat-1 and Jupiter both do that.
>
> Q:     So to practice the invention, you would need to place gateways near service beams, correct?
>
> A:     Yes, my understanding.

(March 26 Trial Tr. at 9). Indeed, ViaSat's witnesses have consistently admitted (as they must) that unlike the '875 patent, Option 3 discloses separated, not proximate or overlapping, beams. (V-517; March 25 Trial Tr. at 158, 197, 221-23; March 26 Trial Tr. at 19). These admissions confirm the obvious—Option 3 does not reflect the invention claimed in the '875 patent and is not relevant to issues surrounding that patent.

### B.  Option 3 is Not Relevant to Ownership of "Purchaser Intellectual Property" Under Article 39 of the Build Contract.

Option 3 is not relevant to "purchaser intellectual property" under the Build Contract because it does not contain ViaSat intellectual property. The plain language of Article 39 covers only "matter in which an Intellectual Property Right subsists." (V-188 at SSL0099738.) And "Intellectual Property Right(s)" under the Build Contract include only "common law and statutory proprietary rights with respect to Intellectual Property." *Id.* Option 3 plainly fails to meet these criteria. First, it is not proprietary to ViaSat. (E.g., Doc. Nos. 720 & 836.) Second, it does not contain the ideas claimed in the '875 patent or its applications because it is not conception evidence. (March 25 Trial Tr. at 223.) Third, it does not contain any ViaSat trade secret because it was not a secret—it was circulated freely among various companies including SS/L, atContact, and TimesArrow.[1] (V-517 (the "Option 3" email).)

Yet ViaSat witnesses have testified consistently that Option 3 is ViaSat "intellectual property" even if not "proprietary," even though—as a matter of law— ViaSat can offer no explanation of what "common law or statutory proprietary

---

[1] In fact, ViaSat was not even a participant in the Option 3 email.

1  rights" subsist in Option 3 such that it could be protected as intellectual property
2  under the Build Contract.
3      As to patent applications, ViaSat's General Counsel admitted that the only
4  possible such rights were those under 35 U.S.C. section 154(d) and that ViaSat does
5  not contend that those rights subsist in Option 3:

> Q: When [the Build Contract is] talking about patent applications, it's talking about the common law and statutory proprietary rights with respect to patent applications, correct?
>
> A: That's correct.
>
> Q: And do you know, sir, that there are actually statutory rights that are associated with patent applications?
>
> A: I'm not sure whether -- well, statutory rights and common law rights, we elicit both here. I mean, I think that patent applications are themselves, until they're published, probably considered trade secrets.
>
> Q: But, sir, you understand that a patent application actually can have statutory proprietary rights under 35 U.S.C. 154(d)?
>
> A: Yes, that's true.
>
> Q: And that's no an assertion in this case, that that particular statutory provision is at issue in this case, correct?
>
> A: I don't believe so.

21 (March 27 Trial Tr. at 765.)
22      As to "common law" proprietary rights in Option 3, ViaSat has implied that
23 they might be contractual rights under an asserted NDA, but the Court has already
24 rules that no such proprietary rights exist in Option 3. *See* Doc. No. 720 at 8; *see*

*also Convolve, Inc. v. Compaq Computer Corp.*, 527 F. App'x 910 (Fed. Cir. 2013).[2] ViaSat can articulate no other common law or statutory rights in Option 3 either, because there are none. Whatever the merits of ViaSat's reading—which Defendants continue to contest—of Article 39 generally, ViaSat's attempt to apply those arguments to Option 3 all fail as a matter of law.

### C. Option 3 is Not a Basis for the "Additional Breaches of the IP Provision" ViaSat has Asserted Via Continuations of the Burr Patent.

Nor is Option 3 related in any way to the third reason ViaSat attempted to justify its introduction at trial: that it was somehow evidence that SS/L breached the build contract when its employee Doug Burr filed a continuation of his patent in 2010. First, there has been *no* evidence that any continuation of the Burr patent was based on Option 3. Second, that 'continuation theory' is not even one ViaSat is pursuing; it waived its opportunity to introduce any evidence along those lines when it released Doug Burr at the conclusion of his testimony.

### D. Option 3 is Not Secondary Indicia of Non-Obviousness.

Finally, ViaSat cannot contend that Option 3 is secondary indicia of non-obviousness. Federal Circuit case law is clear that unless Option 3 is an embodiment of the claims of the '875 patent, it is *irrelevant as a matter of law* for purposes of secondary indicia such as copying. *E.g.*, *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1366 (Fed. Cir. 2001) ("[E]vidence of

---

[2] The Court has ruled that, as in *Convolve*, ViaSat and SS/L waived all other common law rights by virtue of their NDAs. (Doc. No. 720 at 8.) The application of Federal Circuit law to this issue is clear: the *NDAs* at issue in this case control the entirety of the parties' relationship regarding confidential disclosures. *Convolve*, 527 F. App'x at 925.

copying Amazon's "1–Click®" feature is legally irrelevant [as evidence of secondary considerations of non-obviousness] unless the "1–Click®" feature is shown to be an embodiment of the claims."); *Leapfrog Enterprises, Inc. v. Fisher-Price, Inc.*, 2005 WL 1331216, at *2 (D. Del. June 6, 2005) ("evidence of copying [the patentee's product] is legally irrelevant unless the [product] is shown to be an embodiment of the claims"). Mr. Dankberg's admissions that Option 3 is not the '875 invention conclusively prove that Option 3 is not an embodiment of the '875 patent:

> Q:  Okay. Do you contend that this E-mail is evidence of your conception of the '875 patent?
>
> A:  I don't think so. I don't think so. I wouldn't say that.

(March 25 Trial Tr. at 223.) Moreover, Mr. Dankberg also conceded that there were various important distinctions between Option 3 and the ViaSat-1 satellite—which ViaSat claims (and Mr. Dankberg testified) is an embodiment of the '875 patent. (March 26 Trial Tr. at 9, 19.) At best, ViaSat might argue that Option 3 contains "some" elements of the '875 claims.[3] But, as *Amazon* makes clear, Option 3 must be an *actual* embodiment of the claims to be relevant to secondary indicia; it is black-letter patent law that a half-embodiment does not count. *Amazon.com, Inc.*, 239 F.3d at 1366.

---

[3] ViaSat might argue, for example, that Option 3 reflects the non-proximate feeder beam element of dependent Claim 12 in the '875 patent. Whether true or not, ViaSat has conceded that Option 3 does not disclose a proximate feeder beam, which is also an element of claim 12 and without which Option 3 cannot embody the invention.

### E.   ViaSat's Evidence Regarding Option 3 is Un-curably Prejudicial.

A mistrial is appropriate when a cautionary instruction is unlikely to cure the prejudicial impact of a trial event, *United States v. Gann*, 732 F.2d 714, 725 (9th Cir. 1984), including after a violation of a motion in limine, *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1115 n.12 (9th Cir. 2005).

As to prejudice, each of the theories of relevance ViaSat proffered in opposition to SS/L's motion in limine regarding Option 3 have either been abandoned, or been contradicted by ViaSat's own witnesses' testimony. ViaSat's abuses of Option 3 at this trial, and its dedication of hours of trial time to the subject, have implicitly invited the jury to (1) draw fine distinctions between one form of IP right or another that may or may not subsist in Option 3 (despite the fact that no such IP right exists); (2) use Option 3 as a purported '875 conception document (even though it is not); and (3) use Option 3 as secondary indicia of non-obviousness (despite clear Federal Circuit case law precluding such use). ViaSat's efforts to blur the lines between Option 3 and proprietary information or IP invites the jury to find against SS/L by treating Option 3 as something that the law says it is not. Indeed, ViaSat's opening statement framed the entire case as one about "blatant copying" of ViaSat's "new proprietary design" for a satellite (March 25 Trial Tr. at 48) that ViaSat says was first proposed in Option 3. Its presentations to the jury to date have attempted to reinforce that theme.

The limiting instruction on the non-proprietary nature of Option 3 that SS/L has requested repeatedly cannot cure the prejudice already caused in the first 14 hours of the 25 that ViaSat has been allotted. Almost all of ViaSat's evidence of "copying ViaSat's new proprietary design" has involved SS/L's purported efforts to

steal the design that ViaSat claims is set forth in Option 3. *See also* March 25 Trial Tr. at 71 ("Doug Burr…took Mr. Dankberg's idea" for a new satellite design). ViaSat's arguments—and the bulk of the evidence it has already introduced—have impressed upon the jury that Option 3 is proprietary to ViaSat, which of course it is not. The jury will not be able to erase that misimpression from its mind and for that reason SS/L respectfully requests a mistrial.

### III.   CONCLUSION

For the forgoing reasons SS/L respectfully requests that the Court order a mistrial.

Dated: April 1, 2014          By:   */s/ Patrick C. Bageant*

> Marc M. Seltzer
> Amanda K. Bonn
> SUSMAN GODFREY L.L.P.
> 1901 Avenue of the Stars, Suite 950
> Los Angeles, CA 90067-6029
> Telephone: (310) 789-3100
> Fax: (310) 789-3150
> Email: abonn@susmangodfrey.com
>
> William Christopher Carmody
> (Admitted *Pro Hac Vice*)
> Jacob W. Buchdahl
> (Admitted *Pro Hac Vice*)
> Mark Musico
> (Admitted *Pro Hac Vice*)
> SUSMAN GODFREY L.L.P.
> 560 Lexington Avenue, 15th Floor
> New York, NY 10022
> Telephone: (212) 336-8330
> Fax: (212) 336-8340

| | |
|---|---|
| 1 | Joseph S. Grinstein |
| | (Admitted *Pro Hac Vice*) |
| 2 | William R. H. Merrill |
| | (Admitted *Pro Hac Vice*) |
| 3 | SUSMAN GODFREY L.L.P |
| | 1000 Louisiana Street, Suite 5100 |
| 4 | Houston, Texas 77002-5096 |
| | Telephone:  713-653-7856 |
| 5 | Facsimile:   713-654-6666 |
| | Email: jgrinstein@susmangodfrey.com |
| 6 | Email: bmerrill@susmangodfrey.com |
| 7 | |
| | Ian B. Crosby |
| 8 | (Admitted *Pro Hac Vice*) |
| | Rachel S. Black |
| 9 | (Admitted *Pro Hac Vice*) |
| | Patrick C. Bageant |
| 10 | SUSMAN GODFREY L.L.P. |
| | 1201 Third Avenue, Suite 3800 |
| 11 | Seattle, WA 98101 |
| | Telephone: (206) 516-3861 |
| 12 | Fax: (206) 516-3883 |
| | Email: icrosby@susmangodfrey.com |
| 13 | Email: rblack@susmangodfrey.com |
| | Email: pbageant@susmangodfrey.com |
| 14 | |
| 15 | |
| | *Attorneys for Defendants/Counterclaim* |
| 16 | *Plaintiffs Space Systems/Loral, LLC (f/k/a* |
| | *Space Systems/Loral, Inc.) and Loral Space* |
| 17 | *& Communications Inc.* |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 1, 2014, I caused the foregoing **DEFENDANTS' MOTION FOR A MISTRIAL** to be served on opposing counsel via the Court's CM/ECF system.

Dated: April 1, 2014                    By:   */s/ Patrick C. Bageant*