QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Sean S. Pak (Bar No. 219032)
seanpak@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875 6600

Yury Kapgan (Bar No. 218366)
yurykapgan@quinnemanuel.com
Vincent M. Pollmeier (Bar No. 210684)
vincentpollmeier@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
adamwolfson@quinnemanuel.com
865 S Figueroa Street 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000

Attorneys for Plaintiff ViaSat, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC., VIASAT COMMUNICATIONS, INC., f/k/a WILDBLUE COMMUNICATIONS, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>SPACE SYSTEMS/LORAL, INC., LORAL SPACE & COMMUNICATIONS, INC.,<br><br>Defendants. | CASE NO. 3:12-cv-00260-H-WVG<br><br>**VIASAT'S OPPOSITION TO SS/L'S MOTION TO STRIKE THE DECLARATION OF DANIEL J. SLOTTJE**<br><br>Date: August 7, 2014<br>Time: 9:00 a.m.<br>Place: Courtroom 15A |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................. 1

II. ARGUMENT ....................................................................................................... 3

    A. Federal Rule of Civil Procedure 26(a)(2) Only Applies to Trial Testimony ................................................................................................ 3

    B. Courts Routinely Consider Post-Trial Declarations When Deciding Permanent Injunction Motions ................................................... 5

    C. Even if Rule 26 Applies, The Slottje Declaration is Substantially Justified ................................................................................ 7

    D. Even if Rule 26 Applies, The Slottje Declaration is Harmless ............... 8

    E. The Slottje Declaration is Reliable and Admissible .............................. 9

III. CONCLUSION .................................................................................................. 12

# TABLE OF AUTHORITIES

**Page**

### Cases

*Acumed LLC v. Stryker Corp.*,
  551 F.3d 1323 (Fed. Cir. 2008) .................................................................... 1

*Acumed LLC v. Stryker Corp.*,
  No. 04-cv-513-BR, 2007 WL 4180682 (D. Or. Nov. 20, 2007) ..................... 5

*Apple, Inc. v. Samsung Electronics Co., Ltd.*,
  735 F.3d 1352 (Fed. Cir. 2013) .................................................................... 9

*Caraustar Indus., Inc. v. N. Ga. Converting, Inc.*,
  No. 3:04-cv-187-H, 2006 WL 3751453 (W.D.N.C. Dec. 19, 2006) ............... 4

*Dimension One Spas, Inc. v. Coverplay, Inc.*,
  No. 03-cv-1099-L, 2008 WL 4156034 (S.D. Cal. Sept. 5, 2008) ................... 4

*First Nat'l Bank of Omaha, Inc. v. Mastercard Int'l Inc.*,
  No. 03-cv-707-DJC, 2004 WL 1575396 (S.D.N.Y. July 15, 2004) ................ 5

*GTE Prods. Corp. v. Kennametal, Inc.*,
  772 F. Supp. 907 (W.D. Va. 1991) ...................................................... 2, 5, 6

*Hansen Beverage Co. v. Vital Pharm., Inc.*,
  No 08-cv-1545-IEG, 2010 WL 3069690 (S.D. Cal. Aug. 3, 2010) ................ 4

*Hynix Semiconductor Inc. v. Rambus Inc.*,
  609 F. Supp. 2d 951 (N.D. Cal. 2009) ........................................................... 5

*i4i Ltd. P'ship v. Microsoft Corp.*,
  598 F.3d 831 (Fed. Cir. 2010) ....................................................................... 7

*i4i Ltd. P'ship v. Microsoft Corp.*,
  670 F. Supp. 2d 568 (E.D. Tex. 2009) ............................................ 2, 5, 6, 7, 8

*Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*,
  248 F.3d 29 (1st Cir. 2001) ........................................................................... 4

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
  No. 04-cv-1371-JJF, 2008 WL 5210843 (D. Del. Dec. 12, 2008) ................. 5

*Shaba v. United States*,
  No. 07-cv-738-WQH, 2009 WL 482350 (S.D. Cal. Feb. 23, 2009) ............... 4

*Smith and Nephew, Inc. v. Arthrex, Inc.*,
  No. 2:07-cv-335-TJW-CW, 2010 WL 2522428 (E.D. Tex. Jun. 18, 2010) ... 5, 7

*z4 Techs., Inc. v. Microsoft Corp.*,
  434 F. Supp. 2d 437 (E.D. Tex. 2006) .......................................................... 5

*Yeti by Molly Ltd. v. Deckers Outdoor Corp.*,
  259 F.3d 1101 (9th Cir. 2001) ................................................................. 3, 7, 8

**Statutes**

Fed. R. Civ. P. 26(a)(2)(A) ........................................................................ 1, 3, 4

**Other Authorities**

10B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*
  § 2738 (3d ed. 2014) ................................................................................... 1

## I. INTRODUCTION

The opinions introduced by Dr. Daniel J. Slottje in his June 13, 2014 Declaration in Support of ViaSat's Motion for Permanent Injunction (Dkt. No. 1061-3, hereafter "Slottje Declaration") were timely submitted. SS/L argues otherwise, citing Federal Rule of Civil Procedure 26(a)(2). But that Rule is plainly not applicable here because, by its very terms, Rule 26(a)(2) only requires that expert reports be submitted in connection with expert testimony a party may "use *at trial*." Fed. R. Civ. P. 26(a)(2)(A) (emphasis added). Expert declarations in support of a motion are appropriately submitted simultaneously with that motion, just as ViaSat did here.[1] Indeed, SS/L did the same, filing its own post-trial expert and lay declarations—which themselves contain new facts and opinions not disclosed at trial or during discovery—in opposition to both ViaSat's Motion for Prejudgment Interest (*See* Dkt. No. 1097-1, Meyer Expert Declaration) and Motion for a Permanent Injunction (*See* Dkt. No. 1101-2, Celli Declaration; Dkt. No. 1101-1, Meyer Conditional Expert Declaration).

Tellingly, SS/L fails to cite a single case that supports its argument that supplemental expert declarations relevant to post-trial issues such as permanent injunctive relief are improper absent prior disclosure of the expert's opinions during discovery. This is no surprise, as SS/L's contention is contrary to law. *See, e.g., Acumed LLC v. Stryker Corp.*, 551 F.3d 1323, 1331 (Fed. Cir. 2008) (affirming grant of permanent injunction where district court relied on new evidence and

---

[1] *See generally*, 10B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (3d ed. 2014) (noting that a declaration or other sworn written statement is a proper way to put evidence before a court in support of a motion).

declarations submitted with post-trial motions); *i4i Ltd. P'ship v. Microsoft Corp.*, 670 F. Supp. 2d 568, 601 n. 9 (E.D. Tex. 2009) (denying motion to strike declaration of previously undisclosed witness submitted regarding permanent injunction motion); *GTE Prods. Corp. v. Kennametal, Inc.*, 772 F. Supp. 907, 920 n. 6 (W.D. Va. 1991) (rejecting as "spurious" a challenge to new evidence contained in post-trial affidavits submitted regarding permanent injunctive relief).  As the Court in *i4i* explained in rejecting a motion to strike previously undisclosed evidence under Rule 26:

> The first instance where the information in Tostevin's declaration became relevant to these proceedings was when i4i filed its motion for permanent injunction . . . [T]he information provided in the Tostevin declaration is highly relevant to the effect of any injunction on Microsoft's operations.  The Court could not effectively evaluate the relevant *eBay* factors without this information . . .  As such, i4i's motion to strike the Tostevin declaration is denied.

*i4i Ltd. P'ship,* 670 F. Supp. 2d at 601 n. 9; *see also GTE Prods.*, 772 F. Supp. at 920 n. 6 (noting that it was "entirely appropriate for Kennametal to put forth relevant evidence" after trial regarding the public interest because "[i]njunctive relief is an equitable remedy to be granted by the Court, not a jury," and "the issue was briefed and argued at a post-trial hearing").

SS/L's alternative argument that the Slottje Declaration should be stricken as unreliable is similarly untenable.  Contrary to SS/L's contention, Dr. Slottje's testimony on irreparable harm is consistent with Federal Circuit law and the Rules of Evidence.  SS/L's motion to strike should therefore be denied.

## II. ARGUMENT

The Slottje Declaration was timely filed with ViaSat's motion for a permanent injunction. It need not have been presented earlier. Federal Rule of Civil Procedure 26(a)(2) only requires the prior disclosure of expert opinions in a written expert report where those opinions will be "use[d] at trial." Fed. R. Civ. P. 26(a)(2)(A). Because the opinions expressed in the Slottje Declaration are not for use at trial, they are not governed by the disclosure requirements of Rule 26, nor are they subject to exclusion under Rule 37. Moreover, even if SS/L were somehow correct that the Slottje Declaration is untimely under the Federal Rules, Dr. Slottje's submission should not be stricken because the filing of his declaration is both substantially justified and harmless to SS/L. *See Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (noting that otherwise untimely evidence may nevertheless be introduced if the party's failure to timely disclose the information is substantially justified or harmless). Finally, the Slottje Declaration contains reliable and admissible evidence relevant to this Court's analysis of irreparable harm, and is therefore not subject to exclusion pursuant to *Daubert* or any other precedent.

### A. Federal Rule of Civil Procedure 26(a)(2) Only Applies to Trial Testimony

SS/L argues that the Slottje Declaration is untimely under Federal Rule of Civil Procedure 26(a)(2) because it contains new opinions not previously disclosed in Dr. Slottje's expert reports. (*See* Mot. at 3-4.) SS/L's entire argument, however, is premised on one bald assertion in its motion: that the disclosure obligations of Rule 26 "apply to pre- and post-trial motions as well as trial." (Mot. at 4.)

1  Revealingly, SS/L makes this critical pronouncement without citation to a single
2  case, statute, or even to Rule 26 itself.  Nor does SS/L cite anywhere in its motion
3  even one case where a court struck as untimely an expert's opinion that was
4  presented after trial to aid the Court in post-trial proceedings, such as determining
5  whether a party is entitled to permanent injunctive relief.  Rather, the few cases
6  SS/L does cite where a court struck expert testimony involve situations where a
7  party sought to rely on previously undisclosed expert testimony to establish or
8  defeat liability at the summary judgment stage.[2]

    The absence of any relevant citation in SS/L's motion is no surprise.  Rule 26
plainly sets forth deadlines for disclosures of experts and submission of expert
reports in preparation *for trial*.  Specifically, Rule 26(a)(2)(A) requires a party to
disclose the identity of any expert "witness it may use at trial," while Rule
26(a)(2)(B) mandates the disclosure of the expert's trial opinions.  This wording of
the Rule makes sense, because the overriding purpose of Rule 26(a) is to "prevent
an ambush at trial."  *See Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y
Beneficiencia de Puerto Rico*, 248 F.3d 29, 35 (1st Cir. 2001) (citations omitted).

    But while Rule 26 is designed to provide litigants fair notice in advance of
trial, neither it nor the other pretrial discovery rules require parties to develop and
disclose every theory or piece of evidence they could conceivably need for every

---

[2] *See, e.g.*, *Hansen Beverage Co. v. Vital Pharm., Inc.*, No 08-cv-1545-IEG, 2010 WL 3069690 (S.D. Cal. Aug. 3, 2010) (excluding untimely expert declaration submitted with summary judgment motion); *Dimension One Spas, Inc. v. Coverplay, Inc.,* No. 03-cv-1099-L, 2008 WL 4156034 (S.D. Cal. Sept. 5, 2008) (same); *Shaba v. United States*, No. 07-cv-738-WQH, 2009 WL 482350 (S.D. Cal. Feb. 23, 2009) (same); *Caraustar Indus., Inc. v. N. Ga. Converting, Inc.*, No. 3:04-cv-187-H, 2006 WL 3751453 (W.D.N.C. Dec. 19, 2006) (same).

post-trial contingency.  As previously noted, SS/L cites no authority supporting its proposition that declarations submitted in support of post-trial briefing on topics irrelevant at trial must be struck if not disclosed during pretrial discovery.[3]  Indeed, it would make little sense to include in a pretrial expert report evidence relating to a permanent injunction motion, which only becomes a live issue if and when the plaintiff prevails, and even then is resolved by the Court and not the jury.

### B. Courts Routinely Consider Post-Trial Declarations When Deciding Permanent Injunction Motions

It is in fact quite common for courts to receive and consider post-trial declarations submitted in connection with permanent injunction motions.[4]  *See, e.g.*, *i4i Ltd. P'ship,* 670 F. Supp. 2d at 601 n. 9; *GTE Prods. Corp.*, 772 F. Supp. at 920, 920 n. 6; *Hynix Semiconductor Inc. v. Rambus Inc.*, 609 F. Supp. 2d 951, 979 (N.D. Cal. 2009) ; *z4 Techs., Inc. v. Microsoft Corp.*, 434 F. Supp. 2d 437, 442 (E.D. Tex. 2006); *Acumed LLC v. Stryker Corp.*, No. 04-cv-513-BR, 2007 WL 4180682, at * 5 (D. Or. Nov. 20, 2007); *Smith and Nephew, Inc. v. Arthrex, Inc.*, No. 2:07-cv-335-TJW-CW, 2010 WL 2522428, at *3 n.1 (E.D. Tex. Jun. 18, 2010); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, No. 04-cv-1371-JJF, 2008

---

[3]  In fact, much of the evidence the Court must consider when reviewing a permanent injunction motion, such as the balance of the hardships and the public interest, would not only be irrelevant at trial, but would also be plainly inadmissible.

[4]  SS/L cites only one case to support its argument that a party may not supplement the factual record after trial in connection with a permanent injunction motion.  (*See* Mot. at 7 (citing *First Nat'l Bank of Omaha, Inc. v. Mastercard Int'l Inc.*, No. 03-cv-707-DJC, 2004 WL 1575396, at *2 (S.D.N.Y. July 15, 2004)).  But that case simply does not hold what SS/L claims.  In fact, the case actually supports ViaSat: In the very next sentence after the one quoted by SS/L, the court notes that the injunction record would be limited to the evidence presented at trial because "[b]oth parties ***declined the opportunity to supplement the record***."  *Id.* (emphasis added).

1  WL 5210843, at *3 (D. Del. Dec. 12, 2008).  In fact, while vociferously

2  complaining about the Slottje Declaration, SS/L submitted its very own post-trial

3  declarations that contain supplemental fact testimony and expert opinions never

4  previously disclosed at trial or during discovery.  (*See* Dkt. Nos. 1097-1 (Meyer

5  Declaration disclosing opinions and calculations regarding prejudgment interest);

6  1101-1 (Meyer Conditional Declaration disclosing rebuttal opinions on irreparable

7  harm); 1101-2 (Celli Declaration discussing balance of hardships and public interest

8  factors)).  But contrary to SS/L's inconsistent arguments, there is absolutely no basis

9  to strike any of these post-trial declarations.

10  Indeed, courts routinely deny motions to strike post-trial declarations that

11 contain new evidence relevant to the consideration of a permanent injunction

12 motion.  As the court in *GTE Products* found, such objections are "spurious":

> GTE objects to the affidavits on the ground that
> Kennametal is attempting to place testimony into the
> record after the trial has been completed.  I find this to be
> a spurious objection.  Injunctive relief is an equitable
> remedy to be granted by the Court, not a jury.  The issue
> was briefed and argued at a post-trial hearing at which
> time it was entirely appropriate for Kennametal to put
> forth relevant evidence.

17 *GTE Prods. Corp.*, 772 F. Supp at 920 n.6.

18  The court in *i4i* ruled similarly in rejecting a Rule 26 challenge to evidence

19 first submitted with a post-trial injunction motion.  The court correctly reasoned that

20 there was "no instance either before or during trial where the 'ease' of compliance

21 with i4i's proposed injunction was, or could have been, raised."  *i4i Ltd. P'Ship*, 670

22 F. Supp. 2d at 601 n.9.  Instead, the court remarked that "[t]he first instance where

23 the information in Tostevin's declaration became relevant to these proceedings was

24

-6-   Case No. 3:12-cv-00260-H-WVG
OPPOSITION TO SS/L'S MOTION TO STRIKE THE DECLARATION OF DANIEL J. SLOTTJE

when i4i filed its motion for permanent injunction including its proposed injunctive language." *Id*. Because the "information provided in the Tostevin declaration is highly relevant," and because the court "could not effectively evaluate the relevant *eBay* factors without this information," the *i4i* court properly considered the new evidence submitted after trial. *Id*. In fact, the Federal Circuit itself explicitly considered and relied on the "new" evidence submitted in the Tostevin declaration when reviewing the district court's ultimate decision to grant a permanent injunction. *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 863-64 (Fed. Cir. 2010) (discussing post-trial Tostevin declaration).

In sum, when determining whether injunctive relief is appropriate, the district court may consider additional evidence beyond the trial record because analysis of the four-factor *eBay* test frequently requires consideration of facts independent of those relevant at trial. *See i4i Ltd. P'ship*, 670 F. Supp. 2d at 601 n.9; *see also Smith and Nephew, Inc.*, 2010 WL 2522428, at *3 n.1 (denying motion to strike post-trial declarations because evidence contained therein was relevant to the consideration of the *eBay* factors and properly submitted during post-trial briefing). It is not error for this Court to consider such evidence, and consequently SS/L's motion to strike the Slottje Declaration should be denied.

### C. Even if Rule 26 Applies, The Slottje Declaration is Substantially Justified

Even if this Court were to conclude that Dr. Slottje's opinions are somehow untimely under Rule 26 (which they are not), his declaration is nevertheless not subject to exclusion because its "late" filing would be substantially justified. *See Yeti by Molly Ltd.*, 259 F.3d at 1106 (holding that exclusion sanction does not apply

where Rule 26 violation was substantially justified). As noted above, ViaSat never previously had either the need or opportunity to present Dr. Slottje's opinions on irreparable harm or the inadequacy of monetary damages because these issues only became relevant once ViaSat prevailed at trial and moved for a permanent injunction. Because it would have been premature and improper for ViaSat to present Dr. Slottje's opinions on irreparability and inadequacy to the jury at trial, ViaSat's decision to wait until after trial to offer these opinions was substantially justified. *See i4i Ltd. P'Ship*, 670 F. Supp. 2d at 601 n.9.

Moreover, even if this Court were to hold that Rule 26 required ViaSat to disclose the opinions contained in the Slottje Declaration before trial, given the sheer amount of precedent holding that a party may properly supplement the trial record with additional evidence relevant to a post-trial permanent injunction motion, *see supra* Part II.B, and the absence of any precedent holding that such evidence is untimely if not previously included in a party's pre-trial disclosures, this Court should find that ViaSat's reliance on the current case law substantially justifies any "late" filing of the Slottje Declaration.

### D. Even if Rule 26 Applies, The Slottje Declaration is Harmless

Should this Court determine that the Slottje Declaration was untimely, exclusion would also be improper because SS/L has suffered no prejudice from its filing. *See Yeti by Molly Ltd.*, 259 F.3d at 1106 (holding that exclusion sanction does not apply where Rule 26 violation was harmless). SS/L complains it has been harmed by the Slottje Declaration because it has "had no opportunity in pre-trial proceedings or at trial to examine Dr. Slottje on his new opinions." (Mot. at 7.)

1  But SS/L received the Slottje Declaration well over a month ago, and yet it has
2  never even contacted ViaSat to schedule Dr. Slottje's deposition.
3        SS/L complains that it cannot examine Dr. Slottje on his new opinions
4  because, it contends, a deposition would have required "[d]elaying the proceedings."
5  (Mot. at 8.)  Nonsense.  SS/L has had over a month to request Dr. Slottje's
6  deposition, but SS/L has made no effort to do so.  A deposition would have required
7  no delay.  ViaSat cannot be blamed for any "prejudice" that results from SS/L's own
8  failure to seek the discovery it now claims it needs but did not even try to obtain.
9        Furthermore, SS/L has prepared and filed its own expert declaration
10 attempting to rebut Dr. Slottje's opinions on irreparable harm and inadequacy of
11 monetary damages.  (Dkt. No. 1101-1.)  SS/L cannot credibly claim prejudice when
12 it has filed a rebuttal that has been received and may be considered by this Court.
13 SS/L's claimed prejudice is just that—claimed.  SS/L had the opportunity to
14 examine Dr. Slottje, and has responded to his opinions.  As a consequence, ViaSat's
15 filing of the Slottje Declaration is harmless.
16        **E.    The Slottje Declaration is Reliable and Admissible**
17        SS/L argues in the alternative that the Slottje Declaration should be stricken
18 because Dr. Slottje's opinions are "incomplete—and therefore unreliable—because
19 he does not analyze the causal nexus requirement" discussed by the Federal Circuit
20 in *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 735 F.3d 1352 (Fed. Cir. 2013)
21 ("*Apple III*").[5]  SS/L is wrong for at least two reasons.

---

[5] It is appreciably ironic that in the same motion SS/L complains that the Slottje Declaration should be stricken because it "improperly" discloses new and previously undisclosed opinions, SS/L also complains that the Slottje declaration should be stricken because it is "incomplete" and does not contain *enough* new opinions.

1  First, the Slottje Declaration does analyze the causal nexus requirement. For
2  instance, as SS/L concedes, Dr. Slottje notes that "by usurping the capacity-
3  enhancing designs of ViaSat-1, particularly those claimed by the asserted patents,
4  SS/L caused ViaSat to lose its competitive edge in the marketplace and to lose
5  customers to its biggest competitor, Hughes." (Dkt. No. 1061-3 at 4.) Dr. Slottje
6  further notes that Hughes' Jupiter satellite gained "more than 78 Gbps of
7  incremental capacity" as a result of SS/L's infringement of ViaSat's patents, and
8  that Hughes would not have been able to offer competitive broadband internet
9  service without this additional capacity. *Id.* at 4-5 (noting that Hughes' internet
10 service before Jupiter-1 was not competitive with ViaSat's). This is substantial
11 evidence that SS/L's infringement causes the irreparable harm that Dr. Slottje has
12 identified.
13  SS/L's apparent quibble is that Dr. Slottje does not explicitly opine in his
14 declaration that Hughes' decision to purchase the Jupiter-1 satellite from SS/L was
15 driven, at least in significant part, by its ability to acquire the 78 Gbps of
16 incremental capacity that could only be obtained by infringing ViaSat's patents. But
17 not only does SS/L's contention ignore the clear import of the Slottje Declaration—
18 that Hughes could not compete in the satellite internet marketplace but for its
19 purchase of the infringing Jupiter-1 satellite and its 78 Gbps of incremental
20 capacity—it also ignores the staggering amount of trial testimony and exhibits
21 *already in the record* which clearly demonstrate that capacity is the "life blood" of
22 satellite internet providers like Hughes and ViaSat, Trial Tr. at 298:23-299:4, and
23 that before the launch of Jupiter-1, Hughes was "***crying for more capacity***." Trial
24

Tr. at 806:13-17 (emphasis added).[6]  That Dr. Slottje chose not to go on at length about what even SS/L must by now recognize is a fundamental truth established at trial—that capacity is critical in the satellite broadband industry—is hardly a reason to conclude that his opinions are so "unreliable" that they should be excluded under *Daubert*.

In any event, SS/L is simply wrong that Dr. Slottje *must* opine on the causal nexus requirement in order for his declaration to pass muster under *Daubert* and Federal Rule of Evidence 702.  SS/L cites no case, and ViaSat is aware of none, that holds that an expert must opine on every single part and sub-part of a legal issue for her testimony to be admissible.  To take a hypothetical example, one causation expert in an asbestos case might testify generally about asbestos being a known cause of cancer, while another causation expert might testify specifically that this individual plaintiff's cancer was likely caused by his prolonged exposure to asbestos.  It would be absurd to argue, however, that these opinions are inadmissible under *Daubert* simply because neither expert addressed every possible aspect of the causation inquiry.

Put simply, even assuming (contrary to the facts) that the Slottje Declaration says nothing about causal nexus, that is no reason to exclude his opinions regarding

---

[6] *See also* Trial Tr. at 806:18-22 (SS/L witness admits that "Hughes was concerned that without getting Jupiter-1 [in operation] with its high capacity, they would not be able to meet the demand for broadband satellite that they envisioned in the future"); Trial Tr. at 140:15-141:3 (testimony that adding capacity is critical to serving additional broadband customers at sufficient speeds); Trial Tr. at 321:10-19 (testimony that Loral received $23 million per leased gigabyte of capacity); Trial Tr. at 1048:20-1049:4 (testimony that the per gigabyte price of capacity in a Ku-Band system can reach $50 million); V-639 (SS/L document indicating that Hughes was deeply concerned about the capacity of the Jupiter satellite, and that it would be a "great embarrassment" to HNS if its satellite had less capacity than ViaSat-1).

1  the irreparable harm suffered by ViaSat, including the irreversible erosion of
2  ViaSat's competitive position in the marketplace and the inadequacy of monetary
3  damages to remedy that harm.  And that is especially true here, where there is
4  already copious evidence in the record from which this Court can adequately assess
5  the causal nexus requirement.
6      SS/L's unsupported *Daubert* argument fares no better than its unsupported
7  arguments under Rule 26.  Both should be rejected.

## III. CONCLUSION

SS/L's motion to strike the Slottje Declaration should be denied.

DATED:  July 24, 2014                QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP


                                     By */s/ Sean S. Pak*
                                        Sean S. Pak

                                        Attorneys for Plaintiff ViaSat, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that, on July 24, 2014, I caused the foregoing **OPPOSITION TO SS/L'S MOTION TO STRIKE THE DECLARATION OF DANIEL J. SLOTTJE** to be served on Defendants' counsel via the Court's ECF system and via e-mail.

DATED: July 24, 2014

By  */s/ Sean S. Pak*
Sean S. Pak