William Christopher Carmody
(Admitted *pro hac vice*)
Jacob W. Buchdahl
(Admitted *pro hac vice*)
SUSMAN GODFREY L.L.P.
560 Lexington Avenue, 15th Floor
New York, New York 10022
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
Email: bcarmody@susmangodfrey.com
Email: jbuchdahl@susmangodfrey.com

Marc M. Seltzer (54534)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
Email: mseltzer@susmangodfrey.com

[Additional counsel listed below signature line]

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIASAT, INC., <br><br> Plaintiff, <br> vs. <br><br> SPACE SYSTEMS/LORAL, INC., LORAL SPACE & COMMUNICATIONS INC., <br><br> Defendants/Counterclaim Plaintiffs. | Case No. 3:12-cv-00260-H-WVG <br><br> Hon. Marilyn L. Huff <br><br> **SS/L'S REPLY IN SUPPORT OF MOTION TO STRIKE THE DECLARATION OF DANIEL J. SLOTTJE** |

## I. **INTRODUCTION**

There is no dispute that ViaSat did not disclose Dr. Daniel Slottje's opinions on irreparable injury in his expert reports. ViaSat contends that it had no "need or opportunity" to do so. The argument is specious. Since it first filed a complaint in this case, ViaSat prayed for a permanent injunction against SS/L. That prayer for relief had been repeated multiple times when Dr. Slottje prepared his two expert reports. There was nothing preventing Dr. Slottje from presenting opinions on irreparable harm and the inadequacy of money damages in his expert reports. Had he done so, SS/L could have deposed him in an orderly fashion and had its damages expert prepare rebuttal opinions as the Federal Rules contemplate.

Contrary to ViaSat's assertion that it had no need to disclose Dr. Slottje's opinions prior to trial, the Federal Rules of Civil Procedure establish such an obligation. Rule 37, which ViaSat studiously ignores, makes clear that expert opinions to be used in support of motions must be disclosed in advance. ViaSat clearly contemplated that if it prevailed at trial, it would move for a permanent injunction, just as it had prayed for in its complaints. And it surely understood that it had the burden to establish irreparable harm and the inadequacy of money damages. Yet Dr. Slottje totally ignored these issues in his reports and ViaSat had no other expert opine on them, a violation of the disclosures requirements that was neither substantially justified nor harmless. Indeed, it was an inexcusable omission by a party who is seeking extreme injunctive relief.

Even if there were grounds to excuse ViaSat's violation of the expert opinion disclosure rules – and there are not – the Court should nonetheless strike Dr. Slottje's declaration because of his failure to address the "causal nexus"

requirement. The Federal Circuit has made clear that the causal nexus requirement is an integral part of irreparable harm; there cannot be irreparable harm without a causal nexus. For Dr. Slottje to opine on irreparable harm without addressing causal nexus renders his opinion unreliable.

## II. FEDERAL RULE OF CIVIL PROCEDURE 37 MANDATES THAT DR. SLOTTJE'S NEW OPINIONS BE STRICKEN

ViaSat failed to disclose the substance of Dr. Slottje's new opinions regarding irreparable harm in contravention of Rule 26. Under Federal Rule of Civil Procedure 37(c)(1), ViaSat is precluded from using those opinions because such failure was neither "substantially justified" nor "harmless."

### A. Federal Rule of Civil Procedure 37 Precludes ViaSat From Relying on Dr. Slottje's New Opinions.

Contrary to ViaSat's assertion that it had no need to disclose Dr. Slottje's opinions prior to trial, Federal Rule of Civil Procedure 37 makes clear that expert opinions to be used in support of motions must be disclosed in advance. Federal Rule of Civil Procedure 37(c)(1) provides that a party that fails to comply with the requirements of Rule 26 is automatically precluded from using the expert evidence "on a *motion*, at a hearing, or at trial." Fed. R. Civ. P. 37(c)(1).

The case law cited by ViaSat, purportedly showing that courts commonly consider post-trial declarations in connection with permanent injunction motions, is completely inapposite. *See* ViaSat Opp'n to SS/L's Mot. to Strike the Decl. of Daniel J. Slottje ("Opp.") at 5. For example, in *Acumed*, defendant moved to strike new evidence (including a declaration from a fact witness) that it alleged plaintiff had raised for the first time in its reply in support of its motion for permanent

injunction. *Acumed LLC v. Stryker Corp.*, No. 04-CV-513-BR, 2007 WL 4180682, at *2 (D. Or. Nov. 20, 2007) *aff'd*, 551 F.3d 1323 (Fed. Cir. 2008). The court declined to strike the evidence in part because plaintiff had "submitted the evidence and arguments at issue *in response to* Defendants' Response to Acumed's Motion for Permanent Injunction . . . ." *Id.* (emphasis added). The *Acumed* holding is irrelevant to the issues posed here. First, the procedural posture of the case was completely different as *Acumed* only dealt with the propriety of introducing new evidence in *reply* briefing. Second, *Acumed* did not deal with undisclosed expert testimony – nor could it, as defendant had moved to strike a *lay witness* declaration.[1] Federal Rules of Civil Procedure 26(a)(2) and 37(c)(1) were simply not at issue.

The *GTE*, *Hynix*, *z4 Technologies*, *Smith and* Nephew, and *Power Integrations* decisions cited by ViaSat suffer from the same fatal flaw. *See* Opp. at 5-7. These cases did not involve expert witnesses or Federal Rules of Civil Procedure 26(a)(2) or 37(c)(1). They thus provide no guidance on the failure to timely disclose expert opinions. *See GTE Prods. Corp. v. Kennametal*, Inc., 772 F. Supp. 907, 920 (W.D. Va. 1991) (relating to affidavits from fact witnesses); *Hynix*

---

[1] Experts and lay witnesses are held to different standards because "[u]nlike an ordinary witness, . . . an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592, (1993). The "relaxation of the usual requirement of firsthand knowledge—a rule which represents a most 'pervasive manifestation' of the common law insistence upon 'the most reliable sources of information, . . . —is premised on an assumption that the expert's opinion will have a reliable basis in the knowledge and experience of his discipline." *Id.* ViaSat deprived SS/L of its right to the disclosure of Dr. Slottje's opinions and has hampered SS/L's ability to test the sufficiency of Dr. Slottje's conclusions. ViaSat should not be allowed to reap the benefit of its concealment.

1  *Semiconductor Inc. v. Rambus Inc.*, 609 F. Supp. 2d 951, 979 (N.D. Cal. 2009)
2  (concerning declaration by lay witness); *z4 Techs., Inc. v. Microsoft Corp.*, 434 F.
3  Supp. 2d 437, 442 (E.D. Tex. 2006) (same); *Smith and Nephew, Inc. v. Arthrex,*
4  *Inc.*, No. 2:07-cv-335-TJW-CE, 2010 WL 2522428, at *3 (E.D. Tex. June 18,
5  2010) (same); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, No.
6  04-1371-JJF, 2008 WL 5210843, at *3 (D. Del. Dec. 12, 2008) (same).

The *i4i* case on which ViaSat relies is also distinguishable. There, patent owner i4i filed a motion to strike a declaration from a Microsoft employee on the grounds that the witness was never disclosed under Federal Rule of Civil Procedure 26(a).[2] *i4i Ltd. Partnership v. Microsoft Corp.*, 670 F. Supp. 2d 568, 601 n.9 (E.D. Tex. 2009) ("*i4i I*"); *see i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 831, 863 (Fed. Cir. 2010) (referring to declaration from "Microsoft employee"). The *i4i* court excused the non-disclosure of the witness in part because his declaration "became relevant to the[] proceedings . . . when i4i filed its motion for permanent injunction *including its proposed injunctive language.*"   *i4i I*, 670 F. Supp. 2d at 601 n.9 (emphasis added). The declaration, which appears to have been submitted by a lay witness, was thus filed in response to an issue first raised by the patentee.

The rationale of *i4i* is inapplicable in this case. Here, the patentee (ViaSat) is introducing expert opinions that were never previously disclosed. ViaSat clearly contemplated that if it prevailed at trial, it would move for a permanent injunction. Indeed, through every version of its complaint, ViaSat had prayed for injunctive relief. *See, e.g.*, D.I. 1 (Request for Relief). ViaSat submitted two expert reports

---

[2] Federal Rule of Civil Procedure 26(a) covers not just expert disclosures, but initial disclosures as well as pretrial disclosures.

from Dr. Slottje during the pendency of this case but failed to disclose his opinions regarding irreparable harm. ViaSat must now live with its omission.

ViaSat argues that the expert disclosure requirements of Rule 26 apply only to testimony to be given at trial. That is wrong, as this Court has previously held on more than one occasion. In *Hansen Beverage Co.*, 2010 WL 3069690, at *2, this Court held that "[a] party is required to disclose expert testimony accompanied by a written report containing: 'a complete statement of all opinions the witness will express and the basis and reasons for them' . . . ." (quoting Fed. R. Civ. P. 26(a)(2)(B) (i-ii)). "'If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" *Id.* (quoting Fed. R. Civ. P. 37(c)(1)). Based on the conclusion that the expert disclosure requirements of Rule 26(a)(2) apply to expert opinions a party offers on a motion, the court struck the expert declaration containing opinions not disclosed in the expert's reports. *Accord Dimension One*, 2008 WL 4165034, at *11-13 (striking expert declaration submitted with summary judgment motion that contained undisclosed opinions).

Those holdings are entirely consistent with Rule 37(c)(1), which applies to a witness supplying evidence "on a motion, at a hearing, or at trial . . . ." This rule applies to both pre- and post-trial motions. *See Skydive Arizona., Inc. v. Quattrochi*, 704 F. Supp. 2d 841, 846 (D. Ariz. 2010) *rev'd in part on other grounds*, 673 F.3d 1105 (9th Cir. 2012) (excluding, pursuant to Rule 37(c), new expert report introduced in post-trial motion and stating that "producing an expert report for the first time, during post-trial proceedings . . . is highly unorthodox, completely

inappropriate, and makes a mockery of the rules."). The import is clear: if a party intends to offer expert opinions on a motion or at a hearing, they must be disclosed in an expert report in order to provide notice to the other side. That conclusion is entirely consistent with the liberal disclosure obligations of Rule 26.

ViaSat's complaint that SS/L submitted its own post-trial declarations is unavailing. *See* Opp. at 6. SS/L expressly submitted the expert declaration of Christine Meyer in opposition to ViaSat's motion for permanent injunction as a "conditional" rebuttal declaration only to be considered by the Court if it did not grant SS/L's motion to strike the Slottje declaration. D.I. 1122 at 11 n.4. ViaSat's complaint about SS/L's submission of the declaration of Giovanni Celli is equally meritless. SS/L does not offer Mr. Celli as an expert. Finally, the Meyer declaration in response to ViaSat's motion for prejudgment interest responded to ViaSat's expert declaration and contains calculations that only could be performed after the jury returned its verdict.

### B.     ViaSat's Violation of Rule 26 Is Not Substantially Justified.

There is no substantial justification for ViaSat's violation of Federal Rule of Civil Procedure 26. ViaSat first contends that it never had the "need" or "opportunity" to present Dr. Slottje's opinions on irreparable harm. Opp. at 8. The contention is meritless. As noted, ViaSat sought permanent injunctive relief in all versions of its complaint. ViaSat surely understood that it had the burden to establish irreparable harm and the inadequacy of money damages. That has been Supreme Court law since at least *eBay Inc. v. MercExchange, LLC,* 547 U.S. 388 (2006). Yet ViaSat never addressed the issues of irreparable harm and inadequacy of money damages in its expert reports, a glaring omission for an aggressive litigant

like ViaSat. ViaSat's failure to disclose Dr. Slottje's opinions is even more inexcusable given that ViaSat admitted, in response to SS/L's interrogatories, that information on irreparable harm "is properly the subject of expert discovery." Bageant Decl., Ex. A. Having admitted that the issue of irreparable harm should be addressed in expert reports, ViaSat then intentionally failed to do so, inflicting substantial prejudice on SS/L. ViaSat's protestations that it saw no "need" to cover irreparable harm in its expert's reports rings hollow.

ViaSat further argues that its failure to disclose Dr. Slottje's new opinions is substantially justified because "precedent" allows a party to supplement the trial record with undisclosed expert testimony in a permanent injunction motion. There is no precedent supporting ViaSat's position. As noted, this Court has already held that the expert disclosures rules apply to motions. Moreover, the cases ViaSat cites in support of its position are the same cases SS/L distinguishes above, none of which holds that the obligation to disclose expert opinions does not apply to post-trial motions for permanent injunction. ViaSat had no colorable legal basis to ignore the disclosure requirements of Rules 26(a)(2) and 37(c)(1).

### C. **ViaSat Fails to Show That the Slottje Declaration Is Harmless.**

ViaSat's argument that its violation of the Federal Rules is "harmless" is equally specious. The new, previously undisclosed opinions of Dr. Slottje are now the centerpiece of ViaSat's motion for a permanent injunction. Failure to establish either irreparable harm or the inadequacy of money damages dooms the motion. For that reason, ViaSat places major reliance on the new Slottje opinions, negating any notion that the failure to disclose the opinions was harmless. *See U.S. ex rel. Fago v. M & T Mortg. Corp.*, 518 F. Supp. 2d 108, 114 (D.D.C. 2007) (finding that

failure to disclose witnesses was harmful and striking witnesses' declarations because declarations went to a "central issue in this case").

ViaSat's argument that SS/L could have avoided the harm by deposing Dr. Slottje on his new opinions is equally meritless. There was only four weeks between the filing of the Slottje declaration and the due date for SS/L's opposition, during which SS/L was heavily engaged in responding not only to the injunction motion but ViaSat's other post-trial motions. SS/L was under no obligation to suffer the prejudice of disrupting its briefing obligations in order to prepare for and take the deposition of an expert whose opinions were not disclosed in compliance with Rule 26. The opportunity to take a deposition does not cure a Rule 26 violation. *See Shaba v. United States*, No. 07CV738-WQH-CAB, 2009 WL 482350, at *5 (S.D. Cal. Feb. 23, 2009) (striking untimely supplemental expert declaration on basis that allowing party to disregard deadline for disclosing supplement expert opinions would, at minimum, require court to reopen discovery and that "[d]isruption to the schedule of the court and other parties is not harmless"). ViaSat's proposition that a party's failure to timely disclose expert opinions is always harmless when the opponent can depose the expert is not supported by either Rule 37 or the case law. Indeed, if a defaulting party could so easily avoid sanctions under Rule 37(c)(1), that rule would be toothless.

Further, a deposition of Dr. Slottje on his new opinions most likely would have entailed delay in the post-trial proceedings, which only would have redounded to ViaSat's favor. As described in SS/L's opposition to ViaSat's motion for a permanent injunction, delay in resolving the issue of an injunction, while the cloud of a threatened injunction hangs over SS/L's head, only benefits ViaSat. *See* D.I.

1122 at 17-18.

ViaSat further contends that its violation was harmless because SS/L could prepare the Conditional Meyer Declaration. But that Conditional Declaration was at best an attempt by SS/L to defend itself in a prejudicial situation not of its making. SS/L has asked the Court to consider the Meyer declaration only if it declines to exclude the Slottje declaration. Neither the Federal Rules nor the case law provides that a party's violation of the disclosure requirements of Rule 26 is excused and forgiven if the opposing party responds to the undisclosed opinions.

### III. THE SLOTTJE DECLARATION IS UNRELIABLE AND SHOULD BE STRICKEN.

Even if ViaSat's violation of Rule 26 were excusable, the Court should still strike the declaration of Dr. Slottje because of his failure to address the "causal nexus" requirement. "Without a showing of causal nexus, there is no relevant irreparable harm." *Apple Inc v. Samsung Elecs. Co.*, 735 F.3d 1352, 1363 (Fed Cir. 2013) ("*Apple III*"). ViaSat does not dispute that the "causal nexus" requirement is an integral part of the irreparable harm analysis. *See Apple III*, 735 F.3d at 1363. Under this requirement, the patentee must demonstrate that "the *infringing feature* drives consumer demand for the accused product." *Apple Inc. v. Samsung Elecs. Co.*, 695 F.3d 1370, 1374 (Fed. Cir. 2012) ("*Apple II*") (emphasis added).

Despite this clear requirement set forth by Federal Circuit law, ViaSat fails to explain how Dr. Slottje satisfactorily analyzes the causal nexus between the patented features and consumer demand for the accused product. ViaSat first points to a conclusory statement from its expert – that "by usurping the capacity-enhancing designs of ViaSat-1, particularly those claimed by the asserted patents, SS/L caused ViaSat to lose its competitive edge in the marketplace and to lose

1   customers to its biggest competitor, Hughes." Opp. at 10. But this conclusory
2   statement still does not address whether the patented features are the drivers of
3   consumer demand. "Capacity" is not a patented feature. ViaSat's CEO admitted as
4   much when he testified at trial that it is possible to build a high-capacity satellite – a
5   100-gigabit-per-second satellite – without using the patented technologies. Trial Tr.
6   230:6-13; *see also id.* at 1865:8-1875:3 (describing noninfringing satellites capable
7   of 100 gigabits per second); *id.* at 2102:4-2103:1 (same); *id.* at 1925:21-1929:22
8   (same). Dr. Slottje's reference to "capacity" proves nothing about whether the
9   patented features were driving factors in Hughes's purchase decision.

10  The flaw in Dr. Slottje's declaration lies not in the fact that he failed to
11  "address[] every possible aspect of the causation inquiry," as ViaSat minimizes it,
12  but that he altogether omitted an essential element of the irreparable harm analysis.
13  *Id.*; *see Apple III*, 735 F.3d at 1363. Dr. Slottje's opinion that ViaSat suffered
14  irreparable harm fails to apply the true definition of irreparable harm, and is
15  therefore legally irrelevant. Accordingly, this Court should strike Dr. Slottje's
16  declaration. *See Hebert v. Lisle Corp.,* 99 F.3d 1109, 1117 (Fed. Cir. 1996) ("We
17  encourage exercise of the trial court's gatekeeper authority when parties proffer,
18  through purported experts, not only unproven science, but markedly incorrect
19  law.") (citation omitted)).

20  **IV.   CONCLUSION**

21  For the foregoing reasons and the reasons set forth in its motion to strike
22  (D.I. 1093), SS/L respectfully moves that the Court apply the sanctions of Rule
23  37(c)(1) and strike the declaration of Dr. Slottje in support of ViaSat's motion for
24  permanent injunction.

| | | | |
|---|---|---|---|
| 1 | Dated: July 31, 2014 | By: | */s/ Patrick C. Bageant* |

Marc M. Seltzer
Amanda K. Bonn
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Fax: (310) 789-3150
Email: abonn@susmangodfrey.com

William Christopher Carmody
(Admitted *Pro Hac Vice*)
Jacob W. Buchdahl
(Admitted *Pro Hac Vice*)
SUSMAN GODFREY L.L.P.
560 Lexington Avenue, 15th Floor
New York, NY 10022
Telephone: (212) 336-8330
Fax: (212) 336-8340

Joseph S. Grinstein
(Admitted *Pro Hac Vice*)
William R. H. Merrill
(Admitted *Pro Hac Vice*)
SUSMAN GODFREY L.L.P
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone:   713-653-7856
Facsimile:   713-654-6666
Email:jgrinstein@susmangodfrey.com
Email: bmerrill@susmangodfrey.com

Ian B. Crosby
(Admitted *Pro Hac Vice*)
Rachel S. Black
(Admitted *Pro Hac Vice*)
Patrick C. Bageant
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101

| | |
|---|---|
| 1 | Telephone: (206) 516-3861 |
| 2 | Fax: (206) 516-3883<br>Email: icrosby@susmangodfrey.com |
| 3 | Email: rblack@susmangodfrey.com<br>Email: pbageant@susmangodfrey.com |

*Attorneys for Defendants/Counterclaim Plaintiffs Space Systems/Loral, LLC (f/k/a Space Systems/Loral, Inc.) and Loral Space & Communications Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 31, 2014, I caused the foregoing **SS/L'S REPLY IN SUPPORT OF MOTION TO STRIKE THE DECLARATION OF DANIEL J. SLOTTJE** to be served on opposing counsel via the Court's CM/ECF system.

Dated: July 31, 2014  By: */s/ Patrick C. Bageant*
Patrick C. Bageant