# Exhibit A

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Sean S. Pak (Bar No. 219032)
seanpak@quinnemanuel.com
Eric E. Wall (Bar No. 248692)
ericwall@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Vincent M. Pollmeier (Bar No. 210684)
vincentpollmeier@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
adamwolfson@quinnemanuel.com
865 S Figueroa Street 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiffs ViaSat, Inc. and
ViaSat Communications, Inc. f/k/a
WildBlue Communications, Inc.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIASAT, INC., VIASAT COMMUNICATIONS, INC., f/k/a WILDBLUE COMMUNICATIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SPACE SYSTEMS/LORAL, INC., LORAL SPACE & COMMUNICATIONS INC., <br><br> Defendants. | CASE NO. 3:12-cv-00260-H-WVG <br><br> **PLAINTIFFS VIASAT, INC. AND VIASAT COMMUNICATIONS, INC., f/k/a WILDBLUE COMMUNICATIONS, INC.'S SUPPLEMENTAL RESPONSE AND OBJECTIONS TO DEFENDANTS SPACE SYSTEMS/ LORAL, LLC AND LORAL SPACE & COMMUNICATIONS INC.'S INTERROGATORIES (SET SIX)** |

1 information and/or responses that are dependent on depositions and documents that
2 have not been taken or produced. ViaSat also objects to this Interrogatory to the
3 extent it requires information outside ViaSat's possession, custody and control.

4     Subject to and without waiving the foregoing general and specific objections,
5 ViaSat responds as follows:

6     ViaSat incorporates its First Amended Answer, Defenses, And Counter
7 Counterclaims To Defendant Space Systems/Loral, LLC's (F/K/A Space
8 System/Loral, Inc.) Counterclaims at pages 31-38 as if set forth fully herein,
9 including without limitation paragraphs 29-45. ViaSat further incorporate in full
10 its response to Interrogatory No. 20.

11     Expert discovery is still ongoing and ViaSat is continuing to investigate and
12 analyze the subject matter. ViaSat reserves the right to discuss additional non-
13 infringing design alternatives to the '132 patent in its expert reports.

14 **'875 PATENT-SPECIFIC INTERROGATORIES:**
15 **INTERROGATORY NO. 33:**

16     State the complete factual and legal basis for your contentions that You are
17 entitled to injunctive relief against infringement of the '875 Patent, including but not
18 limited to: (a) what irreparable injury You have suffered; (b) why other remedies
19 such as monetary damages are inadequate to compensate for that injury; (c) why the
20 balance of hardships between SS/L and You warrant a permanent injunction; and (d)
21 why the public interest would not be disserved by an injunction.

22 **RESPONSE TO INTERROGATORY NO. 33:**

23     ViaSat objects to this interrogatory as premature in that it is a contention
24 interrogatory interposed before the close of discovery. ViaSat further objects to

1  this interrogatory as premature in that it seeks information that is properly the
2  subject of expert discovery.   ViaSat further objects to this interrogatory to the
3  extent it calls for information not within ViaSat's possession, custody, or control,
4  and on the ground that it seeks information already within Loral's possession,
5  custody, or control.   Discovery is still ongoing and ViaSat is continuing to
6  investigate.   ViaSat reserves the right to supplement and/or amend its response as
7  appropriate and/or at the appropriate time.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 33:**

9   ViaSat objects to this interrogatory as premature in that it seeks information
10 that is properly the subject of expert discovery.   ViaSat further objects to this
11 interrogatory to the extent it calls for information not within ViaSat's possession,
12 custody, or control, and on the ground that it seeks information already within
13 Loral's possession, custody, or control.   Expert discovery is still ongoing, and
14 ViaSat is continuing its investigation and analysis.   ViaSat reserves the right to
15 supplement and/or amend its response as appropriate and/or at the appropriate time.
16   ViaSat is entitled to injunctive relief because it has been, and is continuing to
17 be, irreparably harmed by Defendants' conduct, becauseViaSat has no adequate
18 legal remedy, because the balance of interests as between ViaSat and Defendants
19 favors an injunction, and because the public interest will not be disserved by an
20 injunction.   ViaSat has been and is currently being irreparably harmed by
21 Defendants' willful dissemination of ViaSat's proprietary information and
22 techniques, including situations in which ViaSat competes with Defendants for the
23 sale of satellites employing ViaSat's proprietary information without ViaSat's
24 authorization and with Defendants' customers in the provision of services using

such satellites.  The harm to ViaSat's goodwill and image as an innovative company, which are vital to ViaSat's ability to remain competitive, cannot be remedied by any monetary award.  Because ViaSat is being irreparably harmed, and because an injunction would merely command Defendants to cease misappropriating ViaSat's patented and proprietary technology, the balance of interests favors an injunction.  Moreover, an injunction would serve the public interest in ensuring the rigorous enforcement of intellectual property rights and contractual obligations without negatively impacting any other public interests.

**INTERROGATORY NO. 34:**

Identify who You contend was the person of ordinary skill in the art at the time of any application leading to the issuance of the '875 Patent.

**RESPONSE TO INTERROGATORY NO. 34:**

ViaSat objects to this interrogatory as premature in that it seeks expert opinions and other information that is properly the subject of expert discovery. ViaSat further objects to this interrogatory to the extent it calls for information not within ViaSat's possession, custody, or control, and on the ground that it seeks information already within Loral's possession, custody, or control.   Discovery is still ongoing and ViaSat is continuing to investigate.   ViaSat reserves the right to supplement and/or amend its response as appropriate and/or at the appropriate time.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 34:**

ViaSat objects to this interrogatory as premature in that it seeks expert opinions and other information that is properly the subject of expert discovery. ViaSat further objects to this interrogatory to the extent it calls for information not within ViaSat's possession, custody, or control, and on the ground that it seeks

satellite configured to receive information from a plurality of service beams and from at least one feeder beam wherein a set of colors allocated to a service beam associated with each of the one or more service beam coverage areas not proximate to the feeder beam coverage area includes at least one same color allocated to the at least one feeder beam.   Further, none of the prior art references cited by Defendants disclose a spot-beam satellite configured to receive information from a second at least one feeder beam being associated with a second feeder beam coverage area, wherein the second at feeder beam coverage area is not proximate to any of the service beam coverage areas, and wherein the second at least one feeder beam is allocated all of the colors of the beam pattern.   Further, none of the prior art references cited by Defendants disclose a spot-beam satellite configured to receive information from a plurality of service beams and from at least one feeder beam wherein a set of colors allocated to the at least one feeder beam includes all colors from the beam pattern not allocated to a service beam associated with each of the one or more service beam coverage areas proximate to the feeder beam coverage area.

### '043 PATENT-SPECIFIC INTERROGATORIES:

### INTERROGATORY NO. 36:

State the complete factual and legal basis for your contention that You are entitled to injunctive relief against infringement of the '043 Patent, including but not limited to: (a) what irreparable injury You have suffered; (b) why other remedies such as monetary damages are inadequate to compensate for that injury; (c) why the balance of hardships between SS/L and You warrant a permanent injunction; and (d) why the public interest would not be disserved by an injunction.

**RESPONSE TO INTERROGATORY NO. 36:**

ViaSat objects to this interrogatory as premature in that it is a contention interrogatory interposed before the close of discovery. ViaSat further objects to this interrogatory as premature in that it seeks information that is properly the subject of expert discovery. ViaSat further objects to this interrogatory to the extent it calls for information not within ViaSat's possession, custody, or control, and on the ground that it seeks information already within Loral's possession, custody, or control. Discovery is still ongoing and ViaSat is continuing to investigate. ViaSat reserves the right to supplement and/or amend its response as appropriate and/or at the appropriate time.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 36:**

ViaSat objects to this interrogatory as premature in that it seeks information that is properly the subject of expert discovery. ViaSat further objects to this interrogatory to the extent it calls for information not within ViaSat's possession, custody, or control, and on the ground that it seeks information already within Loral's possession, custody, or control. Expert discovery is still ongoing and ViaSat is continuing its investigation and analysis. ViaSat reserves the right to supplement and/or amend its response as appropriate and/or at the appropriate time.

ViaSat is entitled to injunctive relief because it has been, and is continuing to be, irreparably harmed by Defendants' conduct, because ViaSat has no adequate legal remedy, because the balance of interests as between ViaSat and Defendants favors an injunction, and because the public interest will not be disserved by an injunction. ViaSat has been, and is currently being, irreparably harmed by Defendants' willful dissemination of ViaSat's proprietary information and

techniques, including in situations in which ViaSat competes with Defendants for the sale of satellites employing ViaSat's proprietary information and with Defendants' customers in the provision of services using such satellites.  The harm to ViaSat's goodwill and image as an innovative company, which are vital to ViaSat's ability to remain competitive, cannot be remedied by any monetary award.  Because ViaSat is being irreparably harmed, and because an injunction would merely command Defendants to cease misappropriating ViaSat's patented and proprietary technology, the balance of interests favors an injunction.  Moreover, an injunction would serve the public interest in ensuring the rigorous enforcement of intellectual property rights and contractual obligations without negatively impacting any other public interests.

**INTERROGATORY NO. 37:**

Identify who You contend was the person of ordinary skill in the art at the time of any application leading to the issuance of the '043 Patent.

**RESPONSE TO INTERROGATORY NO. 37:**

ViaSat objects to this interrogatory as premature in that it seeks expert opinions and other information that is properly the subject of expert discovery. ViaSat further objects to this interrogatory to the extent it calls for information not within ViaSat's possession, custody, or control, and on the ground that it seeks information already within Loral's possession, custody, or control.   Discovery is still ongoing and ViaSat is continuing to investigate.   ViaSat reserves the right to supplement and/or amend its response as appropriate and/or at the appropriate time.

1  operated to maximize data-carrying capacity of the plurality of spot beams by
2  utilizing a beam pattern having a specific number of color(s) of frequency and
3  polarization and specific beam spacing that results in higher data-carrying capacity
4  of the plurality of spot beams than achieved with other alternative numbers of
5  color(s) of frequency and polarization and beam spacing.   Further, none of the
6  prior art references cited by Defendants disclose a satellite for illuminating a
7  geographic area with signals wherein the plurality of spot beams comprise adaptive
8  coding and modulation (ACM) signals, and the data-carrying capacity of the
9  plurality of spot beams is maximized by maximizing average data-carrying capacity
10 within the plurality of spot beams.   Further, none of the prior art references cited
11 by Defendants disclose a satellite for illuminating a geographic area with signals
12 wherein a first spot beam includes at least a first portion sent to a first subscriber
13 terminal from the first plurality of subscriber terminals utilizing a first coding and
14 modulation combination and a second portion sent to a second subscriber terminal in
15 the first plurality of subscriber terminals utilizing a second coding and modulation
16 combination, the first coding and modulation combination being different from the
17 second coding and modulation combination.

18 **'827 PATENT-SPECIFIC INTERROGATORIES:**
19 **INTERROGATORY NO. 39:**
20     State the complete factual and legal basis for your contentions that You are
21 entitled to injunctive relief against infringement of the '827 Patent, including but not
22 limited to: (a) what irreparable injury You have suffered; (b) why other remedies
23 such as monetary damages are inadequate to compensate for that injury; (c) why the
24

1 balance of hardships between SS/L and You warrant a permanent injunction; and (d)
2 why the public interest would not be disserved by an injunction.

3 **RESPONSE TO INTERROGATORY NO. 39:**

4     ViaSat objects to this interrogatory as premature in that it is a contention
5 interrogatory interposed before the close of discovery.   ViaSat further objects to
6 this interrogatory as premature in that it seeks information that is properly the
7 subject of expert discovery.   ViaSat further objects to this interrogatory to the
8 extent it calls for information not within ViaSat's possession, custody, or control,
9 and on the ground that it seeks information already within Loral's possession,
10 custody, or control.   Discovery is still ongoing and ViaSat is continuing to
11 investigate.   ViaSat reserves the right to supplement and/or amend its response as
12 appropriate and/or at the appropriate time.

13 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 39:**

14     ViaSat objects to this interrogatory as premature in that it seeks information
15 that is properly the subject of expert discovery.   ViaSat further objects to this
16 interrogatory to the extent it calls for information not within ViaSat's possession,
17 custody, or control, and on the ground that it seeks information already within
18 Loral's possession, custody, or control.   Expert discovery is still ongoing and
19 ViaSat is continuing its investigation and analysis.   ViaSat reserves the right to
20 supplement and/or amend its response as appropriate and/or at the appropriate time.

21     ViaSat is entitled to injunctive relief because it has been, and is continuing to
22 be, irreparably harmed by Defendants' conduct, because ViaSat has no adequate
23 legal remedy, because the balance of interests as between ViaSat and Defendants
24 favors an injunction, and because the public interest will not be disserved by an

injunction. ViaSat has been, and is currently being, irreparably harmed by Defendants' willful dissemination of ViaSat's proprietary information and techniques, including in situations in which ViaSat competes with Defendants for the sale of satellites employing ViaSat's proprietary information and with Defendants' customers in the provision of services using such satellites. The harm to ViaSat's goodwill and image as an innovative company, which are vital to ViaSat's ability to remain competitive, cannot be remedied by any monetary award. Because ViaSat is being irreparably harmed, and because an injunction would merely command Defendants to cease misappropriating ViaSat's patented and proprietary technology, the balance of interests favors an injunction. Moreover, an injunction would serve the public interest in ensuring the rigorous enforcement of intellectual property rights and contractual obligations without negatively impacting any other public interests.

**INTERROGATORY NO. 40:**

Identify who You contend was the person of ordinary skill in the art at the time of any application leading to the issuance of the '827 Patent.

**RESPONSE TO INTERROGATORY NO. 40:**

ViaSat objects to this interrogatory as premature in that it seeks expert opinions and other information that is properly the subject of expert discovery. ViaSat further objects to this interrogatory to the extent it calls for information not within ViaSat's possession, custody, or control, and on the ground that it seeks information already within Loral's possession, custody, or control. Discovery is still ongoing and ViaSat is continuing to investigate. ViaSat reserves the right to supplement and/or amend its response as appropriate and/or at the appropriate time.

DATED: October 15, 2013

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Adam B. Wolfson*
 Adam B. Wolfson

Attorneys for Plaintiffs ViaSat, Inc. and ViaSat Communications, Inc. f/k/a WildBlue Communications, Inc.

# CERTIFICATE OF SERVICE

I, hereby certify that on this 15th day of October, 2013, copies of the foregoing document were served upon the following parties as indicated:

**PLAINTIFFS VIASAT, INC. AND VIASAT COMMUNICATIONS, INC., f/k/a WILDBLUE COMMUNICATIONS, INC.'S SUPPLEMENTAL RESPONSE AND OBJECTIONS TO DEFENDANTS SPACE SYSTEMS/LORAL, LLC AND LORAL SPACE & COMMUNICATIONS INC.'S INTERROGATORIES (SET SIX)**

*Counsel for Defendants Space Systems/Loral, LLC and Loral Space & Communications Inc.*

| | |
|---|---|
| Amanda K. Bonn<br>SUSMAN GODFREY L.L.P<br>1901 Avenue of the Stars, Suite 950<br>Los Angeles, CA 90067-6029<br>Email: mseltzer@susmangodfrey.com<br>Email: abonn@susmangodfrey.com | ☐ Via First Class Mail<br>☐ Via Hand Delivery<br>☐ Via Overnight Courier<br>☒ Via Electronic Mail |
| William Christopher Carmody<br>Jacob W. Buchdahl<br>SUSMAN GODFREY L.L.P<br>560 Lexington Avenue, 15th Floor<br>New York, New York 10022<br>Email: bcarmody@susmangodfrey.com<br>Email: jbuchdahl@susmangodfrey.com | ☐ Via First Class Mail<br>☐ Via Hand Delivery<br>☐ Via Overnight Courier<br>☒ Via Electronic Mail |

/s/     Adam Botzenhart