UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC., VIASAT COMMUNICATIONS, INC., f/k/a WILDBLUE COMMUNICATIONS, INC.,<br><br>                          Plaintiffs,<br><br>   vs.<br><br>SPACE SYSTEMS/LORAL, INC., LORAL SPACE & COMMUNICATIONS INC.,<br><br>                          Defendants. | CASE NO. 3:12-cv-00260-H (WVG)<br><br>**ORDER DENYING SS/L'S MOTION FOR JUDGMENT AS A MATTER OF LAW OR FOR NEW TRIAL REGARDING INVENTORSHIP OF THE '827 PATENT (6 OF 12)**<br><br>[Doc. Nos. 967, 1034] |

On April 10, 2014, Defendant Space Systems/Loral, Inc. ("SS/L" or "Defendant") filed a motion for judgment as a matter of law on inventorship of United States Patent No. 8,068,827 ("the '827 Patent"). (Doc. No. 967.) On June 13, 2014, Defendant filed a renewed motion for judgment as a matter of law or a new trial on inventorship of the '827 Patent. (Doc. No. 1035.) On July 11, 2014, Plaintiffs ViaSat,

- 1 -

Inc. and ViaSat Communications, Inc., f/k/a Wildblue Communications, Inc. (collectively, "ViaSat") filed a response in opposition to SS/L's motion. (Doc. No. 1111.) On July 25, 2014, SS/L filed a reply in support of its motion. (Doc. No. 1144.) The Court held a hearing on August 7, 2014. Charles K. Verhoeven, Sean S. Pak, Adam B. Wolfson, and Michelle A. Clark appeared for ViaSat. William C. Carmody, Jacob W. Buchdahl, Joseph S. Grinstein, and Amanda K. Bonn appeared for SS/L. For the following reasons, the Court denies SS/L's motion for judgment as a matter of law and motion for new trial.

## **Background**

This case arises from a dispute between two companies in the satellite communications industry over contractual provisions and intellectual property. ViaSat is a corporation that develops commercial and military satellite and digital communication technologies. (Doc. No. 475 ¶¶ 9-11.) SS/L is in the business of manufacturing communications satellites and is a wholly owned subsidiary of Loral. (Doc. No. 475 ¶ 14; Doc. No. 901 at 90.) In 2006, ViaSat and SS/L began negotiating over the possibility of collaborating on a major satellite construction project ("ViaSat-1"). (Doc. No. 475 ¶ 32; Doc. No. 486 ¶ 32.) Eventually, ViaSat and SS/L entered into contractual agreements, including a contract for the construction of ViaSat-1 (the "Build Contract") and multiple nondisclosure agreements ("NDAs"). (Doc. No. 475 ¶¶ 40-51; Doc. No. 486 ¶¶ 40-51.)

Around the same time, SS/L commenced a separate satellite project with Hughes Network Systems ("Hughes") to build a satellite known as the Jupiter-1. (Doc. No. 475 ¶ 56; Doc. No. 486 ¶ 56.) According to ViaSat, SS/L gained access to confidential information about ViaSat's technologies over the course of the ViaSat-1 project and then passed this information on to Hughes for use on the Jupiter-1. (Doc. No. 475 ¶¶ 55-72.)

On February 1, 2012, ViaSat filed this lawsuit, and on November 14, 2013, it filed a fourth amended complaint. (Doc. Nos. 1, 475.) ViaSat alleged that SS/L and

Loral had infringed the '827 Patent, along with United States Patents No. 8,107,875 ("the '875 patent"), No. 8,010,043 ("the '043 patent"), and No. 7,773,942 ("the '942 Patent"). (Doc. No. 475 at 73-88, 89-104, 105-120, 121-136.) ViaSat also alleged that SS/L and Loral had breached the Build Contract and NDAs. (Id. at 137-151.) SS/L filed counterclaims alleging that ViaSat had infringed United States Patents No. 6,400,696 and No. 7,219,132. (Doc. No. 486 at 38-40, 40-41.) ViaSat later withdrew its claims based on the '942 Patent, and SS/L withdrew its counterclaims. (See Doc. No. 842 at 8-9; Doc. No. 1014.)

The '827 patent is entitled "Non-interfering Utilization of Non-geostationary Satellite Frequency Band for Geostationary Satellite Communication." (Doc. No. 504-3 at 2; Doc. No. 901 at 12.) A satellite can operate in the geostationary spectrums ("GSO"), meaning that the satellite orbits the earth so that it remains in a fixed location relative to the earth, or the non-geostationary spectrum ("NGSO"), meaning that the satellite does not orbit the earth in accordance with the earth's rotation. (Doc. No. 901 at 83-84; Doc. No. 990 at 141.) The '827 Patent involves technology that enables a GSO satellite to use the NGSO spectrum without interfering with NGSO satellites. (Doc. No. 990 at 141-42.)

Prior to trial, SS/L moved for summary judgment of non-infringement or, alternatively, invalidity of the '827 Patent. (Doc. No. 504.) SS/L argued that the '827 Patent is invalid because the Flexible Frequency Plan, which was the work of SS/L employees Hampton Chan and Aaron Mendelsohn, anticipated it. (Id. at 19-31.) The Court denied the motion based on disputed issues of material fact. (Doc. No. 651 at 8.)

The parties tried their case to a jury beginning on March 25, 2014. (Doc. No. 901.) The jury reached a verdict on April 24, 2014. (Doc. No. 1021 at 3.) The jury determined that SS/L was liable for breach of contract and infringement of the '043, '827, and '875 patents and awarded ViaSat damages. (Doc. No. 1014 at 14.) The jury found that SS/L did not meet its burden of proving by clear and convincing evidence

that the patent failed to list the actual inventors. (Id. at 2, 7.) The jury found no liability for Loral. (Id. at 5-6, 8.)

## Legal Standards

*A. Legal Standard for Judgment as a Matter of Law*

In an action for patent infringement, the law of the regional circuit, here the Ninth Circuit, governs the standards for deciding a Rule 50 motion for judgment as a matter of law. See, e.g., Leader Techs., Inc. v. Facebook, Inc., 678 F.3d 1300, 1305 (Fed. Cir. 2012). Under Federal Rule of Civil Procedure 50, a court should render judgment as a matter of law ("JMOL") when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue . . ." Fed. R. Civ. P. 50(a)(1); see Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 149 (2000). In other words, the jury verdict should be overturned and motion for judgment as a matter of law granted if the evidence "permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir. 2002); accord Lucent Techs., Inc. v. Gateway, Inc., 580 F.3d 1301, 1309 (Fed. Cir. 2009); see also Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1005 (9th Cir. 2004) ("JMOL should be granted only if the verdict is 'against the great weight of the evidence, or it is quite clear that the jury has reached a seriously erroneous result.'"). In deciding a motion for judgment as a matter of law, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable evidentiary inferences in favor of the non-moving party. Reeves, 530 U.S. at 150; Lakeside-Scott v. Multnomah Cnty., 556 F.3d 797, 802 (9th Cir. 2009).

*B. Legal Standard for New Trial*

Under Federal Rule of Civil Procedure 59(a), a court may grant a new trial on some or all of the issues and to any party after a jury trial. Fed. R. Civ. P. 59(a)(1). Rule 59 does not specify specific grounds for new trial, but a court is bound to grant a new trial for "grounds that have been historically recognized." Zhang v. Am. Gem

Seafoods, Inc., 339 F.3d 1020, 1035 (9th Cir. 2003); Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007) (internal citations and quotation marks omitted). In patent cases, the law of the regional circuit, here the Ninth Circuit, governs the standards for deciding a Rule 59 motion for new trial. Finisar Corp. v. DirecTV Grp, Inc., 523 F.3d 1323, 1328 (Fed. Cir. 2008). In the Ninth Circuit, "a district court may not grant a new trial simply because it would have arrived at a different verdict." Wallace v. City of San Diego, 479 F.3d 616, 630 (9th Cir. 2007) (quoting Silver Sage Partners, Ltd. v. City of Desert Hot Springs, 251 F.3d 814, 818 (9th Cir. 2001)) (internal quotation marks omitted). But "the district court can grant a new trial under Rule 59 on any ground necessary to prevent a miscarriage of justice." Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd., 742 F.3d 377, 390 (9th Cir. 2014).

*C. Legal Standard for Patent Invalidity*

A patent is invalid if all of the actual patent inventors, and only the actual inventors, are not named as inventors in the patent. Pannu v. Iolab Corp., 155 F.3d 1344, 1349-50 (Fed. Cir. 1998). A person should be named as an inventor if he contributed to the conception of one or more claims of the patent. Eli Lilly & Co. v. Aradigm Corp., 376 F.3d 1352, 1361-62 (Fed. Cir. 2004). The burden of proving nonjoinder of an actual inventor is a "heavy one" that the challenger must prove by "clear and convincing evidence." Hess v. Advanced Cardiovascular Sys., Inc., 106 F.3d 976, 980 (Fed. Cir. 1998). The challenger's burden is heavy because "the inventors as named in an issued patent are presumed to be correct." Amax Fly Ash Corp. v. United States, 514 F.2d 1041, 1047 (Ct. Cl. 1975).

Additionally, a patent is invalid if the patentee did not invent the patented subject matter. 35 U.S.C. § 102(f). The challenger has the burden of proof to show that the patentee derived the idea for the patent from another invention. Hedgewick v. Akers, 497 F.2d 905, 908 (C.C.P.A. 1974). To invalidate a patent, the challenger must show "a prior, complete conception of the claimed subject matter and communication of the complete conception to the party charged with derivation." Id.

## Discussion

Defendant SS/L argues that it is entitled to judgment as a matter of law or, in the alternative, a new trial on the issue of the validity of the '827 Patent. (Docs. No. 967, 1034.) SS/L argues that the '827 Patent should have named Hampton Chan and Aaron Mendelsohn as inventors and that the patent is therefore invalid for failing to name the correct inventors. (Doc. No. 967 at 2.) SS/L argues that Chan and Mendelsohn should be named as inventors due to their communication of the Flexible Frequency Plan ("FFP") to ViaSat on September 19, 2007. (Id.) According to SS/L, the FFP disclosed elements of the '827 Patent prior to ViaSat's filing of the patent on October 9, 2007. (Id.)

The alleged infringement of the '827 Patent involves the infringement of two claims, claim seven and claim eight. Claim eight is a dependent claim on claim seven. (Id. at 1990.) A dependent claim can only be infringed if the independent claim on which it depends is infringed. Honeywell Int'l Inc. v. Universal Avionics Sys. Corp., 488 F.3d 982, 995 (Fed. Cir. 2007).

Mark Miller, a named co-inventor of the '827 Patent, testified for ViaSat that he invented the concept of NGSO blanking and that the idea did not appear in SS/L's presentation on the FFP. (Doc. No. 923 at 1411, 1403.) Miller stated that ViaSat had documents prior to the FFP presentation that discuss on-orbit flexibility, which he testified is proof that SS/L did not come up with the idea of using a switch to turn off the NGSO spectrum. (Id. at 1409.) Rick Baldridge, the president of ViaSat, also testified that the idea of the NGSO switch did not appear in any SS/L presentation. (Doc. No. 906 at 328.)

Hampton Chan, vice president of systems engineering at SS/L, testified that he presented the basic circuitry of the NGSO switch in the FFP to John Tchorz, named co-inventor of the '827 Patent, less than one month before Tchorz and Miller filed their application for the '827 Patent. (Doc. No. 975 at 2487.) In addition, SS/L's expert Schindall testified that the FFP disclosed every element of both claims seven and eight

of the '827 Patent. (Doc. No. 991 at 2290-2308.) Schindall believes that the '827 Patent is therefore invalid. (Id. at 2309.)

ViaSat's expert Sturza testified that the technology explained in the FFP has nothing to do with NGSO blanking. (Doc. No. 975 at 2717.) Sturza also testified that Mendelsohn did not even know why the satellite had switches for NGSO blanking until November 8, 2007, as evidenced by an email he wrote to Chan on that date. (Id. at 2720.) Based on these facts, Sturza concluded neither Chan nor Mendelsohn should be included as inventors on the '827 Patent. (Id.) Sturza did not comment on claim eight as it was his understanding that claim seven was the asserted claim. (Id. at 2738.)

A patent is invalid if all of the actual patent inventors, and only the actual inventors, are not named as inventors in the patent. Pannu, 155 F.3d at 1349-50. The burden of proving nonjoinder of an actual inventor is a "heavy one" that the challenger must prove by "clear and convincing evidence." Hess v. Advanced Cardiovascular Sys., Inc., 106 F.3d 976, 980 (Fed. Cir. 1998).

SS/L alleges that ViaSat offered insufficient evidence to rebut SS/L's showing that Chan and Mendelsohn conceived of both claims seven and eight of the patent. (Doc. No. 1034 at 11, 8.) But SS/L had the burden of demonstrating invalidity of the patent by clear and convincing evidence. Hess, 106 F.3d at 980. Because the burden was on SS/L, a reasonable jury could have concluded that the '827 Patent was not invalid on the grounds that SS/L's evidence to the contrary was too thin or unconvincing. Furthermore, ViaSat did present evidence regarding the inventorship of the '827 Patent. For instance, Mark Miller and Rick Baldridge testified regarding the '827 Patent and the conception of the ideas that the Patent recites. (See Doc. No. 923 at 195, 201.) The jury was entitled to credit the testimony of these witnesses over the testimony that SS/L's witnesses offered.

For post-trial JMOL motions, the Court must uphold a jury verdict if "it is supported by substantial evidence." Wallace v. City of San Diego, 479 F.3d 616, 624 (9th Cir. 2006). "Substantial evidence is evidence adequate to support the jury's

conclusion, even if it is also possible to draw a contrary conclusion from the same evidence." Johnson v. Paradise Valley Unified School Dist., 251 F.3d 1222, 1227 (9th Cir. 2001). ViaSat presented substantial evidence to support the jury's finding that the '827 Patent is valid. Accordingly, the Court denies SS/L's motion for judgment as a matter of law.

In the Ninth Circuit, "a district court may not grant a new trial simply because it would have arrived at a different verdict." Wallace v. City of San Diego, 479 F.3d 616, 630 (9th Cir. 2007) (quoting Silver Sage Partners, Ltd. v. City of Desert Hot Springs, 251 F.3d 814, 818 (9th Cir. 2001)) (internal quotation marks omitted). But "the district court can grant a new trial under Rule 59 on any ground necessary to prevent a miscarriage of justice." Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd., 742 F.3d 377, 390 (9th Cir. 2014). Because ViaSat presented sufficient evidence at trial for a jury to conclude that the '827 Patent is not invalid for inventorship, SS/L has not demonstrated that a new trial is necessary. Accordingly, the Court denies SS/L's motion for a new trial on inventorship of the '827 Patent.

### Conclusion

SS/L has not met its burden of demonstrating that based on the evidence presented at trial, the jury was required to find by clear and convincing evidence that the '827 Patent is invalid for failing to name the correct inventors. Accordingly, the Court denies SS/L's motion for judgment as a matter of law regarding inventorship of the '827 Patent and denies SS/L's motion for new trial.

**IT IS SO ORDERED.**

DATED: August 8, 2014

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT