UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC., VIASAT COMMUNICATIONS, INC., f/k/a WILDBLUE COMMUNICATIONS, INC.,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>SPACE SYSTEMS/LORAL, INC., LORAL SPACE & COMMUNICATIONS, INC.,<br><br>                    Defendants. | CASE NO. 3:12-CV-00260-H (WVG)<br><br>**ORDER DENYING MOTION TO STRIKE DECLARATION OF DANIEL J. SLOTTJE IN SUPPORT OF MOTION FOR INJUNCTIVE RELIEF**<br><br>**[DOC. NO. 1093]** |

On July 10, 2014, Defendant Space Systems/Loral, LLC, f/k/a Space Systems/Loral, Inc. ("SS/L") filed a motion to strike the declaration of Daniel J. Slottje filed in support of Plaintiff ViaSat, Inc.'s ("ViaSat") motion for permanent injunction. (Doc. No. 1093.) On July 24, 2014, ViaSat filed a response in opposition to SS/L's motion to strike. (Doc. No. 1141.) On July 31, 2014, SS/L filed a reply in support of its motion. (Doc. No. 1171.) The Court held a hearing on August 7, 2014. Charles K. Verhoeven, Sean S. Pak, Adam B. Wolfson, and Michelle A. Clark appeared for ViaSat. William C. Carmody, Jacob W. Buchdahl, Joseph S. Grinstein, and Amanda

K. Bonn appeared for SS/L.  For the following reason, the Court denies SS/L's motion to strike.

## I.     Background

This case arises from a dispute between two companies in the satellite communications industry over contractual provisions and intellectual property.  ViaSat is a corporation that develops commercial and military satellite and digital communication technologies.  (Doc. No. 475 ¶¶ 9-11.)  SS/L is in the business of manufacturing communications satellites and is a wholly owned subsidiary of Loral.  (Doc. No. 475 ¶ 14; Doc. No. 901 at 90.)  ViaSat filed this lawsuit on February 1, 2012, alleging breach of contract and infringement of four patents arising out of a business relationship between the companies.  (Doc. Nos. 1, 475.)

The parties tried their case to a jury beginning on March 25, 2014.  (Doc. No. 901.)  The jury reached a verdict on April 24, 2014.  (Doc. No. 1021 at 3.)  The jury determined that SS/L was liable for breach of contract and patent infringement and awarded damages.  (Doc. No. 1014.)  On June 13, 2014, ViaSat filed a motion for permanent injunction.  (Doc. No. 1061.)  In support of its motion for permanent injunction, ViaSat filed a declaration by Dr. Slottje, who was ViaSat's damages expert during the trial ("the Slottje declaration").  (Doc. No. 1061-3.)

In this motion, SS/L asks the Court to strike the Slottje declaration.  (Doc. No. 1093.)  It argues that under Rules 26 and 37 of the Federal Rules of Civil Procedure, ViaSat was required to disclose all expert reports prior to trial.  (Doc. No. 1093-1 at 10.)  SS/L contends that the Slottje declaration contains new opinions never disclosed in his expert reports, deposition testimony, or trial testimony.  (Id. at 7-8.)  SS/L argues that these new opinions are not substantially justified, and that SS/L is prejudiced as a result.  (Id. at 10-12.)  SS/L also contends that the opinions are unreliable because they fail to conform to relevant Federal Circuit case law.  (Id. at 13-14.)

In its opposition, ViaSat argues that Rule 26 only applies to trial testimony, not to attachments to post-trial motions.  (Doc. No. 1141 at 7-11.)  ViaSat contends that

1  even if Rule 26 applies, the Slottje declaration is substantially justified and harmless. (Id. at 11-13.) ViaSat argues that the Slottje declaration is reliable and admissible under Federal Circuit case law. (Id. at 13-16.)

**II.  Discussion**

Rule 26(a)(2) of the Federal Rules of Civil Procedure provides:

> [A] party must disclose to the other parties the identity of any witness it may use at trial to present [expert] evidence . . . . Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report . . . . Absent a stipulation or a court order, the disclosures must be made . . . at least 90 days before the date set for trial or for the case to be ready for trial . . . [or] if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party[,] . . . within 30 days after the other party's disclosure.

Rule 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

SS/L has not shown sufficient prejudice for the Court to strike the Slottje declaration. ViaSat filed the Slottje declaration in conjunction with its motion for permanent injunction, on June 13, 2014. Thus, SS/L received the Slottje declaration nearly two months before the August 7 hearing on post-trial motions. ViaSat states, and SS/L does not refute, that SS/L has not sought to depose Dr. Slottje on statements he made in his declaration. (Doc. No. 1141 at 13.) Furthermore, SS/L filed its own expert declarations with its opposition to ViaSat's motion for permanent injunction. (Doc. No. 1122-1.) Because SS/L has not shown that it is prejudiced by the Slottje declaration, the Court denies SS/L's motion to strike.

**IT IS SO ORDERED.**

DATED: August 8, 2014

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT