# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC., VIASAT COMMUNICATIONS, INC., f/k/a WILDBLUE COMMUNICATIONS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> SPACE SYSTEMS/LORAL, INC., LORAL SPACE & COMMUNICATIONS, INC., <br><br> Defendants. | CASE NO. 3:12-CV-00260-H (WVG) <br><br> **ORDER DENYING MOTION FOR JUDGMENT AS A MATTER OF LAW OR FOR NEW TRIAL REGARDING INVALIDITY OF THE '827 AND '875 PATENTS (10 of 12)** <br><br> **[DOC. NOS. 970, 1051]** |

On April 10, 2014, Defendants Space Systems/Loral, Inc. and Loral Space & Communications, Inc. (collectively, "SS/L") filed a motion for judgment as a matter of law on invalidity of United States Patents No. 8,068,827 ("the '827 Patent") and 8,107,875 ("the '875 Patent"). (Doc. No. 970.) On June 13, 2014, SS/L filed a renewed motion for judgment as a matter of law or for new trial regarding the invalidity of the asserted claims of the '827 and '875 Patents in light of the prior art. (Doc. No. 1051.) On July 11, 2014, Plaintiff ViaSat, Inc. ("ViaSat") filed a response in opposition to

SS/L's motion. (Doc. No. 1116.) On July 25, 2014, SS/L filed a reply in support of its motion. (Doc. No. 1160.) The Court held a hearing on August 7, 2014. Charles K. Verhoeven, Sean S. Pak, Adam B. Wolfson, and Michelle A. Clark appeared for ViaSat. William C. Carmody, Jacob W. Buchdahl, Joseph S. Grinstein, and Amanda K. Bonn appeared for SS/L. For the following reasons, the Court denies SS/L's motion.

**I.    Background**

This case arises from a dispute between two companies in the satellite communications industry over contractual provisions and intellectual property. ViaSat is a corporation that develops commercial and military satellite and digital communication technologies. (Doc. No. 475 ¶¶ 9-11.) SS/L is in the business of manufacturing communications satellites and is a wholly owned subsidiary of Loral. (Doc. No. 475 ¶ 14; Doc. No. 901 at 90.) In 2006, ViaSat and SS/L began negotiating over the possibility of collaborating on a major satellite construction project ("ViaSat-1"). (Doc. No. 475 ¶ 32; Doc. No. 486 ¶ 32.) Eventually, ViaSat and SS/L entered into contractual agreements, including a contract for the construction of ViaSat-1 (the "Build Contract") and multiple nondisclosure agreements ("NDAs"). (Doc. No. 475 ¶¶ 40-51; Doc. No. 486 ¶¶ 40-51.)

Around the same time, SS/L commenced a separate satellite project with Hughes Network Systems ("Hughes") to build a satellite known as the Jupiter-1. (Doc. No. 475 ¶ 56; Doc. No. 486 ¶ 56.) According to ViaSat, SS/L gained access to confidential information about ViaSat's technologies over the course of the ViaSat-1 project and then passed this information on to Hughes for use on the Jupiter-1. (Doc. No. 475 ¶¶ 55-72.)

On February 1, 2012, ViaSat filed this lawsuit, and on November 14, 2013, it filed a fourth amended complaint. (Doc. Nos. 1, 475.) ViaSat alleged that SS/L and Loral had infringed the '827 Patent and the '875 Patent, as well as United States Patents No. 8,010,043 ("the '043 Patent") and No. 7,773,942 ("the '942 Patent"). (Doc. No. 475 at 73-88, 89-104, 105-120, 121-136.) ViaSat also alleged that SS/L and Loral had

breached the Build Contract and NDAs. (Id. at 137-151.) SS/L filed counterclaims alleging that ViaSat had infringed United States Patents No. 6,400,696 and No. 7,219,132. (Doc. No. 486 at 38-40, 40-41.) ViaSat later withdrew its claims based on the '942 Patent, and SS/L withdrew its counterclaims. (See Doc. No. 842 at 8-9; Doc. No. 1014.)

The '827 patent is entitled "Non-interfering Utilization of Non-geostationary Satellite Frequency Band for Geostationary Satellite Communication." (Doc. No. 504-3 at 2; Doc. No. 901 at 12.) A satellite can be geostationary ("GSO"), meaning that the satellite orbits the earth so that it remains in a fixed location relative to the ground, or non-geostationary ("NGSO"), meaning that the satellite does not orbit the earth in synchronization with the earth's rotation. (Doc. No. 901 at 83-84; Doc. No. 990 at 141.) The Federal Communications Commission ("FCC") assigns one segment of radio frequencies preferentially to GSO satellites ("the GSO spectrum") and one segment preferentially to NGSO satellites ("the NGSO spectrum"). (Doc. No. 1051-4.) The '827 Patent involves technology that enables a GSO satellite to use the NGSO spectrum without interfering with NGSO satellites. (Doc. No. 990 at 141-42.)

The '875 Patent is entitled "Placement of Gateways Near Service Beams." (Doc. No. 1053-2 at 2; Doc. No. 901 at 11.) Designers of satellite systems can achieve different outcomes through different geographic arrangements of gateway terminals and service beams. The purpose of the '875 Patent is to increase data-carrying capacity of a satellite system through a more efficient geographic placement of gateway terminals and service beams. (Doc. No. 923 at 248-49.)

Prior to trial, SS/L moved for summary judgment of non-infringement or, alternatively, invalidity of the '827 Patent. (Doc. No. 504.) SS/L argued that the '827 Patent is invalid because SS/L's own Flexible Frequency Plan anticipated it. (Id. at 15-31.) The Court denied the motion based on disputed issues of material fact. (Doc. No. 651 at 8.)

The parties tried their case to a jury beginning on March 25, 2014. (Doc. No.

901.) The jury reached a verdict on April 24, 2014. (Doc. No. 1021 at 3.) The jury determined that SS/L was liable for breach of contract and infringement of the '043, '827, and '875 patents and awarded damages. (Doc. No. 1014.) The jury found that SS/L had not met its burden of proving by clear and convincing evidence that either the '827 or the '875 Patent was invalid. (Id. at 7-8.) In this motion, SS/L asks the Court to rule that, as a matter of law under Rule 50(b) of the Federal Rules of Civil Procedure, the '827 Patent is invalid as anticipated or obvious and the '875 Patent is invalid as obvious. (Doc. No. 1051 at 6-13; 13-28; see also Doc. No. 970.) Alternatively, SS/L moves for a new trial on the validity of the '827 and '875 Patents pursuant to Rule 59. (Doc. No. 1051 at 28-29.)

**II.    Legal Standards**

*A.    Legal Standard of Judgment as a Matter of Law*

The law of the regional circuit, here the Ninth Circuit, governs the standards for deciding a Rule 50 motion for judgment as a matter of law. See, e.g., Leader Techs., Inc. v. Facebook, Inc., 678 F.3d 1300, 1305 (Fed. Cir. 2012). Under Federal Rule of Civil Procedure 50, a court should render judgment as a matter of law when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue . . . ." Fed. R. Civ. P. 50(a)(1); see Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 149 (2000). In other words, the jury verdict should be overturned and motion for judgment as a matter of law granted if the evidence "permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir. 2002); accord Lucent Techs., Inc. v. Gateway, Inc., 580 F.3d 1301, 1309 (Fed. Cir. 2009); see also Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1005 (9th Cir. 2004) ("judgment as a matter of law should be granted only if the verdict is 'against the great weight of the evidence, or it is quite clear that the jury has reached a seriously erroneous result.'").

In deciding a motion for judgment as a matter of law, the district court must view

the evidence in the light most favorable to the non-moving party and draw all reasonable evidentiary inferences in favor of the non-moving party. Reeves, 530 U.S. at 150; Lakeside-Scott v. Multnomah Cnty., 556 F.3d 797, 802 (9th Cir. 2009). A district court must uphold a jury's verdict even if the record contains evidence that might support a contrary conclusion to the jury's verdict. Pavao, 307 F.3d at 918. The court "is not to make credibility determinations or weigh the evidence." Wintaro v. Toshiba Am. Elec. Components, Inc., 274 F.3d 1276, 1283 (9th Cir. 2001). "The court must accept the jury's credibility findings consistent with the verdict." Id. (internal quotation marks omitted). Finally, the district court must "accept the jury's credibility findings consistent with the verdict" and "disregard all evidence favorable to the moving party that the jury is not required to believe" because "[w]hen two sets of inferences find support in the record, the inferences that support the jury's verdict of course win the day." Wintaro, 274 F.3d at 1283, 1286-87.

   B.   *Legal Standard for New Trial*

Under Federal Rule of Civil Procedure 59(a), a court may grant a new trial on some or all of the issues and to any party after a jury trial. Fed. R. Civ. P. 59(a)(1). Rule 59 does not specify specific grounds for new trial, but a court is bound to grant a new trial for "grounds that have been historically recognized." Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1035 (9th Cir. 2003); Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007) (internal citations and quotation marks omitted). In patent cases, the law of the regional circuit, here the Ninth Circuit, governs the standards for deciding a Rule 59 motion for new trial. Finisar Corp. v. DirecTV Grp, Inc., 523 F.3d 1323, 1328 (Fed. Cir. 2008). In the Ninth Circuit, "a district court may not grant a new trial simply because it would have arrived at a different verdict." Wallace v. City of San Diego, 479 F.3d 616, 630 (9th Cir. 2007) (quoting Silver Sage Partners, Ltd. v. City of Desert Hot Springs, 251 F.3d 814, 818 (9th Cir. 2001)) (internal quotation marks omitted). But "the district court can grant a new trial under Rule 59 on any ground necessary to prevent a miscarriage of justice." Experience

1  Hendrix L.L.C. v. Hendrixlicensing.com Ltd., 742 F.3d 377, 390 (9th Cir. 2014).

      C.    *Legal Standard for Anticipation*

A patent is presumed valid. 35 U.S.C. § 282; Laryngeal Mask Co. v. Ambu, 618 F.3d 1367, 1373 (Fed. Cir. 2010). "[A] moving party seeking to invalidate a patent at summary judgment must submit such clear and convincing evidence of facts underlying invalidity that no reasonable jury could find otherwise." SRAM Corp. v. AD-II Eng'g, Inc., 465 F.3d 1351, 1357 (Fed. Cir. 2006).

"[I]nvalidity by anticipation requires that the four corners of a single, prior art document describe every element of the claimed invention, either expressly or inherently, such that a person of ordinary skill in the art could practice the invention without undue experimentation." Advanced Display Sys., Inc. v. Kent State Univ., 212 F.3d 1272, 1282 (Fed. Cir. 2000). If a prior art reference does not expressly set forth a particular claim element, the reference may still anticipate if the element is inherent in the prior art. In re Robertson, 169 F.3d 743, 745 (Fed. Cir. 1999). The claim element must necessarily be present in the prior art. Id. "Inherency, however, may not be established by probabilities or possibilities. The mere fact that a certain thing may result from a given set of circumstances is not sufficient." Bettcher Indus., Inc. v. Buznl USA, Inc., 661 F.3d 629, 639 (Fed. Cir. 2011) (quoting In re Oelrich, 666 F.2d 578, 581 (C.C.P.A. 1981)); see also Trintec Indus., Inc. v. Top-U.S.A. Corp., 295 F.3d 1292, 1297 (Fed. Cir. 2002) ("Inherency does not embrace probabilities or possibilities.") Thus, if prior art potentially has all claim elements, but does not necessarily have all claim elements, the prior art does not anticipate the patent claim.

Proving anticipation of a claim requires clear and convincing evidence that each and every limitation of the claim is present in a single prior art reference. Sanofi-Synthelabo v. Apotex, Inc., 470 F.3d 1368, 1375 (Fed. Cir. 2006). "'Clear and convincing' evidence [is] evidence which produces in the mind of the trier of fact an abiding conviction that the truth of a factual contention is 'highly probable.'" Price v. Symsek, 988 F.2d 1187, 1191 (Fed. Cir. 1993) (quoting Buildex, Inc. v. Kason Indus.,

Inc., 849 F.2d 1461, 1463 (Fed. Cir. 1988)).

  D. *Legal Standard for Obviousness*

  A patent is invalid as obvious "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103. Obviousness is a legal question based on underlying factual determinations. Eisai Co. Ltd. v. Dr. Reddy's Lab., Ltd., 533 F.3d 1353, 1356 (Fed. Cir. 2008). "The factual determinations underpinning the legal conclusion of obviousness include 1) the scope and content of the prior art, 2) the level of ordinary skill in the art, 3) the differences between the claimed invention and the prior art, and 4) evidence of secondary factors." Id. (citing Graham v. John Deere Co., 383 U.S. 1, 17-18 (1966)). Secondary factors include "commercial success, long felt but unsolved needs, [and] failure of others . . . ." KSR Int'l Co. v. Teleflex Inc., 550 U.S. 398, 406 (2007) (quoting Graham, 383 U.S. at 17-18). Judgment as a matter of law based on obviousness is appropriate where "the prior art's content, the patent claim's scope, and the level of ordinary skill in the art are not in material dispute and the claim's obviousness is apparent." See id. at 427 (applying obviousness standard on motion for summary judgment).

  A patent is likely to be obvious if it merely yields predictable results by combining familiar elements according to known methods. Id. at 406. "[A] patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art." Id. at 418. "If a person of ordinary skill in the art can implement a predictable variation, and would see the benefit of doing so, § 103 likely bars its patentability." Id. at 417. In determining obviousness, courts do not need to find "precise teachings directed to the specific subject matter of the challenged claim, for a court can take account of the inferences and creative steps that a person of ordinary skill in the art would employ." Id. at 418. A person of ordinary skill interprets the prior art "using common sense and appropriate

perspective." Unigene Labs., Inc., 655 F.3d 1352, 1361 (Fed. Cir. 2011) (citing KSR Int'l Co., 550 U.S. at 421).

### III. Discussion

In this motion, SS/L asks the Court to rule that, as a matter of law under Rule 50(b) of the Federal Rules of Civil Procedure, the '827 Patent is invalid as anticipated or obvious, and the '875 Patent is invalid as obvious. (Doc. No. 1051 at 6-13; 13-28; see also Doc. No. 970.) Alternatively, SS/L moves for a new trial on the validity of the '827 and '875 Patents pursuant to Rule 59. (Doc. No. 1051 at 28-29.)

*A.     Anticipation of the '827 Patent*

SS/L argues that an application that a company called AtContact filed with the FCC in 2004 ("AtContact") anticipated Claim 7 of the '827 Patent. (Doc. No. 1051 at 6-9.) According to SS/L, AtContact describes a satellite capable of ceasing transmissions in the NGSO spectrum during in-line interference events, and as a result, it discloses every limitation of the '827 Patent. (Id. at 9.) SS/L contends that the testimony of ViaSat's expert Mr. Sturza supports SS/L's argument, because Mr. Sturza testified that a satellite capable of turning off the NGSO spectrum during in-line interference events would infringe the '827 Patent, and the test for anticipation is the same as the test for infringement. (Id. at 7-8.) See also Polaroid Corp. v. Eastman Kodak Co., 789 F.2d 1556, 1573 (Fed. Cir. 1986) ("That which infringes if later anticipates if earlier.").

In its opposition, ViaSat argues that Claim 7 of the '827 Patent teaches at least one receiver that can receive GSO and NGSO signals along with at least one transmitter that can transmit both GSO and NGSO signals. (Doc. No. 1116 at 19.) AtContact, on the other hand, discloses a satellite that includes a GSO payload and an NGSO payload. (Id. at 20.) ViaSat argues that the testimony and other evidence at trial demonstrated this important difference to the jury.

A court may overturn a jury verdict and grant motion for judgment as a matter of law if the evidence presented at trial "permits only one reasonable conclusion, and

that conclusion is contrary to the jury's verdict." Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir. 2002); accord Lucent Techs., Inc. v. Gateway, Inc., 580 F.3d 1301, 1309 (Fed. Cir. 2009); see also Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1005 (9th Cir. 2004) ("judgment as a matter of law should be granted only if the verdict is 'against the great weight of the evidence, or it is quite clear that the jury has reached a seriously erroneous result.'"). In deciding a motion for judgment as a matter of law, the district court must view the evidence in the light most favorable to the non-moving party and draw all reasonable evidentiary inferences in favor of the non-moving party. Reeves, 530 U.S. at 150; Lakeside-Scott v. Multnomah Cnty., 556 F.3d 797, 802 (9th Cir. 2009).

Based on the evidence presented at trial, a reasonable jury could have determined that AtContact discloses a GSO payload and an NGSO payload, and that in this respect AtContact is different from the '827 Patent, which teaches receivers that can receive both GSO and NGSO signals and transmitters that can transmit both GSO and NGSO signals. Based on this difference, a reasonable jury could have concluded that AtContact did not anticipate the '827 Patent. As a result, the Court denies SS/L's motion for judgment as a matter of law that the '827 is invalid as anticipated.

In the Ninth Circuit, "a district court may not grant a new trial simply because it would have arrived at a different verdict." Wallace v. City of San Diego, 479 F.3d 616, 630 (9th Cir. 2007) (quoting Silver Sage Partners, Ltd. v. City of Desert Hot Springs, 251 F.3d 814, 818 (9th Cir. 2001)) (internal quotation marks omitted). But "the district court can grant a new trial under Rule 59 on any ground necessary to prevent a miscarriage of justice." Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd., 742 F.3d 377, 390 (9th Cir. 2014). At trial, the expert testimony of Mr. Sturza supported the inference that AtContact discloses a GSO payload and an NGSO payload rather than disclosing the transmitters and receivers that the '827 Patent discloses. The Court therefore declines to grant a new trial regarding whether AtContact anticipated the '827 Patent.

### B.    *Obviousness of the '827 Patent*

SS/L argues that the FCC's Third Report & Order published in 1997 ("the FCC Rules") renders Claim 7 of the '827 Patent obvious. (Doc. No. 1051 at 10.) The FCC Rules state that the GSO spectrum is primarily for GSO satellites and secondarily for NGSO satellites, and that the NGSO spectrum is primarily for NGSO satellites and secondarily for GSO satellites. (Doc. No. 991 at 168-69.) According to SS/L, opportunistic spectrum use is an obvious implication of the FCC's assignment of frequency spectrums. (Doc. No. 1051 at 10.) SS/L argues that the FCC Rules themselves therefore disclose claim limitations 7(a) through 7(d) of the '827 Patent, and that even though the FCC Rules do not disclose particular circuitry for achieving opportunistic spectrum use, such circuitry would have been obvious to a person of ordinary skill in the art. (Id.) SS/L further argues that a person of skill in the art could have easily arrived at the concepts in the '827 Patent by looking at the FCC application of a company called Skybridge ("Skybridge"). (Id. at 10-12.)

In its opposition, ViaSat argues that SS/L's motion raises arguments that SS/L failed to raise at trial and has therefore waived. (Doc. No. 1116 at 21-22.) ViaSat argues further that none of the prior art that SS/L cites — AtContact, the FCC Rules, or Skybridge — discloses a GSO satellite with a receiver and transmitter configured to operate in either the GSO spectrum only or both the GSO and NGSO spectrums based on an interference situation. (Id. at 23.) According to ViaSat, although the FCC Rules state that GSO satellites may use the NGSO spectrum as long as they do not interfere with NGSO satellites, they do not teach satellite designers how to do so. (Id.) ViaSat argues that the '827 Patent presents a solution to the problem of opportunistic spectrum use that is different from previous solutions, including AtContact and SkyBridge. Moreover, ViaSat contends that a person of skill in the art would not have been motivated to combine the works of prior art that SS/L cites. (Id. at 24-28.)

A court may overturn a jury verdict and grant a motion for judgment as a matter of law if the evidence presented at trial "permits only one reasonable conclusion, and

- 10 -

1  that conclusion is contrary to the jury's verdict." Pavao v. Pagay, 307 F.3d 915, 918
2  (9th Cir. 2002); accord Lucent Techs., Inc. v. Gateway, Inc., 580 F.3d 1301, 1309 (Fed.
3  Cir. 2009); see also Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998,
4  1005 (9th Cir. 2004) ("judgment as a matter of law should be granted only if the verdict
5  is 'against the great weight of the evidence, or it is quite clear that the jury has reached
6  a seriously erroneous result.'").  In deciding a motion for judgment as a matter of law,
7  the district court must view the evidence in the light most favorable to the non-moving
8  party and draw all reasonable evidentiary inferences in favor of the non-moving party.
9  Reeves, 530 U.S. at 150; Lakeside-Scott v. Multnomah Cnty., 556 F.3d 797, 802 (9th
10 Cir. 2009).
11       Obviousness is a legal question based on underlying factual determinations. Eisai
12 Co. Ltd. v. Dr. Reddy's Lab., Ltd., 533 F.3d 1353, 1356 (Fed. Cir. 2008). "The factual
13 determinations underpinning the legal conclusion of obviousness include 1) the scope
14 and content of the prior art, 2) the level of ordinary skill in the art, 3) the differences
15 between the claimed invention and the prior art, and 4) evidence of secondary factors."
16 Id. (citing Graham v. John Deere Co., 383 U.S. 1, 17-18 (1966)).  Here, the parties'
17 experts, Sturza and Schindall, testified differently as to these underlying facts.
18 (Compare Doc. No. 991 at 167-70 with Doc. No.. 975 at 307-09.)  According to Mr.
19 Sturza's testimony, it would not have been obvious to a person of skill in the art how to
20 achieve the opportunistic spectrum use that the FCC Rules suggest, nor would it have
21 been obvious by looking at SkyBridge. (Doc. No. 991 at 167-70.)  The jury was entitled
22 to credit this testimony.  Accordingly, a reasonable jury could have found that SS/L did
23 not prove by clear and convincing evidence that the '827 Patent was obvious.  The Court
24 denies SS/L's motion for judgment as a matter of law on these grounds.
25       In the Ninth Circuit, "a district court may not grant a new trial simply because it
26 would have arrived at a different verdict." Wallace v. City of San Diego, 479 F.3d 616,
27 630 (9th Cir. 2007) (quoting Silver Sage Partners, Ltd. v. City of Desert Hot Springs,
28 251 F.3d 814, 818 (9th Cir. 2001)) (internal quotation marks omitted).  But "the district

court can grant a new trial under Rule 59 on any ground necessary to prevent a miscarriage of justice." Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd., 742 F.3d 377, 390 (9th Cir. 2014). ViaSat presented substantial evidence at trial that the '827 Patent was not invalid as obvious. Accordingly, the Court denies SS/L's motion for a new trial regarding whether the '827 Patent is invalid as obvious.

### C. *Obviousness of the '875 Patent*

SS/L argues that Claim 12 of the '875 Patent is invalid as obvious. (Doc. No. 1051 at 13-28.) Claim 12 of the '875 Patent depends from Claim 1. SS/L argues that "An FDMA System Concept for 30/20 GHz High Capacity Domestic Satellite Service," published by the MITRE Corporation in 1982 ("MITRE"), establishes every element of Claim 1 of the '875 Patent. (Id. at 15.) SS/L further argues that a proposal it made to sell the AMC-17 satellite to SES-Americom, Inc. on October 20, 2004 ("AMC-17") discloses every limitation of Claim 1. (Id. at 17.) SS/L argues that United States Patent No. 6,704,543 B1, "Multi-beam Satellite Communications System," filed by Thomas E. Sharon on May 23, 2000, discloses the remaining elements of Claim 12, and that additional prior art also discloses these limitations. (Id. at 21-25.)

In its opposition, ViaSat argues that none of the prior art discloses Claim 12's limitation that the feeder beam is allocated all of the colors of the beam pattern. (Doc. No. 1116 at 9.) ViaSat argues further that MITRE does not disclose every element of Claim 1 because it does not disclose proximate feeder and service beams, nor does it disclose the "set of colors allocated to a service beam associated with each of the one or more service beam coverage areas not proximate to the feeder beam coverage area includes at least one same color allocated to the at least one feeder beam." (Id. at 11-12.) It argues that AMC-17's primary failing is that it does not disclose a feeder beam that shares a color with each of its associated non-proximate service beams, which Claim 1 requires. (Id. at 13.) In addition, ViaSat argues that a person of ordinary skill in the art would not have been motivated to combine the prior art references that SS/L cites. (Id. at 14-17.)

A court may overturn a jury verdict and grant motion for judgment as a matter of law if the evidence presented at trial "permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir. 2002); accord Lucent Techs., Inc. v. Gateway, Inc., 580 F.3d 1301, 1309 (Fed. Cir. 2009); see also Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1005 (9th Cir. 2004) ("judgment as a matter of law should be granted only if the verdict is 'against the great weight of the evidence, or it is quite clear that the jury has reached a seriously erroneous result.'"). In deciding a motion for judgment as a matter of law, the district court must view the evidence in the light most favorable to the non-moving party and draw all reasonable evidentiary inferences in favor of the non-moving party. Reeves, 530 U.S. at 150; Lakeside-Scott v. Multnomah Cnty., 556 F.3d 797, 802 (9th Cir. 2009).

Here, SS/L has not shown that, based on the evidence presented at trial, a jury was required to find that SS/L met its burden of proving by clear and convincing evidence that the '875 Patent is invalid as obvious. At trial, ViaSat's expert, Dr. Bartone, testified that the prior art that SS/L cites does not render the '875 Patent obvious. (Doc. No. 975 at 275-82.) Dr. Bartone testified that all of the prior art that SS/L presented was missing key concepts that were present in the '875 Patent. (Id.) Dr. Bartone also testified regarding errors in the analysis of SS/L's expert, Dr. Schindall. (Id.) The jury was entitled to credit this testimony. Accordingly, a reasonable jury could have found that SS/L did not prove by clear and convincing evidence that the '875 Patent was obvious. The Court denies SS/L's motion for judgment as a matter of law on these grounds.

In the Ninth Circuit, "a district court may not grant a new trial simply because it would have arrived at a different verdict." Wallace v. City of San Diego, 479 F.3d 616, 630 (9th Cir. 2007) (quoting Silver Sage Partners, Ltd. v. City of Desert Hot Springs, 251 F.3d 814, 818 (9th Cir. 2001)) (internal quotation marks omitted). But "the district court can grant a new trial under Rule 59 on any ground necessary to prevent a

miscarriage of justice." Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd., 742 F.3d 377, 390 (9th Cir. 2014). ViaSat presented substantial evidence at trial that the '875 Patent was not invalid as obvious. Accordingly, the Court declines to grant a new trial regarding whether the '875 Patent is invalid as obvious.

## IV. Conclusion

SS/L has not met its burden of establishing that the evidence presented at trial required the jury to find that the '827 Patent is invalid as anticipated or obvious or that the '875 Patent is invalid as obvious. See Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir. 2002). Nor does SS/L present sufficient grounds to necessitate a new trial on the invalidity of the '043 Patent. Accordingly, the Court denies SS/L's motion for judgment as a matter of law or for new trial.

**IT IS SO ORDERED.**

DATED: August 8, 2014

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT