UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASAT, INC.,<br><br>   Plaintiff,<br><br> vs.<br><br>SPACE SYSTEMS/LORAL, INC.,<br>LORAL SPACE &<br>COMMUNICATIONS INC.,<br><br>   Defendants. | CASE NO. 3:12-cv-00260-H (WVG)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW THAT THE NBN CO. 1A AND 1B SATELLITES INFRINGE CLAIM 8 OF U.S. PATENT 8,010,043**<br><br>[Doc. Nos. 963, 1063] |

On June 13, 2014, Plaintiff ViaSat, Inc. ("ViaSat") filed a motion for judgment as a matter of law regarding infringement of United States Patent No. 8,010,043 ("the '043 patent"). (Doc. No. 1063.) On July 11, 2014, Defendant Space Systems/Loral, Inc. ("SS/L") filed a response in opposition to ViaSat's motion. (Doc. No. 1096.) On July 25, 2014, ViaSat filed a reply in support of its motion. (Doc. No. 1156.) The Court held a hearing on August 7, 2014. Charles K. Verhoeven, Sean S. Pak, Adam B. Wolfson, and Michelle A. Clark appeared for ViaSat. William C. Carmody, Jacob W. Buchdahl, Joseph S. Grinstein, and Amanda K. Bonn appeared for SS/L. For the following reasons, the Court denies ViaSat's motion for judgment as a matter of law.

- 1 -

## Background

This case arises from a dispute between two companies in the satellite communications industry over contractual provisions and intellectual property. ViaSat is a corporation that develops commercial and military satellite and digital communication technologies. (Doc. No. 475 ¶¶ 9-11.) SS/L is in the business of manufacturing communications satellites and is a wholly owned subsidiary of Loral. (Doc. No. 475 ¶ 14; Doc. No. 901 at 90.) In 2006, ViaSat and SS/L began negotiating over the possibility of collaborating on a major satellite construction project ("ViaSat-1"). (Doc. No. 475 ¶ 32; Doc. No. 486 ¶ 32.) Eventually, ViaSat and SS/L entered into contractual agreements, including a contract for the construction of ViaSat-1 (the "Build Contract") and multiple nondisclosure agreements ("NDAs"). (Doc. No. 475 ¶¶ 40-51; Doc. No. 486 ¶¶ 40-51.)

Around the same time, SS/L commenced a separate satellite project with Hughes Network Systems ("Hughes") to build a satellite known as the Jupiter-1. (Doc. No. 475 ¶ 56; Doc. No. 486 ¶ 56.) In 2012, SS/L commenced a satellite project with NBN Co. (Doc. No. 475 ¶ 65.) According to ViaSat, SS/L gained access to confidential information about ViaSat's technologies over the course of the ViaSat-1 project and then used this information to build satellites for Hughes and NBN Co. (Doc. No. 475 ¶¶ 55-72.)

On February 1, 2012, ViaSat filed this lawsuit, and on November 14, 2013, it filed a fourth amended complaint. (Doc. Nos. 1, 475.) ViaSat alleged that SS/L and Loral had infringed United States Patents No. 8,107,875 ("the '875 patent"), the '043 patent, No. 8,068,827 ("the '827 patent"), and No. 7,773,942 ("the '942 Patent"). (Doc. No. 475 at 73-88, 89-104, 105-120, 121-136.) ViaSat also alleged that SS/L and Loral had breached the Build Contract and NDAs. (Id. at 137-151.) SS/L filed counterclaims alleging that ViaSat had infringed United States Patents No. 6,400,696 and No. 7,219,132. (Doc. No. 486 at 38-40, 40-41.) ViaSat later withdrew its claims based on the '942 Patent, and SS/L withdrew its counterclaims. (See Doc. No. 842 at 8-9; Doc.

No. 1014.)

The '043 Patent is entitled "Capacity Maximization for a Unicast Spot Beam Satellite System." (Doc. No. 501-2 at 6.) The '043 Patent involves the effects that interference and noise in a satellite system have on the system's data-carrying capacity. According to ViaSat, prior satellite designs sought to minimize interference in a satellite system so that the signal-to-interference ratio of the system ("C/I") would be greater than the signal-to-noise ratio ("C/N"). (Doc. No. 990 at 91-92.) According to ViaSat, the key insight of the '043 Patent was to instead allow an interference-dominated environment: that is, a satellite system in which C/I is less than C/N. (Id.) The '043 Patent discloses a method for adjusting the values of interference and noise in a system in order to maximize its data-carrying capacity, rather than attempting to limit interference. (Id. at 92-95.)

The parties tried their case to a jury beginning on March 25, 2014. (Doc. No. 901.) The jury reached a verdict on April 24, 2014. (Doc. No. 1021 at 3.) The jury determined that SS/L was liable for breach of contract and infringement of the '043, '827, and '875 patents by the Jupiter-1 and awarded ViaSat damages. (Doc. No. 1014 at 14.) The jury did not find that SS/L infringed the '043 patent with respect to the NBN Co. 1A and 1B Satellites ("the NBN Satellites"). (Id. at 3.) The jury found no liability for Loral. (Id. at 5-6, 8.)

## Legal Standards

*A. Legal Standard for Judgment as a Matter of Law*

In an action for patent infringement, the law of the regional circuit, here the Ninth Circuit, governs the standards for deciding a Rule 50 motion for judgment as a matter of law. See, e.g., Leader Techs., Inc. v. Facebook, Inc., 678 F.3d 1300, 1305 (Fed. Cir. 2012). Under Federal Rule of Civil Procedure 50, a court should render judgment as a matter of law ("JMOL") when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue . . ." Fed. R. Civ. P.

50(a)(1); see Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 149 (2000). In other words, the jury verdict should be overturned and motion for judgment as a matter of law granted if the evidence "permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir. 2002); accord Lucent Techs., Inc. v. Gateway, Inc., 580 F.3d 1301, 1309 (Fed. Cir. 2009); see also Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1005 (9th Cir. 2004) ("JMOL should be granted only if the verdict is 'against the great weight of the evidence, or it is quite clear that the jury has reached a seriously erroneous result.'"). In deciding a motion for judgment as a matter of law, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable evidentiary inferences in favor of the non-moving party. Reeves, 530 U.S. at 150; Lakeside-Scott v. Multnomah Cnty., 556 F.3d 797, 802 (9th Cir. 2009).

*B. Legal Standard for Patent Infringement*

The Federal Patent Act defines the subject matter that may be patented as "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement . . . ." 35 U.S.C. § 101. A patent is infringed if someone "without authority makes, uses, offers to sell, or sells any patented invention . . . ." 35. U.S.C. § 271.

Patent infringement is a question of fact. Move, Inc. v. Real Estate Alliance Ltd., 709 F.3d 1117, 1121 (Fed. Cir. 2013) (citing Absolute Software, Inc. v. Stealth Signal, Inc., 659 F.3d 1121, 1129–30 (Fed. Cir. 2011)). To determine whether a party has infringed a patent, the Court evaluates the meaning of the patent claims from the perspective of a person of ordinary skill in the art. Phillips v. AWH Corp., 415 F.3d 1303, 1313 (Fed. Cir. 2005). To prove infringement, the plaintiff must "establish by a preponderance of the evidence that the accused device infringes one or more claims of the patent either literally or under the doctrine of equivalents." Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc., 261 F.3d 1329, 1336 (Fed. Cir. 2001).

## Discussion

ViaSat claims that two satellites that SS/L built for NBN Co. ("the NBN Satellites") infringe Claim 8 of the '043 patent. (Doc. No. 1063 at 5.) ViaSat first argues that SS/L did not introduce sufficient evidence to rebut ViaSat's evidence that the NBN Satellites infringe the patent. (Doc. No. 1063 at 11.) ViaSat also asserts that SS/L's expert Dr. Helgert improperly provided claim construction opinions to the jury regarding Claim 7[f]. (Id. at 18.) Finally, ViaSat argues that SS/L's interpretation of Claim 8 is incorrect. (Id. at 19.)

SS/L argues that ViaSat failed to meet its burden of proving by a preponderance of the evidence that the NBN Satellites infringe the '043 patent. (Doc. No. 1096 at 9.) SS/L argues that the jury reasonably concluded that the NBN Satellites do not infringe the patent and that there was sufficient evidence for it to come to that conclusion. (Id.) SS/L further argues that the conclusion was reasonable partially because the jury was entitled to give the testimony of ViaSat's expert Sturza little weight. (Id. at 10-11.) SS/L contends that Sturza was less credible than other experts due to the various impeachments during his testimony, his clear bias toward ViaSat, and his lesser qualifications. (Id.) Finally, SS/L argues that SS/L's expert Helgert's testimony did not include improper claim construction because he was merely reciting the words of the patent. (Id. at 22.)

Under Federal Rule of Civil Procedure 50, a court should render judgment as a matter of law when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue . . . ." Fed. R. Civ. P. 50(a)(1); see Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 149 (2000). In other words, the jury verdict should be overturned and motion for judgment as a matter of law granted if the evidence "permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir. 2002); accord Lucent Techs., Inc. v. Gateway, Inc., 580 F.3d 1301, 1309 (Fed. Cir. 2009).

ViaSat alleges that SS/L produced insufficient evidence at trial to prove that the NBN Satellites did not infringe the '043 patent. But ViaSat had the burden of demonstrating infringement by a preponderance of the evidence. Advanced Cardiovascular Sys., Inc., 261 F.3d at 1336. ViaSat's expert Sturza compared the functions of the capacity tool in the '043 patent to the functions of the capacity tool in the NBN Satellites and concluded that the NBN Satellites copied six of the functions. (Doc. No. 990 at 1605-21.) This led him to conclude that the NBN Satellites copied the functionality of ViaSat's capacity tool, therefore infringing the patent. (Id. at 1621.) SS/L's expert Helgert agreed that the six functions of ViaSat's capacity tool and those of the NBN Satellites' capacity tool were similar, but found meaningful differences between the two capacity tools that led him to conclude that the NBN Satellites did not infringe the patent. (Doc. No. 931 at 2022.) Based on this conflicting expert testimony, a reasonable jury could conclude that ViaSat failed to introduce sufficient evidence to meet its burden of proof.

ViaSat also alleges that SS/L's expert Helgert provided improper claim construction to the jury. (Doc. No. 1063 at 18.) ViaSat alleges that Helgert characterized the claim language and provided opinions as to the scope of Claim 7[f]. (Id. at 19.) The Court disagrees. Helgert discussed the patent language from the prospective of one skilled in the art. In interpretation of patent language, "the focus is on the objective test of what one of ordinary skill in the art at the time of the invention would have understood the term to mean." Markman v. Westview Instruments, Inc., 52 F.3d 967, 986 (Fed. Cir. 1995). Helgert testified that the patent says that maximization must be carried out over both the beam spacing and the various colors, which are combinations of frequency and polarization. (Doc. No. 931 at 1996.) He emphasized that the patent says "and," not "or," indicating that a system must maximize over both the polarization frequency and beam spacing for it to infringe the '043 patent. (Id.) The Court correctly allowed the evidence.

ViaSat finally challenges SS/L's noninfringement argument as to Claim 8. (Doc.

No. 1063 at 19.) ViaSat argues that SS/L incorrectly stated that Claim 8 is limited to a satellite that is capable of performing modulation and coding. (Id. at 20.) ViaSat argues that the patent covers satellites that do not apply the coding, and that the patent would therefore still be infringed if the coding and modulation combinations were applied at the gateways instead of on the satellite itself. (Id.)

In support of SS/L's noninfringement argument, SS/L's expert Helgert testified that the NBN Satellites do not infringe Claim 7 because they are bent pipe satellites and therefore have no capability to do any kind of coding or modulation. (Doc. No. 931 at 2026.) ViaSat did not cross-examine Helgert on his opinions of Claims 7 or 8. (See generally id. at 2038-81.) ViaSat's expert Sturza testified that the NBN Satellites infringe both Claims 7[f] and 8. (Doc. No. 990 at 1670-71.) Sturza did not discuss bent pipe satellites. (See generally Doc. No. 990.) A court should overturn a jury verdict and grant a motion for judgment as a matter of law if the evidence "permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." Pavao, 307 F.3d at 918. Here, the conflicting expert testimony presented at trial allowed the jury to reasonably conclude that the NBN Satellites, as bent pipe satellites, do not infringe the '043 patent.

## Conclusion

ViaSat has not met its burden of establishing that the evidence presented at trial required the jury to find that the NBN Satellites infringe the '043 Patent. See Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir. 2002). Accordingly, the Court denies ViaSat's motion for judgment as a matter of law regarding infringement of the '043 patent.

**IT IS SO ORDERED.**

DATED: August 8, 2014

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT